**TAB 1**

RICHARD A. MARCUS SBN 183140
Law Offices of Richard A. Marcus
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 257-8877

Attorney for Plaintiffs Peter Letterese and Peter
Letterese & Associates, Inc.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court
MAY 1 9 2003
John A. Clarke, Executive Officer/Clerk
By _____
SUE GABB  Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PETER LETTERESE, an individual and PETER LETTERESE AND ASSOCIATES, INC., a foreign corporation. <br><br> Plaintiffs, <br><br> BRIDGE PUBLICATIONS, INC., a California Corporation and DOES 1 through 10; <br><br> Defendants. | Case No: BC295950 <br><br> VERIFIED COMPLAINT FOR INTERFERENCE WITH CONTRACTUAL RELATIONS; UNFAIR COMPETITION; INJUNCTIVE AND DECLARATORY RELIEF <br><br> Unlimited Civil Case |

COMES NOW plaintiffs, PETER LETTERESE, an individual, and PETER LETTERESE AND ASSOCIATES, INC., a foreign corporation, complaining against defendants, and each of them, as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, PETER LETTERESE, (hereafter "Letterese"), is an individual, residing within the County of Broward, State of Florida.

2. Plaintiff, PETER LETTERESE AND ASSOCIATES, INC., a foreign corporation (hereafter "PL & A Inc."), is a Florida Corporation, duly organized under the laws of the State of Florida.

3. Defendant, BRIDGE PUBLICATIONS, INC. (hereinafter "Bridge") is a California corporation, duly organized under the laws of the State of California. Bridge has its

1

PLAINTIFFS' COMPLAINT

1 principal place of business within the County of Los Angeles, State of California. Defendant
2 Bridge Publications is a publisher of, among other things, books and other materials for the
3 Church of Scientology and its affiliated organizations.

4. The true names and capacities, whether individual, corporate, associate or otherwise of defendants DOES 1 through 10, inclusive are unknown to plaintiffs, who therefore sue said defendants by such fictitious names and will seek leave of court to amend this complaint to show their true names and capacities when they have been ascertained. Plaintiffs are informed and believe and/on that basis allege that each of said DOE defendants is responsible in some manner for the events and happenings alleged in this complaint.

5. Defendants, including the fictitiously named defendants, are the agents, servants and employees of each of the other defendants, and at all times relevant were acting within the scope of said agency or employment, or with the knowledge and ratification of each of the other defendants.

**FIRST CAUSE OF ACTION BY PLAINTIFFS AGAINST ALL DEFENDANTS FOR INTERFERENCE WITH CONTRACTUAL RELATIONS**

6. On or about December 31, 1993, Plaintiff PL&A entered into a contract with Mrs. Lois B. Dane (hereinafter "Dane") as the owner of the rights, title and interest in the copyrights of certain materials, which encompass the complete body of literary and other works created by the Author Les Dane, wherein PL&A received the exclusive license to all rights of every nature during the life of the copyright and renewal copyrights. A true copy of said agreement is annexed hereto as Exhibit "A" and incorporated herein as if fully set forth below. The license also granted PL&A the right to be the exclusive world wide representative of Lois Dane and the Estate of Les Dane for all rights to the works of Les Dane owned by Dane and the Estate. See P. 8, Par. 5. of Exhibit "A".

7. In connection with the above mentioned December 31, 1993 contract, on or about February 11, 1994, Lois Dane and Plaintiff Peter Letterese executed a certain Power of Attorney which granted Plaintiff the right to exclusively manage, control and conduct all business, of whatever kind, related to or affecting Dane's copyright rights. A true copy of said agreement

will be lodged with the court in camera due to plaintiff's desire to keep this document confidential. Prior to the filing of this complaint, Plaintiff had offered to show the power of attorney to defense counsel provided defense counsel timely signed a confidentiality agreement, but defense counsel has refused to do so. Plaintiff requests a court order requiring defendants and their counsel not to disclose the POA or any of its terms to anyone as a condition to defendants being provided with a copy of the power of attorney. The power of attorney provided plaintiff with the authority to negotiate, arrange, sign, acknowledge, agree to, and physically deliver all contracts for the sale, leasing, licensing, sub-licensing or other disposition of any literary or other works owned or controlled by Dane. See page 3, par 3 of lodged document. The power of attorney further provided that Dane renounced all right for herself to perform any of the acts or exercise any of the rights described in the power of attorney. The power also provided that Dane renounced all right to unilaterally revoke the power of attorney for the duration of the December 31, 1993 agreement.

8. After execution of said agreements, Plaintiffs, in reliance on the terms of the contract and Power of Attorney, used the licenses to generate royalties which have enured to the benefit of Dane.

9. In or about November of 1995, Marilyn Pisani, an officer of defendants, contacted plaintiff regarding the rights to republish certain of the Dane literary works. By letter dated August 26, 1996, Plaintiff's former counsel, Daniel Dashman informed defendant that plaintiff "holds the exclusive power of attorney with regard to disposition of Mr. Dane's published material." A true copy of said letter is annexed hereto as Exhibit "B". The negotiations did not continue.

10. In or about June of 2000, Plaintiffs learned that in October and November of 1999, two calls had been made by representatives of the Church of Scientology to Plaintiff's former attorney, inquiring into the literary works of the Dane Estate.

11. Shortly thereafter, in or about August of 2000, Plaintiffs began negotiations with the defendant Bridge by and through Bridge's attorneys, Moxon and Kobrin, regarding an arrangement for Bridge to license the literary works of the Dane Estate. At that time, Moxon and

3
PLAINTIFFS' COMPLAINT

Kobrin were specifically notified by counsel for plaintiffs that plaintiffs were the sole and exclusive representatives of the Dane Estate regarding the literary works pursuant to a written agreement.

12. While negotiations were ongoing, in or about April of 2001, defendants' directly contacted Dane in an attempt to negotiate directly with Dane for the literary rights.

13. On or about April 12, 2001, a letter was sent by Plaintiffs' attorney, Richard A. Marcus to Helena Kobrin, Esq. of Moxon and Kobrin, informing Ms. Kobrin that Plaintiffs had learned of defendants' attempt to negotiate directly with Dane, and/or her attorney, Tracy O'Connell, Esq. regarding the literary rights. The letter to Ms. Kobrin also contained a copy of a legal notice that had appeared in the March 14, 2001 edition of USA Today which proclaimed that Plaintiffs were the sole and exclusive agents regarding the literary works. In addition, the letter expressly provided that **all communications** must be made **exclusively** with plaintiffs. A true copy of said letter with the legal notice is annexed hereto as Exhibit "C" and incorporated herein as if fully set forth below. The aforementioned communications gave the defendants specific knowledge of the contractual relationship between plaintiff's and Dane which gave plaintiff the exclusive rights set forth above.

14. On or about January 21, 2003, Plaintiff Letterese received a telephone call from Lois Dane Richter, the daughter of Dane, who indicated that she had just been approached by an individual named Tom Middleton. Dane Richter indicated Middleton came to her residence and knocked on her "office" door, unsolicited, and without any appointment. Middleton represented to Dane Richter that he was an author and was sent merely as a messenger for Bridge with instructions to deliver a contract proposal to Ms. Betty Dane via Ms. Dane Richter, which he actually delivered. A true copy of the contract which plaintiffs received from Dane Richter (who received it from Middleton) is annexed hereto as Exhibit "D" and incorporated herein as if fully set forth below. Independent investigation by plaintiffs revealed that Middleton was in fact a private investigator for the Church of Scientology and its affiliated organizations.

15. The contract delivered specifically makes reference to the express written contract between plaintiff PL&A and the Dane Estate and in fact provides for the indemnification of the

4

PLAINTIFFS' COMPLAINT

1  Dane Estate with regard to suit by PL&A against Dane as a result of execution of that proposed
2  contract.
3      16.   The proposed contract, if executed, would result in the immediate breach of the
4  contract between Plaintiff and Dane by Dane because Dane renounced her rights to sign any such
5  contract by virtue of the December 31, 1993 Contract and Power of Attorney. The specific intent
6  by defendants of having Dane execute the proposed agreement was to interfere in the business
7  relationship between Plaintiffs and Dane, induce Dane to breach her contract with plaintiffs and
8  deprive plaintiffs of their contractual rights.
9      17.   In or about January of 2003, plaintiffs and defendants executed a temporary
10 stipulation which precluded defendants from contacting Dane while the parties tried to resolve
11 the issue of the execution of a permanent stipulation.
12     18.   Since that time, the stipulation has been continued and/or renewed and is subject
13 to expire on July 22, 2003. The defendants however refuse to execute a permanent stipulation
14 and negotiations have been unsuccessful in resolving the dispute.
15     19.   As a result of the acts of defendants, the business relationship between plaintiffs
16 and the Dane Estate has become disrupted. Defendants have attempted to give Dane rights
17 which are in excess of and contradicted by the agreements between plaintiffs and Dane.
18     20.   As the proximate result of the aforementioned acts of defendants, Plaintiff
19 Letterese has suffered undue annoyance, concern, grief and worry because his contractual
20 relations with Dane have been disrupted and strained, and, unless the defendants are restrained as
21 requested herein, the relationship will be further disrupted and/or terminated as a result of the
22 actions of the defendants, who, upon information and belief, act with the specific intent of
23 destroying the existing relationship between defendants and Dane and depriving plaintiffs of
24 their contractual rights. Plaintiffs have been generating a profit from their contractual rights,
25 and their ability to do so will be diminished and/or extinguished if the defendants are successful
26 in inducing Dane to breach her contract with Plaintiffs. Plaintiffs have been further damaged by
27 having to retain counsel to act to enjoin defendants to preserve the contractual relationship
28 between plaintiffs and Dane and preclude the defendants from further inducing Dane to breach

5

PLAINTIFFS' COMPLAINT

her contract with plaintiffs. In addition, the acts of defendants have put a strain on the relations between Plaintiffs and Dane such that performance of that contract had been rendered more difficult. The parties had intended by the contract and power of attorney that Dane not be involved at all with regard to anything having to do with the literary works. By their actions, the defendants have and continue to disturb Dane after repeatedly being told not to contact Dane and to deal exclusively with plaintiffs. It is plaintiffs' contractual obligation to ensure that all dealings be conducted with Plaintiffs and not Dane, and defendants are causing plaintiffs damage by refusing to sign the permanent stipulation and requiring Plaintiffs to file suit to stop the direct contact between Defendants and Dane. Plaintiffs currently, and through the year 2015, have the exclusive right to negotiate for the rights to the literary works and by the direct and proximate result of the acts of defendants, Defendants are making the plaintiffs' ability to do so more difficult for plaintiff.

21. The acts of defendants were designed with the specific intent of breaching the contract between Plaintiffs and Dane and have placed plaintiffs and Dane into an adversarial position that did not exist, prior to and but for the defendants surreptitious contacting of Dane.

22. Unless restrained, defendants will continue to induce Dane to breach her contract with plaintiffs and continue to deteriorate the relationship that exists.

23. Plaintiffs have no adequate remedy at law.

24. The aforementioned acts of the defendants, and each of them, are willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages in an amount according to proof at trial which exceeds the jurisdiction of all courts of limited jurisdiction.

## SECOND CAUSE OF ACTION BY PLAINTIFFS AGAINST DEFENDANTS FOR UNFAIR COMPETITION

25. Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 24 as though fully set forth hereat.

26. The business practices of the defendants set forth above are an unlawful and unfair business practices which must be enjoined pursuant to Business and Professions Code §17200 et seq.

### THIRD CAUSE OF ACTION BY PLAINTIFFS AGAINST DEFENDANTS FOR INJUNCTIVE RELIEF

27. Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 26 as though fully set forth hereat.

28. The practices of the defendants as herein alleged are wrongful and unlawful and have caused plaintiffs significant injury and damage as aforesaid.

29. Unless enjoined as requested hereinafter, the Defendants practices will continue to cause plaintiffs irreparable injury, including the breach of the contractual relationship between plaintiffs and the Danes, the further deterioration of the contractual relationship between Plaintiffs and the Danes, the incurrence of additional attorneys fees, as well as unwarranted annoyance and harassment.

30. Plaintiffs seek an order enjoining the defendants as fully set forth in plaintiffs' prayer for relief and are powerless to avoid the harmful consequences that have been caused by the aforesaid actions of defendants.

31. Plaintiffs have no adequate remedy at law, and would suffer permanent and unconscionable damages by the continuance of defendants' acts unless defendants are ordered to refrain from violating plaintiffs' rights.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS FOR DECLARATORY RELIEF

32. Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 31 as though fully set forth hereat.

33. An actual, present and probable future controversy has arisen and now exists between Plaintiff and the defendants. The specific issue is that Plaintiffs contend that defendants may not contact Dane regarding the literary works and have asked defendants to sign a stipulation permanently agreeing not to contact Dane directly. Defendants contend they are

under no obligation to deal exclusively with Letterese and refuse to sign the permanent stipulation and further contend that they have at all times acted properly.

34. Plaintiffs desire a judicial determination of the parties' rights and obligations, and a declaration as to same. The declaration is necessary and appropriate at this time in order that the parties may ascertain their rights and duties.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For damages according to the proof and in the type and amount requested in each cause of action;

2. For all statutory damages as is appropriate;

3. For punitive damages according to proof;

4. For an order requiring defendants to show cause, if they have any, why they should not be enjoined as set forth below during the pendency of this action;

5. For a preliminary injunction, and a permanent injunction enjoining defendants, and each of them, and their agents, servants and employees, and all persons acting under or in concert with them from engaging in the following acts:

   a. contacting or communicating with anyone other than Peter Letterese & Peter Letterese & Associates, Inc., or a representative of their choosing regarding anything having to do with the literary works of Les Dane during the life of Plaintiffs contracts with the Danes;

6. For declaratory relief as requested herein;

7. For reasonable attorneys fees incurred herein;

8. For costs of suit incurred herein; and

9. For such other and further relief as this court deems just, proper and equitable.

REQUEST FOR JURY TRIAL

Plaintiffs hereby request a trial by jury.

Dated: May 14, 2003

LAW OFFICES OF RICHARD A. MARCUS

By: Richard A. Marcus
Attorney for Plaintiffs

8
PLAINTIFFS' COMPLAINT

## VERIFICATION

I, Peter Letterese am an individual plaintiff in this action. I am also the President of the Plaintiff Corporation. I have read the foregoing complaint and know its contents. The complaint is true of my own knowledge, except as to those matters which are therein stated upon information and belief, and, as to those matters, I believe them to be true. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct this 15th day of May, 2003 within the City of Fort Lauderdale, County of Broward, State of Florida.

PETER LETTERESE

---
9
PLAINTIFFS' COMPLAINT