**TAB 2**

GARY S. SOTER (Bar No. 67622)
**WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.**
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone: (818) 705-6800 • (323) 872-0995
Facsimile: (818) 345-0162 • (818) 996-8266

Attorneys for Defendant
BRIDGE PUBLICATIONS, INC., a California corporation

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PETER LETTERESE, an individual and PETER LETTERESE AND ASSOCIATES, INC., a foreign corporation, <br><br> Plaintiffs, <br><br> v. <br><br> BRIDGE PUBLICATIONS, INC., a California corporation and DOES 1 through 10, <br><br> Defendants. | CASE NO. BC295950 <br><br> Case Assigned to Judge <br><br> [Complaint Filed:   May 19, 2003] <br><br> **ANSWER TO COMPLAINT** <br><br> Discovery Cut-off:  None <br> Motion Cut-off:  None <br> Trial Date:  None |

BRIDGE PUBLICATIONS, INC., a California corporation, hereby answers plaintiffs' verified complaint for interference with contractual relations, unfair competition, injunctive relief and declaratory relief:

1. Responding to paragraphs 1, 2, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 17, 19, 20 and 30, defendant responds that it lacks sufficient information to either affirm or deny said allegations. Accordingly, defendant denies said allegations on information and belief.

2. Defendant admits paragraphs 3, 18, 33 and 34.

3. In response to paragraph 9, defendant denies plaintiffs' allegation that Marilyn Pisani contacted plaintiff regarding the rights to republish certain of the Dane literary works. Defendant admits that by letter dated August 26, 1996, plaintiffs' former counsel, Daniel Dashman, informed defendant that plaintiff holds the exclusive power of attorney with regard to disposition of Mr. Dane's published material and that a true copy of said letter is annexed as Exhibit "B" to the complaint. Except as expressly admitted, the allegations in paragraph 9 are denied.

4. Defendant denies paragraphs 16, 21, 22, 23, 24, 26, 28, 29 and 31 and further denies that plaintiff has been damaged in the sums alleged or at all.

## FIRST AFFIRMATIVE DEFENSE
### (Justification)

5. Defendant's conduct with respect to the Dane literary works was justified.

## SECOND AFFIRMATIVE DEFENSE
### (Fair Competition)

6. Defendant's conduct was justified by the privilege of fair competition.

## THIRD AFFIRMATIVE DEFENSE
### (Privilege to Provide Truthful Information or Honest Advice)

7. Defendant is informed and believes and thereon alleges that the complaint is barred in whole or in part because defendant was and is privileged to provide truthful information or honest advice to the Danes.

2

## FOURTH AFFIRMATIVE DEFENSE
### (Voidable Contract)

8. Defendant is informed and believes and thereon alleges that the alleged contract between plaintiff and the Danes is void or voidable because plaintiff has breached the express and implied terms of that contract. As such, defendant is informed and believes and thereon alleges that plaintiffs' contract with the Danes is not a valid and enforceable contract.

## FIFTH AFFIRMATIVE DEFENSE
### (Free Speech)

9. Defendant is informed and believes and thereon alleges that plaintiffs' complaint, and each purported cause of action stated therein, is barred in whole or in part because defendant's alleged acts, errors or omissions are protected under the First and Fourteenth Amendments of the United States Constitution and the California Constitution.

## SIXTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

10. Defendant alleges that plaintiffs' complaint is barred, in whole or in part, by plaintiffs' comparative fault.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

11. Defendant alleges that plaintiffs' complaint is barred in whole or in part by plaintiffs' failure to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

12. Defendant alleges that plaintiffs' complaint for injunctive and/or declaratory relief is barred by the Doctrine of Laches.

### NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

13. Defendant alleges that plaintiffs' complaint is barred in whole or in part because plaintiffs have unclean hands.

WHEREFORE, defendant prays for judgment as follows:

1. That plaintiffs take nothing by virtue of their complaint;
2. For costs of suit incurred;
3. For reasonable attorneys' fees incurred in the defense of this action;
4. For a declaration of rights to communicate with the Danes;
5. For such further relief which may be necessary and proper.

DATED: July 2, 2003         WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.

By: _____
GARY S. SOTER
Attorneys for Defendant
BRIDGE PUBLICATIONS, INC., a California corporation

359039.1                                           Answer to Complaint