**TAB 7**

GARY S. SOTER (Bar No. 67622)
WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone: (818) 705-6800 • (323) 872-0995
Facsimile: (818) 345-0162 • (818) 996-8266

Attorneys for Defendant
BRIDGE PUBLICATIONS, INC., A CALIFORNIA CORPORATION

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PETER LETTERESE AND ASSOCIATES, INC., a Florida Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ORGANIZATION Does 1 through 700, and Does 701-710,<br><br>Defendant.<br><br>BRIDGE PUBLICATIONS, INC., a California corporation,<br><br>Cross-Complainant,<br><br>v.<br><br>PETER LETTERESE, an individual; PETER LETTERESE AND ASSOCIATES, INC., a Foreign corporation, DOES 1 through 5, Inclusive,<br><br>Cross-Defendants. | CASE NO. PC034730<br><br>Case Assigned to Judge L. Jeffrey Wiatt<br><br>[Complaint Filed:   April 8, 2004]<br><br>**CROSS COMPLAINT OF BRIDGE PUBLICATIONS, INC. FOR:**<br><br>1.   **BREACH OF CONTRACT; AND**<br><br>2.   **FRAUD** |

BRIDGE PUBLICATIONS, INC. alleges:

---

379513.1     *Cross-Complaint of Bridge Publications, Inc. for (1) Breach of Contract and (2) Fraud*

# FIRST CAUSE OF ACTION

(For Breach of Contract Against Peter Letterese and Associates, Inc. and Does 1 through 5, Inclusive)

1. BRIDGE PUBLICATIONS, INC. (hereinafter referred to as "BRIDGE") is a California corporation authorized to conduct business in the State of California.

2. BRIDGE is informed and believes and thereon alleges that cross-defendant PETER LETTERESE is an individual residing within the County of Broward, State of Florida, and that he is an officer, director or principal of cross-defendant PETER LETTERESE AND ASSOCIATES, INC.

3. Cross-complainant is informed and believes and thereon alleges that cross-defendant PETER LETTERESE AND ASSOCIATES, INC. is a Florida corporation.

4. Cross-complainant is unaware of the true names and capacities, whether individual, corporate, associate or otherwise of defendants, DOES 1 through 5, inclusive, and each of them, and therefore sues said Doe cross-defendants by such fictitious names. Plaintiff will seek leave of court to amend this Cross-Complaint to show their true names and capacities when the same have been ascertained.

5. At all times herein mentioned, cross-defendants and DOES 1 through 5, inclusive, and each of them, were the agents, employees, joint venturers and partners of each of their co-cross-defendants. In doing the things herein described, cross-defendants, and each of them, were acting within the scope of their authority as such agent, employee, joint venturer and partner.

6. On May 19, 2003, PETER LETTERESE, an individual, and PETER

LETTERESE AND ASSOCIATES, INC., a foreign corporation, filed a verified Complaint for interference with contractual relations, unfair competition, injunctive and declaratory relief against BRIDGE PUBLICATIONS, INC. in the Los Angeles Superior Court, Case Number BC295590. This "First Action for Declaratory Relief" was assigned to the Honorable Richard C. Hubbell in Department 62 of the Los Angeles Superior Court. BRIDGE answered and filed a cross-complaint for declaratory relief.

7. On July 3, 2003, the Court ordered PETER LETTERESE AND ASSOCIATES, INC. to appear for deposition at defense counsel's office within twenty (20) days, specifically overruling plaintiff's argument that the deposition must be taken in Florida.

8. PL&A wilfully disobeyed the Court's July 3, 2003 Order. PL&A did not appear for deposition and did not produce documents which were ordered to be produced at deposition. PL&A filed and served multiple motions for reconsideration of the July 3, 2003 Order. All of those motions were denied and the Court reaffirmed its Order that PETER LETTERESE AND ASSOCIATES, INC. appear for deposition and produce documents.

9. BRIDGE filed a motion for terminating and monetary sanctions ($38,000.00 in fees and expenses) which was scheduled for hearing on March 2, 2004.

10. Cross-complainant is informed and believes and thereon alleges that it had a right to the monetary and terminating sanctions requested, that the Court would have granted the motion and that cross-defendants knew and/or reasonably believed that the Court was likely to grant the BRIDGE request for monetary and terminating sanctions.

11. From February 25, 2004 to February 27, 2004, cross-complainant and cross-defendant negotiated an agreement "to refrain from filing any litigation or other legal action against each other in any jurisdiction for a period of one year from the date of this Agreement."

379513.1    *Cross-Complaint of Bridge Publications, Inc. for (1) Breach of Contract and (2) Fraud*

(Complaint, Exhibit "B," ¶ 2)

12. In consideration of the LETTERESE Agreement to refrain from filing any litigation for a period of one year, BRIDGE agreed to dismiss its cross-complaint, without prejudice, prior to the March 2, 2004 hearing.

13. Cross-complainant complied with all of the material terms and conditions of the February 27, 2004 Agreement by dismissing its cross-complaint without prejudice, not making public comments about LETTERESE, foregoing its right to seek monetary and terminating sanctions and asking cross-defendants and their representatives several times to meet in the attempt to negotiate a good faith resolution of all disputes.

14. Cross-defendants and each of them materially breached the terms and conditions of the February 27, 2004 Agreement by filing this Complaint on April 8, 2004, by serving the Complaint against entities affiliated with cross-complainant and by failing and refusing to participate in good faith negotiations during the one year standstill.

15. As a proximate result of cross-defendant's material breaches of contract, cross-complainant has been damaged in the sum of $38,000.00 (the amount of monetary sanctions which were at issue on March 2, 2004) plus the costs, expenses and attorneys' fees which have been and will be reasonably incurred to defend this litigation between the date of service of the Summons and Complaint and February 27, 2005. The amount of those costs, expenses and attorneys' fees have not yet been ascertained.

## SECOND CAUSE OF ACTION
### (Fraud)
### (Against All Defendants)

4

379513.1      *Cross-Complaint of Bridge Publications, Inc. for (1) Breach of Contract and (2) Fraud*

16. Cross-complainant re-alleges paragraphs 1 through 15 as though fully set forth at length herein.

17. Cross-defendants promised to refrain from filing any litigation or other legal action against BRIDGE, and its affiliated entities, in any jurisdiction for a period of one year from February 27, 2004. Cross-defendants also promised to negotiate in good faith during the one year standstill period.

18. These promises were essential, material and important to cross-complainant's promise and agreement to dismiss its cross-complaint and motion for monetary and terminating sanctions before the March 2, 2004 hearing.

19. Cross-complaint is informed and believes and thereon alleges that cross-defendants did not intend to perform their promises when the promises were made. Instead, cross-defendants fraudulently induced cross-complainant to dismiss its cross-complaint and forego monetary and terminating sanctions on March 2, 2004.

20. Cross-complainant is informed and believes and thereon alleges that cross-defendants intended that cross-complainant rely on their promises.

21. Cross-complainant reasonably and justifiably relied upon the promises of cross-defendants by, inter alia, dismissing its cross-complaint and foregoing the scheduled hearing on its motion for monetary and terminating sanctions before Judge Hubbell.

22. Cross-defendants did not refrain from filing suit for one year and instead immediately after the agreement was signed and cross-complainant had dismissed its cross-complaint, discontinued good faith negotiations and began to repudiate the February 27, 2004 Agreement.

23. Cross-complainant has been harmed by foregoing monetary and terminating sanctions and incurring costs, expenses and attorneys' fees defending this litigation.

24. Cross-complainant's reliance upon cross-defendant's promises was a substantial factor in causing damage to cross-complainant.

WHEREFORE, cross-complainant prays for judgment as follows:

1. For compensatory damages according to proof;

2. For punitive damages in an amount sufficient to deter and make an example of the cross-defendants;

3. For costs of suit incurred herein; and

4. For such other and further relief as this Court deems just, proper and equitable.

DATED: May 21, 2004                    WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.

By: _____
GARY S. SOTER
Attorneys for Defendant
BRIDGE PUBLICATIONS, INC., A CALIFORNIA CORPORATION