**TAB 8**

```
 1  Kendrick L. Moxon, SBN 128240
    Helena K. Kobrin, SBN 152546
 2  MOXON & KOBRIN
    3055 Wilshire Blvd., Suite 900
 3  Los Angeles, CA 90010
    Telephone: (213) 487-4468
 4  Facsimile: (213) 487-5385

 5  Attorneys for Defendant/Cross-complainant
    Church of Scientology International
 6
 7
```

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 1 2 2004

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
     SUE GABB

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PETER LETTERESE AND ASSOCIATES, INC., a Florida Corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>ORGANIZATION Does 1 through 700, and Does 701-710,<br><br>  Defendants.<br><br>CHURCH OF SCIENTOLOGY INTERNATIONAL,<br><br>  Cross-complainant,<br><br>vs.<br><br>PETER LETTERESE AND ASSOCIATES, INC., a Florida Corporation; and PETER LETTERESE, and DOES 1-10.<br><br>  Cross-defendants. | CASE NO. PC034730<br><br>Related to Case No. BC295950 (dismissed)<br><br>**CROSS-COMPLAINT OF CHURCH OF SCIENTOLOGY INTERNATIONAL FOR BREACH OF CONTRACT; SPECIFIC PERFORMANCE** |

CHURCH OF SCIENTOLOGY INTERNATIONAL hereby alleges as a cross-complainant against PETER LETTERESE & ASSOCIATES, INC., and against PETER LETTERESE, cross-defendants, as follows:

## PARTIES

1. PETER LETTERESE & ASSOCIATES, INC., ("PLA") is, on information and belief, a Florida Corporation doing business in California as Peter Letterese & Associates, Inc.; S.A.V.E.; Survive a Violent Encounter; Galileo Training; Galileo; and other d.b.a.'s.

2. PETER LETTERESE is an individual who, on information and belief, is a Florida resident doing business in California.

3. CHURCH OF SCIENTOLOGY INTERNATIONAL ("CSI") is a not for profit religious corporation with its principle office in Los Angeles County, California.

4. CSI is unaware of the true names of and capacities of DOES 1-10, inclusive and therefore sues said DOE cross-defendants by such fictitious names. CSI will seek leave of court to amend to show their true names and capacities when ascertained.

5. At all times herein mentioned, cross-defendants and DOES and each of them, were the agents, employees, joint venturers and partners of each of the cross-defendants. In doing the things described herein, cross-defendants, and each of them, were acting within the scope of their authority as such agent, employee, joint venturer and partner.

## STATEMENT OF FACTS

6. From February 25, 2004 to February 27, 2004, CSI, Letterese and PLA, through counsel, negotiated an agreement whereby they each unambiguously agreed to "refrain from filing any litigation or other legal action against each other in any jurisdiction for a period of one year from the date of this Agreement." The parties also unambiguously agreed that "during the stand still period, the parties agree to continue to negotiate in good faith," including at least six negotiation meetings, starting within two weeks of the date of the agreement. The dispute for which negotiations were agreed to be undertaken, concerned the purchase and use of certain works of the late author, Les Dane, for which cross-defendant PLA claims an exclusive license. CSI also agreed that during the stand still period, "no representative of any Church of Scientology or any affiliated entity shall attempt to contact any member of the Dane family." The agreement was signed by authorized representatives of the parties on February 27, 2004 and delivered to each

1  other. (Ex. A, Agreement.)

2     7. The terms of the agreement were specific and enforceable.

3     8. The terms of the contract were just and reasonable, and intended by CSI to
4  result in the resolution of long-standing expensive disputes without litigation. CSI
5  provided consideration to cross-defendants at least equal to or in excess to the
6  consideration provided by cross-defendants to CSI.

7     9. CSI complied with all terms and conditions of the contract, performing as
8  required therein. Specifically, CSI filed no litigation against cross-defendants and it and
9  affiliated entities refrained from communicating with the Danes. CSI provided
10 consideration for the agreement by refraining from communicating with the Danes,
11 although such communication could resolve a long-standing and expensive dispute with
12 cross-defendants, and refraining from filing litigation respecting the rights, damages and
13 legal status of certain legal disputes. Thus, the consideration provided by CSI was
14 accepted by cross-defendants to create a bargain.

15    10. Cross-defendants and each of them materially breached the bargained-for
16 terms and conditions of the agreement by filing a complaint against CSI, and by refusing
17 to participate in good faith negotiations.

18    11. As a proximate result of cross-defendants' breaches of contract, CSI has been
19 harmed by the amount of attorney's fees and costs incurred in litigating a frivolous
20 lawsuit filed against CSI during the one-year stand still period. Such amount of damages
21 has yet to be determined, but is in excess of $25,000.

22    12. CSI has also been damaged by the refusal of cross-defendants to specifically
23 perform under the terms and conditions of the contract in a fashion which cannot be
24 sufficiently cured by monetary damages. There is accordingly no adequate remedy at law
25 in light of the continuing dispute, persistent threats by cross-defendants to bring legal
26 actions, threats by cross-defendants and their principals to bring "media" exposes of
27 alleged but non-existent harms to cross-defendants and their principals, attempted
28 extortion by cross-defendants regarding disputes which cross-defendants refuse to

1  negotiate, and lost time and energies in continued litigation and unresolved disputes.
2     13. CSI bargained for the specific performance of the acts required by cross-
3  defendants addressed in the agreement and at paragraph 6 above.
4     WHEREFORE, cross-complainant prays for judgment as follows:
5     1. For a judicial declaration that cross-defendants breached the contract;
6     2. That cross-defendants be ordered to specifically comply with the terms of the
7  contract by dismissing their Complaint against CSI and by entering into good faith
8  negotiations with CSI to resolve all pending disputes;
9     3. That cross-defendants possess no legal right to bring suit against this defendant
10 for a period of one year after it begins to comply with the terms of the contract to enter
11 into good faith negotiations, and only if it fully complies with at least six sessions of good
12 faith negotiations;
13    4. Damages in an amount to be determined at trial;
14    5. For costs incurred in this action;
15    6. For attorneys fees; and
16    7. For such other and further relief as the Court deems just, equitable and proper.
17 Dated: November 12, 2004

Respectfully submitted,

MOXON & KOBRIN

Kendrick L. Moxon
Helena K. Kobrin

Attorneys for Defendant
CHURCH OF SCIENTOLOGY
INTERNATIONAL