**TAB 9**

ORIGINAL FILED

MAY 0 9 2007

LOS ANGELES
SUPERIOR COURT

1  Kendrick L. Moxon, SBN 128240
   MOXON & KOBRIN
2  3055 Wilshire Blvd., Suite 900
   Los Angeles, CA 90010
3  Telephone: (213) 487-4468
   Facsimile: (213) 487-5385
4
   Attorneys for Cross-complainant
5
   BRIDGE PUBLICATIONS, INC. and
6  CHURCH OF SCIENTOLOGY
   INTERNATIONAL
7
   Gary S. Soter SBN 67622
8  PEARSON, SOTER, WARSHAW
    & PENNY, LLP
9  15165 Ventura Blvd., Suite 400
   Sherman Oaks, CA 91403
10 Telephone: (818) 788-8300
   Facsimile: (818) 788-8104
11
   Attorneys for Cross-complainant
12
   BRIDGE PUBLICATIONS, INC.
13
14          SUPERIOR COURT OF THE STATE OF CALIFORNIA
15             FOR THE COUNTY OF LOS ANGELES

16 PETER LETTERESE AND            )  Case No. PC034730
   ASSOCIATES, INC.,              )  (transferred to this Department)
17                                )
                  Plaintiff,      )  Related to dismissed Case No.
18                                )  BC295950
         vs.                      )
19                                )
   DOES 1 through 700,            )  [Proposed] [Revised] ORDER
20                                )  STRIKING ANSWER OF CROSS-
                  Defendants.     )  DEFENDANT PETER LETTERESE
21 _____)  & ASSOC., INC. AND FINDING
                                  )  PETER LETTERESE & ASSOC.,
22 CHURCH OF SCIENTOLOGY          )  INC IN DEFAULT
   INTERNATIONAL,                 )
23                                )
                  Cross-complainant, )
24                                )
         vs.                      )
25                                )
   PETER LETTERESE and PETER      )
26 LETTERESE & ASSOC., INC.       )
                                  )
27               Cross-defendants. )
   _____)
28

_____
                        1
                Order on Sanctions

1   In Consideration of the Renewed Motion for Sanctions for Cross-defendant's

2   Violation of Court Order, filed by Cross-complainants Church of Scientology

3   International ("CSI") and Bridge Publications, Inc., the Opposition of Peter Letterese &

4   Associates ("PLA"), related motions and memoranda contemporaneously filed by the

5   parties, the history of this litigation, the records and papers on file and the oral argument

6   held before the Court on February 13, 2006, it is hereby

7       ORDERED, that Cross-complainants' Motion is GRANTED.  The court orders the

8   Answer of PLA to the Cross-complaint stricken.

9       The deposition of PLA through a knowledgeable corporate representative was

10  noticed by CSI in September of 2004.  The subject matter of the deposition notice

11  involved critical issues of liability only known to PLA, such as PLA's subjective intent

12  regarding the subject tolling agreement and whether its attorney was authorized to sign

13  the settlement agreement on its behalf.  When PLA wilfully failed to appear without

14  substantial justification, CSI filed a Motion to Compel.  This Court heard and granted the

15  Motion on November 12, 2004, requiring that Peter Letterese personally appear for the

16  corporate person-most-knowledgeable deposition because the Court determined that he

17  was the only person qualified to testify concerning the subject matter of the deposition

18  notice.

19      Mr. Letterese and PLA filed anti-SLAPP motions as to the Cross-complaints and

20  demanded that all discovery be stayed in accordance with the SLAPP statute.  The anti-

21  SLAPP motions were denied by this Court, but were appealed, staying the deposition.  In

22  February 2006, the Court of Appeals upheld this Court's Orders denying the anti-SLAPP

23  Motions.  PLA and Mr. Letterese filed a petition for rehearing, which was denied, and

24  then a petition for review by the Supreme Court, which was also denied.

25      CSI served a further notice of deposition setting the deposition for July 19, 2006.

26  Mr. Letterese, however, refused to appear.  A further motion to compel the deposition

27  was filed by Cross-complainants, which was heard by this Court on August 23, 2006.

28

1  PLA opposed the motion without substantial justification. The Court granted the motion,

2  requiring Letterese to appear in person on behalf of PLA, in Los Angeles County. At that

3  hearing, in light of the history of PLA's failure to appear, Cross-complainants requested

4  that a date certain be set for the deposition. The Court declined that request, but ordered

5  that Mr. Letterese appear for deposition no later than September 18, 2006. The Court

6  admonished PLA's counsel that severe sanctions, including issue sanctions, may be

7  ordered in the event of failure to comply with the ruling.

8       Mr. Letterese and PLA  refused declined to agree to a mutually acceptable date for

9  the deposition, thus counsel for Cross-complainants served a notice for PLA's deposition

10  to be held on September 11th.  Mr. Letterese again refused to appear.  Mr. Letterese and

11  PLA also filed a petition for writ of mandate to overturn the August 23rd Order, which

12  was denied on September 13, 2006.

13       On September 14, 2006, PLA counsel appeared ex parte, urging that the discovery

14  Order be vacated, that the case be stayed and abated, and asserted for the first time that

15  Mr. Letterese was financially unable to afford to fly to Los Angeles for the deposition.

16  Mr. Letterese did not provide the court with competent evidence of his inability to afford

17  the cost of the flight and did not explain to the court why the financial condition was not

18  earlier disclosed.  The Court denied the application, because, inter alia, the court found by

19  a preponderance of the evidence that PLA's evidence of financial inability to attend the

20  deposition not credible.  Following the oral rulings on September 14, 2006, this Court

21  issued a written ruling dated October 3, 2006, again ordering Mr. Letterese to appear for

22  deposition, stating in part:

23            It is the Court's determination that [Cross defendants'

24            motions to stay and abate and for a protective order regarding

25            PLA's deposition] were filed without any proper purpose.

26            Indeed, it appears to the Court that the purpose of the motions

27            was to avoid the discovery orders previously imposed in this

28            case.

1

2      ***

3      The Court now orders the parties to cooperate in setting the

4      deposition and by October 15th are to agree on a date and

5      location for the deposition.  The deposition is to take place in

6      Los Angeles by November 15, 2006.

7

8      ***

9      At this time the Court is reserving the issue of sanctions on

10     the Defendants' Motion and on any request for sanctions

11     regarding the fact that the deposition has not taken place.  If

12     the deposition does not take place as ordered, the Court will

13     grant sanctions against which ever party it determines is

       responsible for non-compliance with this Order.

14         Mr. Letterese declined to set a firm date for the deposition in compliance with the

15     Court's Order, thus a new motion for sanctions was filed by Cross-complainants and set

16     for hearing on October 26, 2006.  PLA's counsel, David Hoffman, however, asserted that

17     his physical condition prevented him from responding to the motion, and the Court

18     accepted Mr. Hoffman's representations and stayed proceedings until January 24, 2007.

19     Thereafter, Mr. Letterese continued to refuse to appear for deposition in this County on

20     behalf of PLA, and a renewed motion for sanctions was accordingly filed by Cross-

21     defendants and set for hearing on February 13, 2006.  In PLA's opposition to the

22     Renewed motion for sanctions and at oral argument, counsel for PLA declined to indicate

23     that his client would appear for deposition and suggested that an order of default was one

24     solution to the problem.

25         PLA's principal, Mr. Letterese was intimately involved in the events at issue in

26     this case and his testimony is necessary to illuminate the facts and circumstances thereof.

27     Only Mr. Letterese can state with certainty whether PLA had an intent to comply with the

28     express provisions of the tolling agreement when that agreement was signed by his

---

4
Order on Sanctions

1    counsel.  Only Mr. Letterese has knowledge as to whether PLA intended to deceive the
2    Cross-complainants when the agreement was signed.  Mr. Letterese is also the person
3    most knowledgeable at PLA regarding whether or not PLA has any justification or excuse
4    for its failure to adhere to the express promise not to initiate litigation during the one year
5    standstill agreement which is the basis of the Cross-complaint.  The Court finds that his
6    and PLA's refusal to obey the Court's discovery orders has prevented Cross-complainants
7    from acquiring discovery necessary to establish essential elements for the breach of
8    contract and fraud claims which they have alleged.  The Court finds that PLA, through its
9    principal, Peter Letterese, has wilfully disobeyed the Court's discovery Orders of
10   November 12, 2004, August 23, 2006, and October 3, 2006 and that PLA has shown that
11   it will probably not comply with an additional order to the same effect.

12          The Court has considered the possibility of imposing lesser issue, evidence and/or
13   monetary sanctions but the Court concludes that anything less than terminating sanctions
14   would be inadequate and not in the interests of justice.  The terminating sanction imposed
15   here will place the Cross-complainants in the position that they would have been in if
16   PLA had complied with this court's discovery orders and the testimony had been
17   favorable to Cross-complainants.  The court infers that PLA's continuing willful refusal
18   to comply with this court's several orders to appear for deposition is because answers to
19   the deposition questions would prove all of the elements of Cross-complainants' breach
20   of contract and fraud causes of action.

21          Courts are empowered to enforce their discovery orders, including terminating
22   sanctions. C.C.P. § 2025.450(d) provides:

23                  If [the] party or party-affiliated deponent ... fails to obey an
24                  order compelling attendance, testimony, and production, the
25                  court may make those orders that are just, including the
26                  imposition of an issue sanction, an evidence sanction, or a
27                  terminating sanction under Chapter 7 (commencing with
28

1            Section 2023.010) against that party deponent or against the

2            party with whom the deponent is affiliated.

3

4        C.C.P. § 2023.010(g) provides for sanctions for "[d]isobeying a court order to

5  provide discovery."

6        C.C.P. § 2023.030 likewise states:

7            . . . (b) The court may impose an issue sanction ordering that

8            designated facts shall be taken as established in the action in

9            accordance with the claim of the party adversely affected by

10           the misuse of the discovery process.  The court may also

11           impose an issue sanction by an order prohibiting any party

12           engaging in the misuse of the discovery process from

13           supporting or opposing designated claims or defenses.

14       Numerous authorities recognize and encourage the imposition of these sanctions.

15 See, e.g., *Laguna Auto Body v. Farmers Ins. Exchange* (1991) 231 Cal.App.3d 481,

16 *overruled on other grounds*; *Collisson & Kaplan v. Hartunian* (1994) 21 Cal.App.4th

17 1611; and *Do It Urself Moving & Storage, Inc. v. Brown, Leifer, Slatkin & Berns* (1992) 7

18 Cal.App.4th 27.

19       The Court further finds that monetary sanctions and even issue sanctions would be

20 inadequate under the circumstances of this case.  PLA has filed numerous, repetitive and

21 frivolous motions to reconsider the Court's discovery rulings, and it has refused to

22 comply with the deposition orders, even though its counsel was warned several times that

23 serious sanctions would result from such failure.  Counsel for PLA has also suggested

24 that default would be an appropriate resolution of the discovery orders, given that Mr.

25 Letterese will not appear for deposition in compliance with the Court's Orders.

26       The Court has considered the full range of potential sanctions.  Given the repeated

27 and intentional violations of the Court's unambiguous discovery rulings and the resulting

28 substantial prejudice to the Cross-complainants, a terminating sanction is warranted.  The

1  Court finds that no lesser sanction than striking Cross-defendant's Answer would be
2  either effective or appropriate.
3       It is accordingly ORDERED, that the Answer of Cross-defendant Peter Letterese
4  & Associates is stricken, and that Cross-defendant shall stand in default.
5  Dated: February  9, 2007
6
7                              Judith C. Chirlin
8                              Superior Court Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7
Order on Sanctions