# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

## CASE NO. 08-CV-61109-ZLOCH/SNOW

PETER LETTERESE, Individually and
CREATIVE DESPERATION, INC.  (CDI)
a Florida Corporation f/k/a                                      :
PETER LETTERESE & ASSOCIATES, INC. (PL&A),                       :
                                                                 :
          Plaintiffs,                                            :
                                                                 :
v.                                                               :
                                                                 :
THE CHURCH OF SCIENTOLOGY INTERNATIONAL,:
INC. (CSI); SCIENTOLOGY OFFICE OF SPECIAL                        :
AFFAIRS INTERNATIONAL; 3200 DOE                                  :
SCIENTOLOGY COPYRIGHT CASE DEFENDANTS;                           :
TOM CRUISE; SIMEON DANIEL BRIER; ROBERT                          :
BRUCE AMIDON; JOHN ARRASTIA; EDWARDS,                            :
ANGELL PALMER & DODGE, LLP; SCOTT BRODY;                         :
DAVID CORNELL; DANIEL D. DASHMAN; LISA                           :
DASHMAN; WILLIAM HART; MIKE ELLIS;                               :
HOWARD FARRAN, ANNE MARIEGRIFFIN; STEVEN :
SAMILOW; WILLIAM RICHARD HOWARD;                                 :
EUGENE M. INGRAM; SCOTT INKS; HELENA                             :
KEMPNER KOBRIN; MOXON & KOBRIN; DAVID                            :
LUBOW a/k/a DAVID LEBEAU; EUGENE INGRAM;                         :
MICHAEL MAROON; IAN MCSHANE; THOMAS                              :
MEEKS; DAVID MISCAVAGE; MICHAEL                                  :
NACHWALTER; MICHAEL MIDDLETON;                                   :
KENDRICK LICHTY MOXON; AVA PAQUETTE;                             :
DOUGLAS NESS; FLORA NESS; CRAIG J. RYAN;                         :
MARC SCHWARTZ; NORMAN F. TAYLOR;                                 :
ANTOINETTE THEODOSSAKOS; GARY                                    :
WOODFIELD; BRIDGE PUBLICATIONS; MARILYN                          :
PISANI; CHURCH OF SCIENTOLOGY FLAG                               :
SERVICE ORGANIZATION, INC.; CHURCH OF                            :
SCIENTOLOGY INTERNATIONAL, INC.; CHURCH                          :
OF SCIENTOLOGY, MISSION OF FT. LAUDERDALE, :
INC.; CHURCH OF SCIENTOLOGY OF FLORIDA,                          :
INC.; CHURCH OF SPIRITUAL TECHNOLOGY, INC.;:
DENTALTOWN.COM LLC; ECONOMIC RESEARCH                            :
GROUP FLORIDA; ECONOMIC RESEARCH GROUP                           :
INC. NY; STEVEN SAMILOW; DAVID SCHINDLER;                        :
JIM SCHULTZ; GARY SOTER; AMERICAN                                :
ARBITRATION ASSOCIATION; INSTANT DATA                            :
RESEARCH, INC.; SCIENTOLOGY MISSIONS                             :
INTERNATIONAL, INC.; WORLD INSTITUTE OF                          :
SCIENTOLOGY ENTERPRISES, INC.; GOOGLE;                           :
PROSKAUER ROSE; YAHOO; ZUCKERMAN                                 :
SPAEDER, LATHAM & WATKINS, LLP                                   :
                                                                 :
          Defendants.                                            :

**DEFENDANTS' MOTION TO DISMISS**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendants, Simeon Daniel Brier ("Brier") and Edwards Angell Palmer & Dodge LLP ("EAPD") (collectively, "Defendants"), by and through their undersigned counsel, move this Court, pursuant to Federal Rules of Civil Procedure 12(b) to dismiss with prejudice the Complaint of Plaintiff, Peter Letterese, individually ("Letterese"), Plaintiff, Creative Desperation, Inc. f/k/a Peter Letterese & Associates, Inc. ("CDI"), a/k/a Impeccable Strategies, Inc. (collectively, "Plaintiffs"), and in support thereof states:

**Motion to Dismiss**

According to Plaintiffs, this action seeking $250 million in damages, stems from a purported "International Scientology Crime Syndicate" and its alleged co-conspirators. Plaintiffs' 81-page Complaint is replete with wild allegations regarding the "mobbing" activities of the "RICO Alpha, Beta, Gamma & Delta Enterprises," which are comprised of parties including The Church of Scientology International, Tom Cruise, and Defendants, among many others.  Although it is difficult to sort through Plaintiffs' ramblings, the heart of Plaintiffs' "10 phase" conspiracy theory appears to be that the "International Scientology Crime Syndicate" developed an elaborate "plot" to obtain the intellectual property rights to a book regarding sales techniques written in 1971 by Leslie Achilles Dane, owned by Plaintiffs.  When Plaintiffs, who allegedly represent the Dane Estate, refused to give up the rights to the book, Plaintiffs allege that the "International Scientology Crime Syndicate" embarked upon a multi-million dollar campaign to destroy Plaintiffs' economic viability and reputation.

It is unclear how the instant defendants, EAPD and Brier, fit into the conspiracy. Plaintiffs allege that Defendants are part of the "Delta Enterprise" which consists of attorneys and/or law firms who defamed and/or prosecuted meritless claims against Plaintiffs.  EAPD,

through its attorney Brier, brought litigation against Plaintiffs stemming from Plaintiffs' contracts with co-defendants and clients of EAPD, Drs. Brody, Schwartz, and Ness. Defendants merely acted as counsel and/or law firm for their clients, seeking to recover damages against Plaintiffs for alleged breach of contract and related claims. Obviously, there were no ulterior or hidden motives to filing the lawsuits. In paragraph 135 of the Complaint, Plaintiffs **admit** that the lawsuits filed by Defendants on behalf of Plaintiffs' former clients, Drs. Brody, Schwartz, and Ness, were **"not related to THE BOOK or to the operations of Scientology. . ."**, which form the gravamen of Plaintiffs' claims against the Church of Scientology and related Defendants. Nonetheless, and in spite of this telling acknowledgment, Plaintiffs rely on a "Forensic Probability Analysis" which, according to Plaintiffs, suggest that the *probability* that Defendants' actions were independent from the overall conspiracy was "less than one in one trillion!" Complaint, ¶¶ 11-14. However, Plaintiffs provide no logical basis for this contention.

On September 1, 2008, Plaintiffs filed their Civil RICO Statement. On September 10, 2008, Defendants filed a separate Motion to Strike and/or Motion to Dismiss Plaintiffs' Civil RICO Statement as failing to comply with Local Rule 12.1 of the Southern District Court of Florida.[1] Likewise, Defendants now seek an order from this Court dismissing Plaintiffs' Compliant for the following reasons.

## Memorandum of Law

### A.     Plaintiff's Complaint constitutes an impermissible shotgun pleading.

Based on the foregoing, Plaintiffs' 81-page Complaint constitutes an impermissible "shotgun" pleading that must be dismissed with prejudice. Such pleadings violate both the letter and the spirit of the Federal Rules of Civil Procedure, meant to provide the parties and the courts with clear notice of the contested issues to be litigated. Failure to adhere to the Rules causes

---

[1] *See* [D.E. 21]

unnecessary burden and expense to both the courts and the parties involved.  *Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 974, 979 (11th Cir. 2008); *Byrne v. Nezhat,* 261 F.3d 1075, 1130 (11th Cir. 2001).  Further, Plaintiffs can do nothing to amend their purported Complaint to comply with the Rules, as their apparent primary purpose is to harass and annoy the Defendants. *See Davis v. Kvalheim*, 261 Fed. Appx. 231, 234-35 (11th Cir. 2008) (approving district court's *sua sponte* dismissal of a 140-page "complaint against the world" as frivolous because the district court determined the "allegations were clearly baseless and without arguable merit in fact, and [plaintiff] is simply employing 'the legal system as a tool to intimidate and heckle those he imagines have done him wrong'").  Accordingly, this Court should dismiss the Complaint with prejudice solely based on Plaintiffs' impermissible shotgun pleading.

**B.      Plaintiff has failed to state a claim for relief under the Racketeer Influenced and Corrupt Organizations Act ("RICO").**

Plaintiff has failed to state a claim under RICO for the following reasons:

> 1.      The statute of limitations has run;
>
> 2.      Plaintiffs lack standing to assert their RICO claim;
>
> 3.      Plaintiffs fail to state a claim under §1962(c) of RICO; and
>
> 4.      Plaintiffs fail to state a claim under §1962(a), (b), or (d) of RICO.

Each of the foregoing reasons, taken by itself, constitutes sufficient grounds to dismiss Plaintiffs' Complaint.

1.      <u>The statute of limitations has run.</u>

Civil RICO claims must be filed within the Act's four-year statute of limitations.  *See Ageloff v. Kiley*, 318 F. Supp. 2d 1157, 1158-59 (S.D. Fla. 2004); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1380 (11th Cir. 1997); *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987) (determining that a four year statute of limitations

applies to civil RICO claims).  Courts have explained that a civil RICO claim accures when the plaintiff discovers or should have discovered the existence and source of the injury alleged.  *See, e.g.*, *Ageloff*, 318 F. Supp.2d at 1159; *Brooks.*, 116 F.3d at 1380.

Plaintiffs Complaint clearly asserts that the alleged conspiracy came into being well **before** July of 2004, four years before Plaintiffs filed their Complaint.  Compl., ¶¶ 15, 41, 51, 120-143 (alleging that the conspiracy began in 1994 and continued in force through 2003).  Since Plaintiffs fail to allege any act sufficient to sustain a civil RICO claim after July 2004, the Complaint should be dismissed as barred by the applicable statute of limitations.  Such a fatal flaw on the face of the Complaint is sufficient, by itself, to require dismissal.  When on the face of the Complaint it appears evident that the statute of limitations has run on a claim, the Court may dismiss same as there are no factual determinations to be made.  *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).  Such is the case here.  Plaintiffs' Complaint admits that this alleged conspiracy was created more than four years prior to the Complaint's filing, and is thus barred by the applicable statute of limitations.

  2.   <u>Plaintiffs lack standing to assert their RICO claim.</u>

According to 18 U.S.C. §1964, a plaintiff must establish the following to assert sufficient standing under RICO:  (1) a person, (2) who has sustained an injury, (3) to his business or property, (4) by reason of a violation of §1962.  *Ward v. Nierlich*, 2008 WL 852789 *6 (S.D. Fla. 2008).  The final element requires the plaintiff to establish a direct causal relationship between the alleged RICO violation and the alleged injury.  *Id.*; *see also Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 460 (1991) ("[w]hen a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's

injuries."); *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985) (explaining that "the compensable injury necessarily is the harm caused by predicate acts").

Here, Plaintiffs' Complaint fails to allege with sufficient particularity any act(s) that satisfy the above standing requirements, specifically the causal link between the alleged RICO violation and alleged injury(ies) sustained.  Instead, Plaintiffs simply state in a perfunctory manner that "as a proximate result of the Defendants' unlawful pattern of illegal conduct as described above, Plaintiffs have been injured in their business or property as described above." Compl. ¶ 211-212; *cf. id.*, ¶ 192.  Plaintiffs' failure to plead their allegations with sufficient particularity evinces their lack of standing to assert their RICO claims.  Accordingly, Plaintiffs' lack of standing is sufficient, by itself, to require dismissal.

3.    <u>Plaintiffs fail to state a claim under §1962(c) of RICO.</u>

To bring a civil RICO claim, Plaintiffs must show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity that (5) results in an injury to business or property, and (6) that such injury occurred "by reason of" the substantive RICO violation.  *See* 18 U.S.C. §1962(c); *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282-83 (11th Cir. 2006) (internal citations omitted).

(a)  <u>Plaintiffs failed to adequately allege "Conduct of an Enterprise" in their Complaint.</u>

Under the first two elements outlined above, Plaintiffs must establish "conduct of an enterprise" and that the enterprise had a common goal.  *Williams*, 465 F.3d at 1283; *see also United States v. Turkette*, 452 U.S. 576, 583 (1981) (explaining that an "enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct."); *Ageloff v. Kiley*, 318 F. Supp. 2d 1157, 1159 (S.D. Fla. 2004) (explaining that the enterprise "must have a structure and goals separate from the predicate acts alleged.").

Plaintiffs must also show evidence of "an ongoing organization, formal or informal," and that "the various associates function as a continuing unit." *Turkette*, 452 U.S. at 583.  Additionally, Plaintiffs' must allege that the instant Defendants "participate[d] in the operation or management of the enterprise itself." *Williams*, 465 F.3d at 1283 (quoting *Reves v. Ernst & Young,* 507 U.S. 170, 185, (1993)).

Plaintiffs' Complaint arbitrarily places a myriad of defendants into separate groups, including the "Alpha, Beta, Gamma or Delta Enterprises," for which the instant Defendants are allegedly part of the "Delta Enterprise."  Despite creating these groupings, Plaintiffs fail to explain how and why they have determined which defendants go where or allege what Defendants specifically did to participate in the operation or management of the enterprise.  Such a failure evinces that Plaintiffs cannot state a claim for which relief may be granted.  The Complaint fails to establish an "enterprise"—"an ongoing organization, formal or informal," where "the various associates function as a continuing unit" with a "structure and goals separate from the predicate acts alleged."  Further, Plaintiffs fail to describe how the instant Defendants "participate[d] in the operation or management of the enterprise itself" except to simply assert the conclusory allegations in the Complaint—that the instant Defendants are part of the "Delta Enterprise."

Instead, Plaintiffs claim that their "Forensic Probability Analysis," attached to the Complaint as Exhibit A, establishes the relationship among the thousands of Defendants.  Although Plaintiffs failed to provide any name, letterhead, or other proof of authorship, they assert that the "Forensic Probability Analysis" was conducted by "a professional Forensic Statistician" [*sic*].  Compl., ¶¶ 12-14.  Such an absurd "analysis" is simply the product of

conjecture, speculation, imagination, and assumptions used to make conclusory allegations to satisfy the Plaintiffs' underlying goal—to harass and annoy the named Defendants.

Plaintiffs have failed to establish an "enterprise"—"an ongoing organization, formal or informal," where "the various associates function as a continuing unit" with a "structure and goals separate from the predicate acts alleged."  As such, the Complaint should be dismissed for failure to state a claim for which relief may be granted.

    (b) <u>Plaintiffs failed to comply with Federal Rule of Civil Procedure 9(b) by failing to plead with sufficient particularity "a pattern of racketeering activity".</u>

When bringing a civil RICO claim, a plaintiff must comply with Federal Rule of Civil Procedure 9(b) and plead its allegations with sufficient particularity.  *Brooks*, 116 F.3d at 1380. According to Rule 9(b), "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  FED.R.CIV.P. 9(b).  Moreover, Plaintiffs must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud. *Brooks*, 116 F.3d at 1380-81; *see also Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (holding that a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise the right to relief ***above the speculative level***, on the assumption that all the allegations in the complaint are true") (emphasis added).  Simply "lumping together" multiple defendants into general allegations falls short of Rule 9(b)'s pleading requirements.  *Brooks*, 116 F.3d at 1381.

In their conclusory Complaint, Plaintiffs have utterly failed to comply with Rule 9(b) as Plaintiffs' allegations lack sufficient particularity.  *See, e.g.*, Compl., ¶ 193 ("pleading" a string

citation of 18 U.S.C. § 201, § 659, § 1344, § 1503, § 1513, § 1951, § 1952, and § 1957 in a single sentence); ¶ 194 (alleging use of mail to send "contracts, instructions, correspondence and others" [*sic*] as predicate act violating 18 U.S.C. § 1341); ¶ 195 (alleging transmission of same by wire as predicate act violating 18 U.S.C. § 1343).  Instead of particularity, Plaintiffs simply "lump together" literally thousands of defendants without providing any connection to one another beyond Plaintiffs' alleged vague RICO claim.

Furthermore, since Plaintiffs allege mail or wire fraud, they must prove that ***they*** were the target of the Defendants' "scheme to defraud" and that ***they relied*** to their detriment on the misrepresentations made in furtherance of that "scheme."  *See Nicor Intern Corp. v. El Paso Corp.*, 318 F. Supp. 2d 1160, 1171 (S.D. Fla. 2004); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1110 (11th Cir. 2001) (holding that a plaintiff lacks standing to assert a mail or wire fraud claim based on misrepresentations directed toward another person or entity).

Obviously, Plaintiffs' allegations of mail and wire fraud fail because Plaintiffs do not allege that ***they themselves*** relied on any alleged misrepresentations connected to a mailed or wired communication.  Although Plaintiffs assert that a letter sent by defendant, Norman Taylor, to the California Attorney General constituted "mail fraud," such is clearly not the case or in any way related to the instant Defendants.  Compl. ¶ 196.  Such a letter clearly fell within the California litigation privilege.  *See Passman v. Torkan*, 40 Cal. Rptr. 2d 291 (1995) (letter to district attorney accusing person of crimes absolutely privileged under Cal. Civil Code § 47(b)(3) as a publication in an official proceeding authorized by law).  Nor is such an allegation even alleged to be completed by the Defendants.  Plaintiffs fail to make any allegations that these Defendants were involved in such conduct.

Moreover, Plaintiffs improperly assert their self-styled "defamation" claims as constituting mail or wire fraud and/or as sufficient predicate acts for their civil RICO claims. Compl., ¶¶ 10, 31, 48, 54, 55, 56, 57, 59, 137, 139, 142, 145, 155, 157, 158, 159, 163, 172.  But, again, such is clearly not the case.  Courts have consistently held that "defamation" is not mail or wire fraud, nor is it any other predicate act for civil claims under 18 U.S.C. §1961 *et seq.  See In re Am. Express Co. Shareholder Litig.*, 39 F.3d 395, 399 n.2 (2d Cir. 1994); *Lathrop v. Juneau & Assocs., Inc.*, 2005 WL 3797706, *7 (S.D. Ill. April 25, 2005); *DIRECTV, Inc. v. Cavanaugh*, 321 F.Supp. 2d 825, 839 (E.D. Mich. 2003); *Chovanes v. Thoroughbred Racing Ass'n*, 2001 WL 43780, *9 (E.D. Pa. Jan. 18, 2001) (pointing out that defamation is not fraud); *Contes v. City of New York*, 1999 WL 500140, *8 (S.D.N.Y July 14, 1999).  The statutory list of offenses that may serve as predicate acts for civil RICO claims is *exclusive*, and Plaintiffs may not save their claims by alleging offenses outside of the RICO statute.  *See Harvey v. Harvey*, 931 F. Supp. 127, 130 (D. Conn. 1996).

The Complaint is devoid of any facts to support Plaintiffs' allegation that the instant Defendants are liable under the RICO statute.  Again, clearly Plaintiffs sought to primarily harass and annoy Defendants when they filed their Compliant.  Because Plaintiffs have failed to state a cause of action for which relief may be granted, this Court should dismiss Plaintiffs' Complaint.

(c) Plaintiffs failed to comply with Federal Rule of Civil Procedure 9(b) by failing to plead with sufficient particularity other alleged violations of the various statutes cited in the Complaint.

In addition to their RICO claims, Plaintiffs make similarly unsupported claims that also fail to comply with Rule 9(b).  For example, Plaintiffs fail to allege any facts to support Bribery of Public Officials and Witnesses under 18 U.S.C. §201 (under this statute, bribery can only be committed by corruptly giving, offering or promising anything of value to influence *official*

action); theft from interstate shipment under 18 U.S.C. §659 (relating to unlawfully obtaining items from common carriers or from places of interstate shipment, such as from "any pipeline system, railroad car, wagon, motortruck, or other vehicle, or from any tank or storage facility, station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility"); or financial institution fraud under 18 U.S.C. §1344; any crime under 18 U.S.C. §1503 (improperly influencing or injuring an officer of the court or juror); or retaliating against a witness under 18 U.S.C. §1513 (killing or causing bodily injury or property damage to a witness with retaliatory intent); or interference with commerce by threat or violence under 18 U.S.C. §1951; racketeering under 18 U.S.C. §1952 (traveling or using the mails with the intent to distribute the proceeds of or promote in some other way gambling, narcotics or prostitution, extortion, bribery or arson or with the intent to commit a crime of violence); or engaging in a monetary transaction derived from specified unlawful activity under 18 U.S.C. §1957 (forbidding monetary transactions using proceeds derived from serious crimes such as drug trafficking, murder, kidnapping, robbery, extortion, arson, fraud against a foreign bank, bribery, stealing public funds, trafficking in persons, trafficking in munitions, etc.).

The Complaint is devoid of any facts to support Plaintiffs' allegation that the instant Defendants violated any of the above statutes. Again, clearly Plaintiffs sought to primarily harass and annoy Defendants when they filed their Compliant. Because Plaintiffs have failed to state a cause of action under §1962(c) of the RICO statute, this Court should dismiss those portions of Plaintiffs' Complaint.

4.      Plaintiffs fail to state a claim under §1962(a), (b), or (d) of RICO.

Plaintiffs' claim under 18 U.S.C. §1962(a) should be dismissed because the Complaint fails to allege or establish that the instant Defendants have derived income from any alleged racketeering activity or any allegation of injury to Plaintiffs by reason of the instant Defendants' alleged investing of income or proceeds derived from any alleged racketeering activity. *See Smart Science Labs., Inc. v. Promotional Mktg.*, 2008 WL 2790219 *6 (M.D. Fla. 2008). Furthermore, Plaintiffs' claim under 18 U.S.C. §1962(b) should be dismissed because they fail to establish injury by reason of the instant Defendants' acquisition or control of an "enterprise" through a "pattern of racketeering activity." *Id.*  Plaintiffs fail to provide any factual support for their allegations under 18 U.S.C. §1962(a), (b).  *See* Compl., ¶ 203, 205 (alleging that each defendant has violated this subsection by "attempt[ing] collection based upon fraudulent representations and a fraudulently obtained Judgments [*sic*] in the State of California and Florida" [*sic*]).

Furthermore, since Plaintiffs have failed to allege that the instant Defendants have committed any wrongful and/or unlawful predicate act based on the foregoing analysis, Plaintiffs have also failed to establish a claim under 18 U.S.C. §1962(d).  *See Nicor Intern. Corp. v. El Paso Corp.*, 318 F.Supp.2d 1160, 1173 (S.D. Fla. 2004) (citing *Beck v. Prupis,* 529 U.S. 494 (2000)).  As stated above, the instant Defendants merely acted as counsel and/or law firm for their clients, seeking to recover damages against Plaintiffs and subject to the determination of the state courts.  Obviously, there were no ulterior or hidden motives to filing the lawsuits, let alone a sufficient wrongful and/or unlawful predicate act required under 18 U.S.C. §1962(d).

Additionally, Plaintiffs' claim that Brier should be liable for conspiracy to violate the RICO statute under 18 U.S.C. §1962(d) is insufficient because Plaintiffs do not allege that Brier

was acting in any capacity other than as an attorney for EAPD.  *See Smart Science*, 2008 WL 2790219 at *6 ("While conducting company business, an [employee] . . . cannot conspire with the corporation of which he forms an indispensable part.") (quoting *Colonial Penn Ins. Co. v. Value Rent-A-Car Inc.,* 814 F.Supp. 1084, 1097 (S.D.Fla.1992))  Therefore, because Plaintiffs have failed to state a cause of action under subsections (a), (b), or (d) of §1962 of the RICO statute, this Court should dismiss those portions of Plaintiffs' Complaint.

**C.    This Court Should Retain Jurisdiction and Dismiss Plaintiffs other State Law Claims.**

Since Plaintiffs' RICO claims fail, this Court should exercise its supplemental jurisdiction under 28 U.S.C. § 1367 and dismiss the Plaintiffs' remaining state law claims with prejudice as none provide Plaintiffs with a valid claim for relief under Florida law.

1.    Defamation and Conspiracy to Defame.

Plaintiffs' claims of defamation and conspiracy to defame in the the Complaint are barred by the applicable two-year statute of limitations.  FLA. STAT. §95.11(4)(g).  In their Complaint, Plaintiffs fail to allege any defamatory acts within the preceding two years, thus barring their claims under the applicable two-year statute of limitations.   Also, such claims lack any specificity required by a defamation claim, i.e., identity of the speaker, content of statement, and time when the statement was made.  Further, where any specificity is given, Plaintiffs allege that Peter Letterese was described as a "scumbag" in a posting on the internet.  Such a statement fails as a matter of law to constitute a defamatory statement. *See DeMoya v. Walsh*, 441 So. 2d 1120 (3d DCA 1983) (calling co-worker "raving maniac" and "raving idiot" in front of others was personally insulting, but was "pure opinion" and not defamation).  Moreover, Plaintiffs fail to allege any facts which in any way link Defendants to said posting.  Plaintiffs' Complaint is void

of any such allegations.  As Plaintiffs' claim for defamation clearly fails, so too does their claim of conspiracy to defame fail.  Therefore, this Court should dismiss these claims with prejudice.

2.     <u>Independent Tort of Conspiracy.</u>

Since the Complaint fails to plead any "peculiar power" that would allow the Plaintiffs to bring a claim for conspiracy without an underlying crime, this Court should dismiss such claims with prejudice.  *See Liappas v. Augoustis*, 47 So. 2d 582, 583 (Fla. 1950).   The only circumstances where Florida courts have permitted such claims are where a group of employers allegedly denied jobs to employees with specialized, relatively non-portable skills.  *See, e.g.*, *Churruca v. Miami Jai-Alai, Inc.*, 353 So. 2d 547 (Fla. 1977).  Plaintiffs fail to allege any such "peculiar power" among the various defendants.  Nor have Plaintiffs alleged that they were seeking and/or denied employment by any of the instant Defendants.  Finally, to the extent any actions occurred solely in California, California law would govern, and California's supreme court has ruled that there is no independent tort of conspiracy.  *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 28 Cal. Rptr. 2d 475 (1994).

<u>Conclusion</u>

The foregoing demonstrates that the Plaintiffs' action fails to state any valid claims for which relief may be granted.  Accordingly, Defendants respectfully request that the Court enter an Order dismissing Plaintiffs' Complaint with prejudice, along with such other relief as this Court deems just and proper.

**EDWARDS ANGELL PALMER & DODGE LLP**

Attorneys for Defendants, EDWARDS ANGELL PALMER & DODGE LLP, and SIMEON D. BRIER

1 North Clematis Street, Suite 400
West Palm Beach, FL 33401
(561) 833-7700 Telephone
(561) 655-8719 Facsimile
E-mail: sbrier@eapdlaw.com


By: _____s/Simeon D. Brier_____
    Simeon D. Brier
    Florida Bar No. 525782

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing document with the Clerk of the

Court using CM/ECF.  I also certify that the foregoing document is being served this 24th day of

September, 2008, on all counsel of record or *pro se* parties identified on the Service List in the

manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF

or in some other authorized manner for those counsel or parties who are not authorized to receive

electronically filed Notices of Electronic Filing.


                                    s/Simeon D. Brier
                                   Simeon D. Brier


PMB 361818. 1                                   16

## SERVICE LIST

**Charles David Franken**
8181 West Broward Boulevard
Suite 360
Plantation, FL 33324
954-476-7200
Fax: 954 424-0297
*Attorneys for Plaintiffs*
**(Via Notice of Electronic Filing)**

**Helena K. Kobrin**
Moxon & Kobrin
3055 Wilshire Blvd., Suite 900
Los Angeles, CA 90010
213-487-4468
Fax: 213-487-5385
*Attorneys for CSI and BPI*
**(Via Notice of Electronic Filing)**

**Thomas Meeks, Esq.**
**Matthew Davidson, Esq.**
Carlton Fields, P.A.
4000 International Place
100 S.E. 2nd Street
Miami, FL 33131
305-530-0050
Fax: 305-530-0055
*Attorneys for CSI and BPI*
**(Via Notice of Electronic Filing)**