UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CIV-61109/ZLOCH-SNOW

PETER LETTERESE, individually and
CREATIVE DESPERATION, INC., (CDI)
a Florida corporation, f/k/a PETER
LETTERESE & ASSOCIATES, INC.,
(PL&A),

Plaintiffs.
v.

THE CHURCH OF SCIENTOLOGY
INTERNATIONAL, INC. (CSI),
SCIENTOLOGY OFFICE OF SPECIAL
AFFAIRS INTERNATIONAL, 3200 DOE
SCIENTOLOGY COPYRIGHT CASE
DEFENDANTS, TOM CRUISE SIMEON
DANIEL BRIER, ROBERT BRUCE
AMIDON, JOHN ARRASTIA, EDWARDS
ANGELL PALMER & DODGE LLP, SCOTT
BRODY, DAVID CORNELL, DANIEL D.
DASHMAN, LISA DASHMAN, WILLIAM
HART, MIKE ELLIS, HOWARD FARRAN,
ANNE MARIE GRIFFIN, STEVEN
SAMILOW, WILLIAM RICHARD
HOWARD, EUGENE M. INGRAM, SCOTT
INKS, HELENA KEMPNER KOBRIN,
MOXON & KOBRIN, DAVID LUBOW a/k/a
DAVID LEBEAU, EUGENE INGRAM,
MICHAEL MAROON, IAN MCSHANE,
THOMAS MEEKS, DAVID MISCAVAGE,
MICHAEL NACHWALTER, MICHAEL
MIDDLETON, KENDRICK LICHTY
MOXON, AVA PAQUETTE, DOUGLAS
NESS, FLORA NESS, CRAIG J. RYAN,
MARC SCHWARTZ, NORMAN F.
TAYLOR, ANTOINETTE
THEODOSSAKOS, GARY WOODFIELD,
BRIDGE PUBLICATIONS, MARILYN
PISANI, CHURCH OF SCIENTOLOGY
FLAG SERVICE ORGANIZATION, INC.,

**MOTION TO DISMISS
OF DEFENDANTS
INSTANT DATA
RESEARCH INC., AND
WILLIAM RICHARD
HOWARD AND,
ALTERNATIVELY,
MOTION FOR MORE
DEFINITE STATEMENT**

CHURCH OF SCIENTOLOGY
INTERNATIONAL, INC., CHURCH OF
SCIENTOLOGY, MISSION OF FORT
LAUDERDALE, INC., CHURCH OF
SCIENTOLOGY OF FLORIDA, INC,,
CHURCH OF SPIRITUAL TECHNOLOGY,
INC., DENTALTOWN.COM LLC,
ECONOMIC RESEARCH GROUP
FLORIDA, ECONOMIC RESEARCH
GROUP INC. NY, STEVEN SAMILOW,
DAVID SCHINDLER, JIM SCHULTZ,
GARY SOTER, AMERICAN
ARBITRATION ASSOCIATION, INSTANT
DATA RESEARCH, INC., SCIENTOLOGY
MISSIONS INTERNATIONAL, INC.,
WORLD INSTITUTE OF SCIENTOLOGY
ENTERPRISES INC., GOOGLE,
PROSKAUER ROSE, YAHOO,
ZUCKERMAN SPAEDER, LATHAM &
WATKINS, LLP.
Defendants.

_____/

Defendants Instant Data Research Inc., ("IDR") and William Richard Howard

("Howard"), pursuant to Federal Rule of Civil Procedure 12(b)(6) hereby move to

dismiss with prejudice the Plaintiffs' Complaint for failure to state a cause of action upon

which relief can be granted due to the fact that no good faith articulation of facts can cure

the failings in the Plaintiffs' pleadings.  Alternatively, Defendants Howard and IDR move

the Court for a more definite statement due to the confusing and prolix nature of

Plaintiffs' Complaint and, in support, state:

I.    **Standard of Review**

At the Motion to Dismiss stage, all well-pled facts in the plaintiff's complaint and

all reasonable inferences drawn from those facts must be taken as true. *Jackson v.*

*Okaloosa County, Fla*., 21 F.3d 1531, 1534 (11th Cir.1994). Federal Rule of Civil

Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although, specific facts are generally not necessary; the statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). To satisfy this seemingly low standard, a plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations in the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *See, e.g.*, *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### A.     The Complaint Should Be Dismissed as an Impermissible Shotgun Pleading.

Plaintiffs' Complaint is an 81 page prolix complaint with no clear separation between what specific allegations are purportedly directed at specific Defendants.  There are multiple Counts to the Complaint, each Count incorporates no fewer than 175 allegations spread over 56 pages.  Some Counts incorporate additional blocks of irrelevant allegations from prior Counts.  Count IV to Plaintiffs' Complaint for Conspiracy to Defame, for example, incorporates a confusing morass of allegations in  1-175 and then incorporates 223-230, which includes the prayer for relief from Count II's Federal RICO allegations, as well as the entire Count III for Defamation.  As such, this is a sterling example of the so-called "shotgun pleadings" that are met with strong disfavor

3

in the Eleventh Circuit.  *See, e.g., Strategic Income Fund, L.L.C. v. Spear, Leeds &
Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir.2002) ("The typical shotgun complaint
contains several counts, each one incorporating by reference the allegations of its
predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain
irrelevant factual allegations and legal conclusions."); *Johnson Enters. of Jacksonville,
Inc. v. FPL Group, Inc.,* 162 F.3d 1290, 1333 (11th Cir.1998) ( "These types of cases
invariably begin with a long list of general allegations, most of which are immaterial to
most of the claims for relief. The general allegations are incorporated by reference into
each count of the complaint...."); *See Morro v. City of Birmingham,* 117 F.3d 508, 515
(11th Cir.1997) (explaining that "[t]he use of shotgun pleadings in civil cases is a
ubiquitous problem," and "it is particularly important for district courts to undertake the
difficult, but essential, task of attempting to narrow and define the issues before trial")
(internal quotation omitted).

   As to Defendants IDR and Howard, there is little basis set forth establishing what
their supposed role was in the multiple allegations directed at all the Defendants allegedly
comprising this conspiracy.  This vexatious pleading practice makes it difficult if not
impossible to respond to what specifically IDR and Howard are supposed to have done
beyond those few paragraphs in the 81 page complaint that mention them by name.  ¶¶
56, 67, 79, 109, 119, 144, 180 (as to Defendant Howard) and 119, 181 (as to Defendant
IDR).  As such, this Complaint, taken as true, violates the simple pleading standards of
Rule 8 of the Federal Rules of Civil Procedure, which requires a "short and plain
statement of the claims" as well as Rule 10 (b) which instructs parties to "state its claims
or defenses in numbered paragraphs, each limited as far as practicable to a single set of

4

circumstances. . ." and must, at the very least, be repled.  *See, e.g., Anderson v. District Bd. of Trustees of Central Florida Community College,* 77 F.3d 364, 466 (11th Cir. 1996).

As the Eleventh Circuit observed in *Anderson,* regarding so-called "shotgun" pleadings:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

*Id.* at 366-67; *see Cesnik v. Edgewood Baptist Church,* 88 F.3d 902, 905 (11th Cir. 1996). In this regard, the Eleventh Circuit routinely disfavors "shotgun pleadings" and admonishes litigants for filing them. *See Bailey ex rel. Estate of Beal v. Janssen Pharmaceutica, Inc.,* 2008 WL 289214, 3 (11th Cir. 2008).

Aside for the inartful and unruly quality of a "shotgun pleading, there are other dangers associate with allowing such pleading practices.  As the Eleventh Circuit has recognized:  "[Plaintiffs] file shotgun complaints to extort the settlement of unmeritorious claims." *Byrne v.Nezhat,* 261 F.3d 1075, 1101 (11th Cir. 2001). Such complaints can also be used as part of a campaign of harassment against defendants. *See Davis v. Kvalheim,* No. 07-12754, 261 Fed.  Appx. 231, 234-35 (11th Cir. Jan. 8, 2008) (approving district court's sua sponte dismissal of a 140-page "complaint against the world" as frivolous because the district court determined the "allegations were clearly baseless and without

arguable merit in fact . . ."). In circumstances as egregious as these, this is alone sufficient reason to dismiss the present Complaint.[1]

In sum, assuming *arguendo*, that Plaintiffs have not filed this action against Defendants IDR and Howard to harass, to extort, or as part of some vexatious scheme to waste their time and resources with frivolous litigation, Defendants still have a right to a short plain statement of the precise allegations against them so they can form a response. In this case, most of the 81 pages of allegations do not appear to relate to the activities of Defendants IDR and Howard.  However, it is not appropriate that litigants should have to guess or employ legal divination to ascertain what specific allegations are made against them.  For this reason, Defendants IDR and Howard should be dismissed from this action with prejudice, or alternatively Plaintiffs should be made to file a More Definite Statement setting forth, with particularity, which allegations are directed against which Defendants so as to narrow the issues before the Court and the scope of discovery.

**B.      The Complaint Fails to State a RICO Claim Against Defendants IDR
            and Howard as a Matter of Law.**

Plaintiffs allege in their Complaint that their 81 pages of voluminous allegations state a claim for Civil RICO under 18 U.S.C. §§ 1962(a)-(d).  Compl., ¶ 1 However, closer inspection of these prolix allegations shows that despite the sheer volume of the inflammatory allegations made in Plaintiffs' Complaint, it still fails to state a claim against Defendants IDR and Howard as a matter of law.

---

[1]  Alternatively, Defendants Move the Court for a More Definite Statement, as is an alternative course of action set forth in *Anderson,* where the Eleventh Circuit observed "the court, acting *sua sponte,* should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement." *Anderson*, 77 F.3d at 367 n. 5.

1.      **Plaintiffs' Claims Relate to an Alleged Conspiracy That is Time-Barred by RICO's Four Year Statue of Limitations.**

Plaintiffs' Complaint describes a conspiracy that supposedly came into being well before July 2004, four years before the Complaint was filed.  Compl., ¶¶ 15, 41, 51, 120-143 (alleging that the conspiracy began in 1994 and continued in force through 2003). Thus, any allegations that Defendants IDR and Howard participated in a civil conspiracy due to actions prior to July 2004, are time-barred by four year statute of limitations applicable to civil RICO claims. *See Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156-57 (1987); *DirecTV, Inc. v. Wright*, 350 F. Supp. 2d 1048, 1055 (N.D. Ga. 2004). Furthermore to the degree that Plaintiffs specifically allege any conduct by Defendant IDR and Howard after July 2004, none of those allegations constitute predicate acts under civil RICO.  As such, this Complaint must be dismissed.

2.      **Plaintiffs' Allegations Fail to Establish Standing Under RICO.**

In order to establish standing under civil RICO, 18 U.S.C. § 1964, a litigant must establish that he or she is:  (1) a person, (2) who has sustained an injury, (3) to his business or property, (4) by reason of a violation of §1962. Prong four of this test requires allegations that show a direct causal relationship between any alleged violation of RICO and the Plaintiff's injury.  *See Ward v. Nierlich*, 99-14227-CIV, 2008 WL 852789 (S.D. Fla. March 28, 2008)(citing *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (1991).  In *Anza*, the Court stated that "[w]hen a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." *Anza*, 547 U.S. at 460.

Here, Plaintiffs have pages of conclusory allegations, but none satisfies this requirement.  Instead, Plaintiffs' Complaint attempts to tell a wild and fanciful story while restating the prongs of the test in a conclusory fashion that ". . . as a proximate result of the Defendants' unlawful pattern of illegal conduct as described above, Plaintiffs have been injured in their business or property as described above." Compl. ¶ 211-212; cf. id., ¶ 192.  Plaintiffs' Complaint fails to allege what precise actions by Defendants IDR and Howard constitute a violation of RICO and further how any of these alleged actions is supposed to have directly caused them any specific injury.

### 3.     Plaintiffs Also Fail to State a Claim under Civil RICO.

To withstand a Motion to Dismiss, RICO plaintiffs must set forth allegations that when taken as true show, at a minimum :  (1) the conduct (2) of an enterprise (3) through a pattern of  racketeering activity that (4) results in an injury to business or property, and (5) that such injury  occurred "by reason of" the substantive RICO violation. *See Williams v. Mohawk Indus., Inc.*,  465 F.3d 1277, 1282-83 (11th Cir. 2006).  Here Plaintiffs' allegations fail on every prong of these requirements.

First, Plaintiffs' allegations fail to establish a RICO enterprise as a matter of law. The Supreme Court has stated that to prevail on a civil RICO claim, a Plaintiff must prove the existence of an "enterprise" separate from the alleged "pattern of racketeering activity." *United States v. Turkette*, 452 U.S. 576, 583 (1981).  An "enterprise" has been defined by the Supreme Court as "an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct." *Id.* at 583. In order to establish the existence of an enterprise under RICO, a Plaintiff must show evidence of "an ongoing organization, formal or informal," and that "the various

8

associates function as a continuing unit." *Id.* Further, the alleged enterprise must constitute "an entity separate and apart from the pattern of activity in which it engages." *Id.* In sum, the enterprise "must have a structure and goals separate from the predicate acts alleged." *Ageloff v. Kiley*, 318 F. Supp. 2d 1157, 1159 (S.D. Fla. 2004).

Plaintiffs' 81 page Complaint fails to set forth allegations that show how any of numerous Defendants are connected or how the groupings that they make on page 30, 58-61, are connected, let along that they have an "ongoing organization, formal or informal," and that the "various associates function as a continuing unit" and that this hodge-podge of Defendants comprise an enterprise "separate and apart from the pattern of activity in which [they] engage." Indeed, the only possible "allegation" of any connection between the Alpha, Beta, Gamma, and Delta Defendants is an exhibit that supposedly is a "statistical analysis" which is unsigned by a statistician, and is little more an example of junk-science rather than cogent allegations of a connection between the actions of the myriad Defendants, including Defendant IDR and Defendant Howard. Even if this so-called statistical data somehow showed some link between the Defendants and Defendant IDR and Defendant Howard, Plaintiffs allegations still fail to meet the requirement that Plaintiff show that the Defendants are part of an "ongoing organization, formal or informal," that the "various associates function as a continuing unit" and that the alleged enterprise constitutes entities "separate and apart from the pattern of activity in which it engages." Indeed, the groupings of the Defendants appear to be by alleged wrongful conduct that does not even constitute predicate acts under RICO, much less that is separate and apart from the alleged pattern of behavior in which it is supposedly engaged. The so-called forensic statistical analysis, which has apparently not been prepared (or

signed) by an actual statistician, at best, claims that some statistical relationship may connect the Defendants, but fails to show the existence of an "enterprise" under RICO's standards.

### 4.    Plaintiffs Also Fail to Plead Predicate Act of Racketeering Activity by Defendant Howard and Defendant IDR.

Although Plaintiffs' 81 page complaint and exhibits contain a flood of alleged misdeeds, none of those allegations are anything more than conclusory allegations of criminal violations without any factual underpinnings.  Civil RICO claims must be pled with the particularity required by the heightened pleadings requirements of Rule 9(b) and must, at a minimum, include "the time, place and person responsible" for each alleged act. *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997). *See also Ageloff v. Kiley*, 318 F. Supp.2d 1157, 1159 (S.D. Fla.  2004).  The purpose of this requirement is to place each defendant on notice of  the claims against him.  The Plaintiffs' Complaint fails to provide Defendant Howard and Defendant IDR such notice.  Instead, Plaintiffs' allegations amount to an expansive and inflammatory prolix pleading of conclusory statements not tied to specific facts.  See, *e.g.*, Compl., ¶ 193 ("pleading" a string citation of 18 U.S.C. § 201, § 659, § 1344, § 1503, § 1513, § 1951, § 1952, and § 1957 in a single sentence); ¶ 194 (alleging use of mail to send "contracts, instructions, correspondence and others" [sic] as predicate act violating 18 U.S.C. § 1341); ¶ 195 (alleging transmission of same by wire as predicate act violating 18 U.S.C. § 1343). Plaintiffs' failure is fatal to their RICO claim. *See*  Local Rule 12.1 S. D. Fla.  (2008) (committee note 1998).

Instead of satisfying these pleading requirements, Plaintiffs tell a wild and fanciful tale going back to 1994 about the activities of the people they sued, which they name as "the Syndicate." None of the activities alleged to have been committed by the "Syndicate" support the naked assertions of criminal activity set forth in paragraphs 193-95 of Plaintiffs' Complaint. For example, Plaintiffs allege mail and wire fraud, but fail to set out any facts showing that there was a scheme to defraud, that Plaintiffs were a target of that scheme, and that they relied to their detriment on representations made in furtherance of that scheme. *See Sikes v. Teleline Inc.*, 281 F.3d 1360, 1360 (11th Cir. 2002); *Nicor Intern Corp. v. El Paso Corp.*, 318 F. Supp. 2d 1160, 1171 (S.D. Fla. 2004). To the degree that Plaintiffs attempt to assert standing for alleged misrepresentations made toward another person or entity, they lack standing to do so. *Byrne v. Nezhat*, 261 F.3d 1075, 1110 (11th Cir. 2001). Plaintiffs failure to allege that either or both of them relied upon any misrepresentations connected to a mailed or wired communication is fatal in and of itself, to their RICO claims.

The remaining criminal statutes cited by Plaintiffs in paragraphs 193-95 of their Complaint are similarly unsupported by any factual allegations. In sum, Plaintiffs' Complaint fails to allege any facts to support their claims that Defendant Howard and Defendant IDR violated *any* of these statutes, let alone how they supposedly did so, where, and when. Indeed, the only real allegations Plaintiff appears to make against Defendant Howard and Defendant IDR is found in the conclusory grouping of the "Beta Enterprise" which claims that a number of parties worked "as agents and/or Investigators and operating under the Church of Scientology International Inc., for the alleged purpose of procuring and disseminating false and defamatory allegations involving the Plaintiffs."

11

Plaintiffs' Complaint, pp. 59.  And that "these defendants tortiously interfered with Plaintiffs advantageous contractual relationships with Plaintiffs' client and caused Plaintiffs to be victimized by multiple frivolous suits."  Plaintiffs' Complaint, pp. 59. According to Plaintiffs' Defendants' objective was to bring out economic ruin to Plaintiffs thereby impairing Plaintiffs' exclusive licensing of the Les Dane Book coveted by CSI and the entire International Scientology Crime Syndicate."  Plaintiffs' Complaint, pp. 59.  As wild, fanciful, and scurrilous as these allegations are, none of them constitute a violation of any of the criminal statutes cited by the Plaintiffs.  Defamation and Tortious Interference are state law causes of actions, not mail fraud, tampering with juries, bribery of public officials or any of the other predicate acts for civil RICO claims under 18 U.S.C. § 1961 *et. seq.*  As such, the alleged misdeeds of Beta Enterprise do not serve as a basis for any of the exclusive acts listed as predicate acts under civil RICO, and Plaintiffs claims must fail as a matter of law.  *See Harvey v. Harvey*, 931 F. Supp. 127, 130 (D. Conn. 1996).

     5.     Plaintiffs' Complaint also fails to state a claim under other Provisions of RICO.

Plaintiffs allege violations 18 U.S.C. § 1962 (a), which requires that a Plaintiff allege and prove that he was insured specifically from the investment of income derived from racketeering activity.  18 U.S.C. § 1962 (a)(2008).  Plaintiffs recite this law as part of their allegations in paragraph 202 of Plaintiffs' Complaint.  However, in the next paragraph 203, Plaintiffs prolix allegations lump all Defendants into a single category, ostensibly including Defendant Howard and Defendant IDR, and clumsily plug conclusory facts into the statute as follows:

> Defendants' acts alleged herein amount to an overt and fraudulent
> transaction to acquire an interest in, or the establish (sic) or operation of,
> an Enterprises (sic) which is engaged in interstate commerce, using or
> investing directly or indirectly, part of the income or the proceeds or such
> income (sic), gained from the pattern of racketeering activity alleged
> herein.  Defendants' acts amount to an overt and fraudulent scheme to
> deprive Plaintiffs of business or property rights, including money and
> other property to which Plaintiffs are entitled, which Defendants have
> used to acquire an interest in and/or establish the enterprise.

These bare allegations, such as they are, fail to establish a violation of RICO section

1962(a) and Plaintiffs' claims under this section are without merit.

To state a claim under section 1962(b) of RICO, Plaintiffs would have to allege

and later prove that they suffered an injury arising from defendant's acquisition of an

interest or control of an enterprise through a pattern of racketeering activity.  18 U.S.C. §

1962(b) (2008).  Plaintiffs' allegations with respect to section 1962(b) are even more

problematic.  Through the repetitive use of potentially disjunctive conclusory "and/or"

allegations cut and pasted imperfectly into statutory language that was set out in the

paragraph that preceded it, paragraph 205 of Plaintiffs' Complaint alleges as follows:

> Defendants through a pattern of racketeering activity or through collection of an
> unlawful debt acquired or maintained directly or indirectly, an (sic) interest in or
> control of Enterprise (sic) and/or Alpha Enterprise and/or Beta Enterprise and/or
> Gamma Enterprise and/or the Delta Enterprise activities which affect, interstate or
> foreign commerce by proceeding to attempt collections based upon fraudulent
> misrepresentations and fraudulently obtained Judgments in the State of California
> and Florida."

¶ 205 of Plaintiffs' Complaint.  Once again, Plaintiffs' imperfect attempt to plug possibly

disjunctive allegations into the statutory recitation from the paragraph that precedes it is

insufficient to state a claim for under RICO section 1962(b), and thus, Plaintiffs' claims

with respect to Defendants Howard and IDR must fail.

13

Similarly, it follows that Plaintiffs cannot maintain a RICO conspiracy claim under U.S.C. § 1962 (d) since their allegations for the underlying predicate acts fail. *See Nicor Intern. Corp. v. El Paso Corp.*, 318 F.Supp. 2d 1160, 1173 (S.D. Fla. 2004) (stating that a claim cannot be maintained for conspiracy under RICO where Plaintiffs fail to establish the underlying wrongful act).

### C.     Plaintiffs' State Law Claims Lack Jurisdiction.

Plaintiffs' prolix shotgun Complaint fails to establish a claim under civil RICO. Without federal question jurisdiction under 28 U.S.C. § 1367, the Court may decline jurisdiction where it has dismissed all claims over which it had original jurisdiction.  In this case, it should do so, since the underlying state law claims are likewise prolix in character and indecipherable.

### 1.     Plaintiffs' Defamation Claim and Conspiracy to Defame Fail as a Matter of Law.

The alleged actions of Defendant Howard and/or Defendant IDR in setting up a website in 2004 cannot be the basis of a viable claim for defamation.  First, the statute of limitations for a defamation action is two years under section 95.11(4)(g), Florida Statutes (2008).  As best as can be divined from the Plaintiffs' Complaint, none of the alleged defamatory acts alleged to constitute defamation (i.e. setting up a website in 2004) or the litigation that neither of these Defendants participated in occurred within the past two years of filing this action.  Further, although Plaintiffs repeatedly claim that everyone has participated in defaming them, there are no specific allegations as to what those "defamatory statements" were, who made them, or when they were made.  Further, in the instances where the content of the statement was provided, they amount to

opinions, not defamatory statements, and again, have little or nothing to do with either Defendant Howard and Defendant IDR.  Opinions such as those found in paragraph 59 of Plaintiffs' Complaint as to Mr. Letterese simply cannot give rise to a claim of defamation no matter how insulting Plaintiffs might find them. . *See DeMoya v. Walsh*, 441 So.2d 1120,  (3d DCA 1983) (calling co-worker "raving maniac" and "raving idiot" in front of others was personally insulting, but not actionable as defamation); *Wetzel v. Gulf Oil Corp.*, 455 F.2d 857 (9th Cir.1972) (calling plaintiff "nuts" and "crazy" in context of brake fluid dispute was considered to be non-actionable expression of pure opinion). Without an underlying defamation claim, Plaintiffs' conspiracy to defame similarly fails.

2.     **Plaintiffs' Independent Tort of Conspiracy Fails Under Florida Law.**

Plaintiffs' claim that there is an independent tort claim of conspiracy under Florida law fails because Plaintiffs' prolix morass of confusing allegations, although, expansive and inflammatory, fail to show any "peculiar power" necessary to constitute a civil conspiracy without an underlying criminal violation.  *See Liappas v. Augoustis*, 47 So.2d 582, 583 (Fla.1950). Florida cases where this type of action has been permitted to proceed are typically joint actions by a group of employers to deny jobs to employees with specialized, relatively non-portable skills. Plaintiffs have little specific allegations against Defendant Howard other than his alleged involvement in setting up a website, and they have even less fewer specific allegations against Defendant IDR.  None of them establish any comparable power between themselves and any other Defendant.  Further, although it is difficult to determine one way or the other, to the extent that these claims refer to actions alleged  to have occurred solely in California, they would be governed by California law, and California common law recognizes no independent tort of conspiracy.

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511, 28 Cal. Rptr. 2d 475, 869 P.2d 454 (1994). Accordingly, under almost any reasonable articulation of these pleadings, the so-called independent conspiracy claim of Plaintiffs against Defendant Howard and Defendant IRD is without merit and fails as a matter of law.

Based on the foregoing, the Complaint has no basis in the law and accordingly be dismissed with prejudice or alternatively, Plaintiffs must provide a more definite statements correcting the prolix, "shotgun" quality of its pleadings, so that Defendant William Richard Howard and Defendant Instant Data Research, Inc., may appropriately respond to its allegations to the extent they are indeed directed at them.

Respectfully Submitted,

/s Erik A. Nelson, Esq.

Erik A. Nelson, Esq.
Florida Bar No. 0387819
nelson@nfblaw.com

Nelson & Franklin, P.L.L.C.
21 S.E. 1st Avenue, Suite 704
Miami, Florida 33131
(305) 381-9000
(305) 381-9200 (fax)

*Counsel for the Defendants*
*Instant Data Research, Inc. and*
*William Richard Howard*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7th, 2008, I electronically filed the forgoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either by transmission of Notices of Electronic Filing generated by CM/ECF or in some other manner for those counsel and parties who are not authorized to receive Notices of Electronic Filing.

## SERVICE LIST

Charles D. Franken, Esq.
Charles D. Franken, P.A.
8181 W. Broward Boulevard
Suite #360
Plantation, Florida 33324
*Attorneys for Plaintiffs*
(Via Notice of Electronic Filing)

Thomas Meeks, Esq.
Carlton Fields, P.A.
100 S.E. Second Street
Suite 4000
Miami, Florida, 33131
(Via Notice of Electronic Filing)

Simeon Daniel Briar, Esq.
Edwards Angell Palmer & Dodge, LLP
One North Clementis Street
Suite 400
West Palm Beach, Florida, 33401-5552
(Via Notice of Electronic Filing)