UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In re:   CASE NO. 08-19067-BKC-JKO

CREATIVE DESPERATIONS, INC.   CHAPTER 7
a/k/a PETER LETTERESE & ASSOCIATES

    Debtor.
_____/

## MOTION TO ENFORCE AUTOMATIC STAY

Marika Tolz, in her representative capacity as Chapter 7 Trustee in this Chapter 7 proceeding files this Motion to Enforce Automatic Stay and in support thereof states:

1. This case was filed as a Chapter 11 on June 30, 2008 (the "Commencement Date"). The case was then converted from a Chapter 11 by Order of this Court dated September 9, 2008 (CP# 89, the "Conversion Order").

2. As observed by this Court in the Conversion Order, "attorney Charles Franken ("Franken"), may however, file only a Notice advising the Federal Courts that this case has been converted to a Chapter 7 proceeding and request an extension of time relative to any obligations of the debtor so that the Chapter 7 Trustee can review the matter and take whatever action the trustee deems appropriate."

3. The Trustee was appointed on September 9, 2008 (the "Conversion Date").

4. As of the time of the Conversion Date, the Debtor, or its predecessor in interest, was a party in several litigations, including the following, filed on the dates indicated:

    **a.** **Peter Letterese & Associates, Inc. vs. World Institute of Scientology Enterprises; Case No. 04-61178-civ-Huck/O'Sullivan - (the "Copyright Action") Filed on September 8, 2004**

    The Copyright Action was the subject of an appeal to the 11th Circuit Court of Appeals which on July 8, 2008, affirmed in part and vacated and

remanded in part Judge Huck's Granting of Summary Judgment in favor of the Defendants. It appears, from a review of the 11th Court Opinion that certain of the Debtor's claims may survive.

    b.    **Creative Desperation, Inc., etc. vs. Moxon et al; Case No. 08-CV-60984 Ungaro/Simonton - (The "Due Process Case") Filed on June 27, 2008**

This case was filed a mere three days prior to the Commencement Date. It joined 18 parties including five judges and two Clerks of Court.[1]

    c.    **Peter Letterese and Creative Desperation, Inc. vs. The Church of Scientology International, Inc., et al; Case No. 08-CV-61109 Zloch/Snow (The Rico Action") Filed on July 15, 2008**

The Rico Action joined in excess of sixty defendants, including a number of law firm defendants.

    d.    **Creative Desperation, Inc. and Peter Letterese vs. Judge John K. Olson, Ariel Rodriguez, Assistant U.S. Trustee and the Church of Scientology; Case No. 08-61341-CIV-Cohn (the "Bankruptcy Due Process Case")[2] - Filed in August 21, 2008**

This case was filed alleging due process violations in this Court's administration of the Chapter 11 proceedings.

5.    Commencing on July 19, 2008, Franken filed in three parts, the Debtor's Notice of Filing Federal Rico Complaint in Support of Motion for Continuation of Legal Proceedings (Dockets Nos. #21; #22 and #23).

6.    On July 22, 2008, the Debtor-In-Possession, filed its Amended Application For Employment of Attorney (CP #32) (the "Amended Application") in which Franken represented that

---

    [1]    In fact, by subsequent post-petition amendment, your Honor was joined on page 67 as a party against whom declaratory relief is sought although there is no reference in the caption of the First Amended Complaint to your Honor's Joinder.

    [2]    There are other pending cases in which the Debtor is a party in which there should be not even colorable issues as to whether the automatic stay applies.

2

he held no interest adverse to the estate and was "disinterested," within the meaning of the Bankruptcy Code.

7. On July 28, 2008, this Court entered an Order (CP #34), directing supplemental disclosures by Franken in connection with his employment application.

8. On August 5, 2008, the Church of Scientology International and Bridge Publications, Inc., filed their Motion to Convert to Chapter 7 Proceedings and Objection to Motion to Dismiss (CP #50), filed by the Office of the U.S. Trustee.

9. A hearing was held on July 31, 2008, on the Amended Application. At the hearing, it became abundantly apparent that Franken was hopelessly conflicted, having been paid for representation by an entity described as "MGSI" (Transcript Page 27). Further disclosures were directed by the Court, the Court having described the existing disclosures as "terrible" (Transcript Page 28).[3]

10. Ultimately, the Court approved Franken' retention <u>solely</u> on a limited basis "permitting Mr. Franken to act as counsel for the Debtor in the case on an interim basis . . . Mr. Franken's authority is limited to the representation of the Debtor in this Court and will terminate on September 8, 2008, unless extended . . . at the hearing to be held on that date."  (CP #70 - Order (a) Granting Application to Employ Counsel on an Interim Basis; (b) Rescheduling Hearing on Motion to Dismiss (CP #37) or Convert this case and Rescheduling Additional Hearings (CP #50); "Limited Employment Order").

11. The Limited Employment Order made clear that Franken was not disinterested and was in a clear conflict of interest position <u>since the Commencement Date</u> and thereafter, by virtue

---

[3] MGSI, in fact, has sought to join both the Copyright Litigation and the Due Process Litigation.

3

of "gross violations of the disclosure requirements" of Bankruptcy Rule 2014 and the disinterestedness requirements of 11 U.S.C. §327 once disclosures were made. (Limited Employment Order at Page 6).

12. Thus, while not fully disclosing his tainted representation amid irreconcilable conflicts, Franken filed the Rico Action on July 15, 2008 and the Bankruptcy Due Process Case on August 21, 2008.

13. In the Limited Employment Order, the Court expressly gave Franken limited authority to file a Civil Rico Statement and to respond to Motions in the Rico Case and to file scheduling order and respond to motions in the Due Process Case (Limited Employment Order at Pages 7-8).

14. Undersigned counsel has seen no indication that any of the Defendants in the Copyright Action, the Rico Case, the Due Process and the Bankruptcy Due Process Cases, have ever formally sought or obtained relief from the automatic stay imposed by Section §362 of the Bankruptcy Code.

15. Implicit in what has occurred here (and a fairly common practice in the District) is that if the <u>Debtor has commenced and is actively prosecuting</u> an action, defendants ought to be free to defend; however, relief is <u>frequently granted</u> in those circumstances, it is not self-effectuating.

16. Moreover, the facts here are unique. Franken was being paid by a third party, MGSI and MGSI, as mentioned, sought to join both the Copyright Action and the Due Process Case, which according to Franken "asserts a right common to the Plaintiff (Debtor) in this action. . .) (Due Process Case, Notice of Joinder and/or Potential Joinder of MGSI as Plaintiff, CP #552).

17. In the Limited Employment Order, the Court underscored that <u>both</u> the payment of fees by MGSI and the representation in the Chapter 13 of Peter Letterese individually ("Letterese"),

4

the Debtor's principal, as disqualifying events (Limited Employment Order at Page 6). The Court did not address the fact that Franken <u>also represents</u> Letterese in the Rico Case and the Due Process Case <u>and</u> has attempted to add MGSI, <u>who he also represents</u> in <u>both actions</u>.

18. Thus, the Court is faced, with the possible exception of the Copyright Case, not with litigation commenced pre-petition in connection by counsel without conflicts, but by counsel whose representation was so tainted and his conflicts of interest so glaring, it cannot be remotely suggested that the filing of the Due Process Case (filed a mere three days before the Chapter 11 filing), the Rico Action and the Bankruptcy Due Process case were done to benefit the Debtor's estate after consultation with a fiduciary free of conflicts. In fact, on this record, the Court should assume that intended beneficiaries are Letterese and MGSI. Only the Trustee can speak <u>solely</u> for the Debtor.

19. It is hard to suggest how to untangle the procedural mess caused by Franken and Letterese without describing how the automatic stay in a bankruptcy case is <u>intended to work</u>.

20. The Trustee is <u>not required</u> to actively prosecute pending litigation and only required to do so after due deliberation respecting whether such claims are valuable assets. Litigation claims are clearly "property" of the estate, 11 U.S.C. §541(a)(1), <u>In re: Witko</u>, 374 F.3d 1040, 1042 (11th Cir. 2004). To the extent that any cause of action did not arise pre-petition, pursuant to Section 541(a)(5)(c), it clearly becomes property of the estate as "(a)ny interest in property that the estate acquires after the commencement of the case." <u>In re Griseuk</u>, 165 B.R. 956 (Bankr. M.D. Fla 1994).

21. Litigation claims are not valued and evaluated differently than any other asset. A trustee may pursue any pre or post petition litigation claim, he may settle it, or he may abandon it. Section 554(a) of the Bankruptcy Code states that "the trustee may abandon any property of the estate that is burdensome to the estate or is of inconsequential value or benefit to the estate." It is telling that neither Section 554 nor Bankruptcy Rule 6007 imposes any time limit on a Trustee in

5

making that determination, although however, prior to abandoning a claim, a trustee is required to reach an informed judgment as to whether it would be prudent to eliminate the inherent risk, delays and expense of prolonged litigation of an uncertain cause of action. In re Thompson, 965 F.2d 1136, 1145 (1st Cir. 1992). In re Northview Motors, Inc., 202 B.R. 389, 393 (W.D. Pa. Bankr. 1996).

22.     While a trustee is making a determination as to whether to pursue a litigation claim, it is black letter law that third parties may neither pursue litigation claims nor take any acts against the estate without relief from the automatic stay. In re Atlas, 183 B.R. 978 (Bankr. S.D. Fla. 1995); In re Inslaw, Inc., 88 B.R. 484 (Bankr. D.D.C. 1987). Actions taken in violation of the automatic stay are void. Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306 (11th Cir. 1982); U.S. v. White, 466 F.3d 1241 (11th Cir. 2006).

23.     The automatic stay is intended to be broad and includes, until relief is granted by the bankruptcy court, actions on appeal even where, as in the Copyright Action, the Debtor was the Appellant. Ellison v. Northwest Engineering Company, 707 F.2d 1310 (11th Cir. 1983) (the Court refrained from issuing a mandate because of an intervening bankruptcy) (citing Association of St. Croix Condominium Owners v. Hotel Corp., 682 F.2d 446 (3rd Cir. 1982).

24.     In the Copyright Action, the Defendants Church of Scientology International, Inc. and Church of Spiritual Technology have filed a motion with the 11th Circuit relating to an award of fees (after transfer to the District Court) without obtaining stay relief from this Court.

25.     Instead of that orderly process created by the Code and Rules in which the Trustee should be able to expeditiously evaluate and pursue claims, the Trustee and undersigned counsel now find themselves filing motions to extend Federal Court imposed deadlines which, in all due respect to those Courts, should not have been set and scheduled in because they were stayed as pre-petition cases or post-petition cases filed without authority. Undersigned counsel has faced the

6

nearly daily demands by Letterese or his counsel to immediately and vigorously pursue the pending litigation claims.

26. However, this Court expressly ruled that the commencement of the Bankruptcy Due Process Case and the Rico Action were <u>not permitted</u> when it stated: "Since Mr. Franken has not been authorized to represent the Debtor in any non-bankruptcy litigation, any actions filed or pursued by Mr. Franken on behalf of the Debtor since the filing of the Debtor's Chapter 11 on June 30, 2008, are <u>ultra vires</u>." (CP #20, Limited Employment Order at Page 5).

27. The Limited Employment Order additionally grants very limited authority to the Debtor, to file limited pleadings in those cases to "limit the incurrence of unnecessary expense by the parties. . . "(Limited Employment Order at Page 8). However, wisely recognizing the conflict between a likely future finding that the cases commenced post petition by Franken were "<u>ultra vires</u>" and granting the Debtor's limited authority to meet pending deadlines, the Court stated: "Nothing in this Order is to be construed as a granting of authority to <u>Mr. Franken</u> to take any such actions on behalf of the Debtor" (*emphasis in original*) (Id. at Page 7.)

28. The Defendants, in response to Court ordered deadlines or deadlines imposed by the Federal Rules, have filed motions or responses in both the pre-petition and in the post-petition cases which, require in turn, responses from the Trustee. However, as mentioned, any obligation to proceed in the pre or post-petition cases collides squarely with the Trustee's obligation to determine whether there is value to the estate in doing so.

29. Aside from the rather clear authority that relief from the automatic stay requires an affirmative request for relief and an order demonstrating at minimum "cause" under Section 362(d)(1) of the Code, practical consideration of the issues in this case clearly demonstrates why the automatic stay should be immediately enforced.

7

30. The bankruptcy estate is clearly, at this point, administratively insolvent, and the Trustee is dubious (as a Trustee must be in every case) of values that debtors attribute to litigation claims. The Debtor, in this case, has scheduled litigation claims as being valued at $500,000,000. Claims of creditors, <u>every one of which was initially disputed</u>, totaled, at filing, $1.5 million (CP #1, Pages 6, 17 and 18).

31. What the Trustee should be doing <u>with the protection of the automatic stay</u>, frankly, is determining whether the litigation claims have value in determining whether to administer the estate, pursue litigation, settle with adverse parties or abandon some or all litigation claims.[4]

32. The Trustee, through undersigned counsel, receives almost daily demands by Letterese, to step into the pending litigations in menacing terms (such as "malpractice" and "breach of fiduciary duty") portending that the failure to do so will result in the Trustee and her counsel being added to the endless list of Judges, lawyers, clerks and others who, even in their official capacities, have expressed a different point of view than Letterese regarding the merits of litigation claims.

33. The Trustee should not be in this position. Despite the glaring procedural irregularities, the Trustee intends, and is entitled, to do her job in the manner that the Code intended. Despite one misstep after another by Letterese and his counsel, the Trustee must be given the time necessary to determine if any of the litigation claims have merit or value to the estate, <u>before</u> pursuing therein.

---

[4] It now appears that even the appeal of the Copyright Action to the 11th Circuit has been negatively affected by the then Debtor-in-Possession improprieties. The 11th Circuit entered its affirming and partial reversal on July 8, 2008, post-petition. On August 5, 2008, the Debtor, through <u>David Hoffman, Esq.,</u> filed it <u>Motion for Rehearing En Banc</u>. It does not appear from the docket that Mr. Hoffman's employment has ever been sought or approved by this Court in any capacity.

WHEREFORE, the Trustee respectfully prays for the entry of an Order (I) finding that the automatic stay is in place or alternatively, granting relief under Section 105 of the Bankruptcy Code (ii) finding that should any party desire relief from the automatic stay, to proceed in a non-bankruptcy court, it must first obtain relief from stay; and (iii) for such other relief as is appropriate.

Respectfully submitted this 9th day of October, 2008.

I hereby certify that I am admitted to the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Genovese Joblove & Battista, P.A.
*Attorneys for Marika Tolz, Chapter 7 Trustee for the Estate of Creative Desperations, Inc.*
*a/k/a Peter Letterese & Associates*
Bank of America Tower
100 S.E. Second Street, Suite 4400
Miami, Florida 33131
Tel.: (305) 349-2300
Fax.: (305) 349-2310

By:     /s/John H. Genovese
         John H. Genovese
         Florida Bar No. 280852

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail, facsimile and/or CM/ECF this 9th day of October, 2008, to all parties on the attached Service List.

/s/ John H. Genovese
John H. Genovese

**SERVICE LIST**
08-19067-BKC-JKO

Ariel Rodriguez
Office of the US Trustee
51 SW 1 Ave., #1204
Miami, FL 33130

Marika Tolz
1804 Sherman Street
Hollywood, FL 33020

Charles D. Franken, Esq.
8181 W. Broward Blvd., # 360
Plantation, FL 33324

Nemia L Schulte, Esq.
2401 E. Atlantic Blvd., # 400
Pompano Bch, FL 33062

Michele R. De Bianchi, Esq.
Levey, Filler, Rodriguez, Kelso &
DeBianchi, LLP
555 NE 15 Street, Suite 104
Miami, FL 33132

Alan J. Perlman. Esq.
Adorno & Yoss
350 East Las Olas Boulevard
Suite 1700
Fort Lauderdale, Florida 33301

Simeon D. Brier
1 North Clematis Street, #400
West Palm Beach, FL  33401