IN THE UNITED STATES DISTRICT COURT IN
AND FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: CIV 08- 61109 ZLOCH/SNOW

PETER LETTERESE, Individually


        Plaintiffs,

vs.

THE CHURCH OF SCIENTOLOGY INTERNATIONAL, INC. (CSI),
SCIENTOLOGY OFFICE OF SPECIAL AFFAIRS INTERNATIONAL,
TOM CRUISE, SIMEON DANIEL BRIER, ROBERT BRUCE AMIDON, JOHN ARRASTIA,
EDWARDS ANGELL PALMER & DODGE LLP, SCOTT BRODY,
DAVID CORNELL, DANIEL D. DASHMAN, LISA DASHMAN,
WILLIAM HART, MIKE ELLIS, HOWARD FARRAN, ANNE MARIE
GRIFFIN, STEVEN SAMILOW, WILLIAM RICHARD HOWARD,
EUGENE M. INGRAM, SCOTT INKS, HELENA KEMPNER KOBRIN, MOXON &
KOBRIN, DAVID LUBOW a/k/a DAVID LEBEAU,
MICHAEL MAROON, WARREN MCSHANE, THOMAS MEEKS,  CARLTON FIELDS PA
DAVID MISCAVIGE, MICHAEL NACHWALTER, KENNY NACHWALTER PA,
MICHAEL MIDDLETON, KENDRICK LICHTY MOXON, AVA PAQUETTE, DOUGLAS
NESS, FLORA NESS, CRAIG J. RYAN, MARC SCHWARTZ, NORMAN F. TAYLOR,
ANTOINETTE THEODOSSAKOS, GARY WOODFIELD, BRIDGE
PUBLICATIONS, MARILYN PISANI, CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC., CHURCH OF SCIENTOLOGY
INTERNATIONAL, INC., CHURCH OF SCIENTOLOGY, MISSION OF FORT
LAUDERDALE, INC., CHURCH OF SCIENTOLOGY OF FLORIDA,
INC., CHURCH OF SPIRITUAL TECHNOLOGY, INC.,  DENTALTOWN.COM LLC,
ECONOMIC RESEARCH GROUP FLORIDA, ECONOMIC RESEARCH GROUP
INC. NY, STEVEN SAMILOW, DAVID SCHINDLER, JIM SCHULTZ, GARY SOTER,
AMERICAN ARBITRATION ASSOCIATION, INSTANT DATA RESEARCH, INC.,
SCIENTOLOGY MISSIONS INTERNATIONAL, INC., WORLD INSTITUTE OF
SCIENTOLOGY ENTERPRISES INC.,  PROSKAUER ROSE, ZUCKERMAN SPAEDER,
LATHAM & WATKINS, LLP,  JOHN GENOVESE,  BARRY GRUHER, GENOVESE,
JOBLOVE & BATTISTA PA.,  MARIKA TOLZ, ALAN PERLMAN, J ADORNO & YOSS
PA.,  HONORABLE JUDGE JOHN K. OLSON, HONORABLE JUDGE RICHARD EADE


        Defendants.

_____/

## FIRST AMENDED COMPLAINT BY PLAINTIFFF PETER LETTERESE INDIVIDUALLY ONLY

COMES NOW the Plaintiff PETER LETTERESE ("Plaintiff") by and through his undersigned attorneys pursuant to Rule 15 files this First Amended Complaint and sues Defendants, THE CHURCH OF SCIENTOLOGY INTERNATIONAL, INC. (CSI), THE SCIENTOLOGY OFFICE OF SPECIAL AFFAIRS INTERNATIONAL,   TOM CRUISE, ROBERT BRUCE AMIDON, JOHN ARRASTIA, SIMEON DANIEL BRIER, EDWARD ANGELL PALMER & DODGE, LLC., SCOTT BRODY,  DANIEL D. DASHMAN, WILLIAM HART, MIKE ELLIS, HOWARD FARRAN, ANNE MARIE GRIFFIN, STEVEN SAMILOW, WILLIAM RICHARD HOWARD, EUGENE M. INGRAM, SCOTT INKS, HELENA KEMPNER KOBRIN, TOM CRUISE, MOXON & KOBRIN, DAVID LUBOW a/k/a DAVID LEBEAU, MICHAEL MAROON, WARREN MCSHANE, THOMAS MEEKS, CARLTON FIELDS PA, DAVID MISCAVIGE, MICHAEL NACHWALTER, KENNY, NACHWALTER PA, MICHAEL MIDDLETON, KENDRICK LICHTY MOXON, DOUGLAS NESS, FLORA NESS, AVA PAQUETTE, CRAIG J. RYAN, MARC SCHWARTZ, NORMAN F. TAYLOR, ANTOINETTE THEODOSSAKOS, GARY WOODFIELD, BRIDGE PUBLICATIONS, MARILYN PISANI, CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, CHURCH OF SCIENTOLOGY INTERNATIONAL INC., CHURCH OF SCIENTOLOGY, MISSION OF FORT LAUDERDALE, INC., CHURCH OF SCIENTOLOGY OF FLORIDA, INC., CHURCH OF SPIRITUAL TECHNOLOGY, INC., DENTALTOWN.COM LLC., ECONOMIC RESEARCH GROUP INC. NY, ECONOMIC RESEARCH GROUP FLORIDA, STEVEN SAMILOW, DAVID SCHINDLER, JIM SCHULTZ, GARY SOTER, AMERICAN ARBITRATION ASSOCIATION, INSTANT DATA RESEARCH, INC., SCIENTOLOGY MISSIONS INTERNATIONAL, INC., WORLD

INSTITUTE OF SCIENTOLOGY ENTERPRISES, INC., ,  PROSKAUER ROSE,

ZUCKERMAN SPAEDER, , LATHAM & WATKINS, LLP, JOHN GENOVESE,  BARRY

GRUHER, G,ENOVESE, JOBLOVE & BATTISTA PA.,  MARIKA TOLZ, ALAN

PERLMAN,  ADORNO & YOSS PA.,  HONORABLE JUDGE JOHN K. OLSON,  and

HONORABLE JUDGE RICHARD EADE and states as follows:

## STATEMENT OF JURISDICTION

1. This Court has subject matter jurisdiction over this matter pursuant to 28 USC

    1331 Federal Question of the Federal Rico Act and pendant jurisdiction over the

    state common law and state statutory claims.  These claims are separate from any

    claims of Plaintiff Creative Desperation Inc. ("CDI") which company is presently

    in a forced (by-the-newly added Defendants), and involuntary Chapter 7

    proceeding and controlled by operation of law by Defendants Marika Tolz the

    Chapter 7 Trustee,, John Genovese and Genovese, Joblove & Batistta PA, the legal

    representatives of Defendant Marika Tolz.  This amendment does not amend any

    claims of Plaintiff Creative Desperation Inc.

## STATEMENT OF THE FACTS

2. This is a lawsuit for $265 million in damages against the Defendant Scientology-

inclusive (previously identified plus those additionally named here) corporations and individuals,

that make up The International Scientology Economic Hate Crime[1] Syndicate ("EHC

---

[1] Definition: *Economic* Hate Crime A hate crime which accomplished through the use of illegal economic
acts against the intended hate crime victim, so as to ruin the target financially and eliminate him or his
group as a believed threat to the perpetrator. (**Hate crimes** (also known as **bias motivated crimes**)
occur when a perpetrator targets a victim because of his or her membership in a certain social group,
usually defined by race, religion, sexual orientation, disability, ethnicity, nationality, age, gender, gender
identity, or political affiliation. Hate crimes differ from conventional crime because they are not directed

Syndicate")[2] and against its named EHC-Defendant co-conspirators. Specific corporations within Scientology are named in this complaint, along with not-formally-*within*-Scientology, yet their co-conspirators. The *purported, apparent* international activity of the Scientology *religious* corporations is the exchange of religious services and materials distributed to the public worldwide, in return for "donations". **This Complaint alleges, among other things that behind that surface exterior lies a true Economic Hate Crime Syndicate, which acted specifically as described herein, against the Plaintiffs.**

## PART I - PLAINTIFF IS SUING UNDER RICO

3. Upon information and belief, the Defendant Economic Hate Crime Syndicate is run formally (albeit through many intermediary individuals and organizations) by EHC-Defendant David Miscavige and is fronted for formally (including formal domestic and international lobbying activities) by the American actor and producer, EHC-Defendant Tom Cruise who is not only a spokesperson, but is a participating member of the EHC Syndicate.

4. The Defendant Economic Hate Crime Syndicate and this particular group of co-conspirators (upon information and belief, one of dozens in existence at any given time around the world opposing whoever may "believed" to be The EHC Syndicate's fancied enemies), came together in 1994 for specific motives viz., to perpetrate what eventually developed into a 10-

---

simply at an individual, but are meant to cause fear and intimidation in an entire group or class of people.) Scientology considers membership in an y group that disagrees with them constitutes justification for committing economic hate crimes and they recruit others from without their immediate group to achieve their ends.

[2] Note: As reported widely in the international press, the country of Belgium is currently in the process of indicting Scientology and its "churches" as a *network of criminal organizations* and the country of Germany is seeking to exile Scientology and its "churches" as an *unconstitutional network of organizations* (because of their economic-hate-crime, criminal activities). Their actions as detailed here represent a distinct series of criminal activities. Various specific corporations within Scientology are named along with "outside-Scientology" co-conspirators. The apparent activity of these Scientology "church" corporations is the exchange of religious services and materials distributed to the public worldwide in return for "donations". **This Complaint alleges that behind this exterior lies a criminal syndicate, which acted specifically as described against the Plaintiffs.**

phase, 14-year-long conspiracy which remains ongoing to this date, in violation of the Federal RICO statutes. Its intent was to achieve three (3) main aims which extended, one from another "telescopically", covered in Part II below.

5. One *initial* purpose of the conspiracy by Defendant Economic Hate Crime Syndicate was to illegally maintain, as well as illegally seize additional, intellectual property rights, (without proper licensing rights, ownership of or compensation to the rightful owners and their agents) intellectual property rights attached to a specific book on sales. The book, originally named *Effective Sales Closing Techniques,* written in 1971 by non-Scientologist, South Carolinian author Leslie Achilles Dane, (now deceased in 1990), upon which Defendant EHC Syndicate came to deeply depend from 1971 to the present, aimed at the following critical objectives, for Defendant Economic Hate Crime Syndicate:

A) FUND-RAISE BILLIONS OF DOLLARS IN "DONATIONS", DOMESTICALLY AND INTERNATIONALLY (I.E., SELL "SCIENTOLOGY" *SERVICES* AND *PRODUCTS*);

B) RECRUIT LARGE NUMBERS OF STAFF PERSONNEL DOMESTICALLY AND INTERNATIONALLY

C) EXECUTE WIDESPREAD PROPAGANDA CAMPAIGNS DOMESTICALLY AND INTERNATIONALLY, RESULTING IN BILLIONS OF DOLLARS IN "DONATIONS". (I.E., SALES OF "SCIENTOLOGY" *SERVICES* AND *PRODUCTS*);

6. To further continue their unfettered, illegal use of the Dane intellectual property rights, the Defendant Economic Hate Crime Syndicate embarked upon a 10-phase, coordinated campaign, enlisting the named co-conspirators, to destroy a small business, both its economic viability and its reputation viz., Plaintiff, located in Broward County, Florida,

PART II - EHC-DEFENDANTS FELT OBLIGED TO     ACT ILLEGALLY OVER AND OVER

7. The Defendant Economic Hate Crime Syndicate's motivation in perpetrating the conspiracy was <u>at first, simply to avoid paying fair royalties to the Estate of author</u>, Leslie Achilles Dane (deceased in 1990).

8. As of March 1994 CDI contracted with the Dane Estate to exclusively represent the Estate of Leslie Achilles Dane through his surviving spouse Lois (Betty) Dane.  As part of the CDI contract, Plaintiff as the chief officer of CDI, personally accepted a duty to protect the Dane Estate, from all attacks.

9. Plaintiff repeatedly signaled to the Defendant Economic Hate Crime Syndicate by their actions that

(a) he would not be able to be bought off by the EHC Syndicate's efforts to make them betray their fiduciary duty to their client, the Dane Estate;

(b) Plaintiff would not be able to be easily sued into non-existence (The Defendant Economic Hate Crime Syndicate's ultimate, current and continuing goal regarding the Plaintiff); and

(c) The Plaintiff would not be able to be frightened and/or easily made willing to simply give up trying to operate CDI business enterprise unrelated to any (ill)legitimate business interests of the Defendant Economic Hate Crime Syndicate,  which business-operation attempts were  made however, all but impossible by the activities recounted in this Complaint.

10. All of the aforementioned conspiracy occurred  IN THE FACE OF THE LARGEST SINGLE COVERT DEFAMATION PLOT POSSIBLY IN THE HISTORY OF THE INTERNET and continues presently as, perpetrated by Defendant Economic Hate Crime

Syndicate.  To further these ends, the International Scientology Economic Hate Crime Syndicate

Conspiracy escalated into ultimately nine (9) additional operational tentacles (phases), making

ten (10) in all,  as diagrammed on page 32 of this complaint.

## PART III - PLAINTIFF IDENTIFIES THESE ALL THESE EHC-DEFENDANTS AS *CO-CONSPIRATORS*

11. As the Complaint will specify, the EHC-Defendant individual and group conspiracy

members who have committed and continue to commit the various tortious acts against

Plaintiffs are connected .

12. Attached to this complaint as composite Exhibit A. is a Forensic Probability Analysis

and was completed by a professional Forensic Statistician of the events leading up to the first

filing of this complaint. While the subsequent events are not included in the calculation, they

would only extend the IMPROBABILITY that the entire line of events "happened by chance". In

the tradition of how now-scientifically-accepted  DNA analysis is employed to establish either

paternity or culpability for a crime, a Forensic Probability Analysis calculates the probability[3]

that each occurrence in a series of proven-factual events are likely to be independent of those

previous and following.

13. This Forensic Probability Analysis calculation can be made for any number of

sequenced events, whether 2 events in a sequence or 102 events; since **the math involved takes**

**into account the probability of each new event added to the sequence.** By calculating how

"independent of each other" events-in-a-sequence "probably" *are*, one simultaneously and

---

[3] "**probability**" is defined as: the **"probability of throwing a single fair die** [singular of dice- small cubes of plastic, ivory, bone, or wood, marked on each side with one to six spots, usually used in pairs in games of chance or in gambling.] **and landing a "3" =    1 in 6 = 1/6 = 16.67%)**

automatically calculates the converse: *how likely it is that sequential events are NOT independent of one another.*

14. This mathematical method of calculating progressive probabilities is well-established **and over 250 years old and is thus scientifically and universally accepted scientific principle.** When applied to the events detailed in this complaint, an independent Forensic Statistician (Exhibit A) determined that the chance that the Defendant Economic Hate Crime Syndicate , their co-conspirator individuals and groups acted independent of one another against the Plaintiff, was computed, clearly and stunningly as ...

## *"LESS THAN ONE IN ONE TRILLION"!*

## PART IV - THE CONSPIRACY GREW LARGER & MORE ELABORATE ... WHY

15   Commencing in 1994 and through the present,   Plaintiff continued to demonstrate their persistence at representing the interests of the Dane Estate, via ensuing litigation brought by CDI against Defendant  EHC Syndicate in three separate lawsuits – all in defense of the rights of the Dane Estate.

16. . Collectively, as time went on, the CDI lawsuits directed by Plaintiff, for CDI threatened to expose not only (a) the EHC-Defendant's tortious actions in derogation of rights and interests of the Dane agents and Estate, but also (b) to expose the Defendant Economic Hate Crime Syndicate's disingenuous and fraudulently-represented international *corporate structure*, and also (c) threatened to expose  Defendant Economic Hate Crime Syndicate's decades-long, direct and indirect, deliberate efforts *to corrupt courts and courtrooms from California to Florida*, at both State and Federal level (via the efforts of, but not limited to a network of corrupted lawyers and operatives such as

black-bag-action "specialist", EHC-Defendant "Private Investigator" Eugene Ingram, [*a disgraced and dismissed, former LAPD officer who once operated a brothel), who upon information and belief, may still have an outstanding warrant out in Florida against him*]. )

17.   EHC-Defendant Ingram has been used for decades (before these matters, unbeknownst to Plaintiffs), by Defendant International Scientology Economic Hate Crime Syndicate to conceive and carry out "black bag campaigns" against government officials and fancied enemies along with opposing litigants of Defendant Economic Hate Crime Syndicate, including mayors [in one case, creating a false "car accident" to attempt to disgrace a mayor of Clearwater, FL (1975-76) where Defendant Economic Hate Crime Syndicate was experiencing resistance to locating its international "retreat" ] quite in addition to its efforts to attempt to intimidate and harass judges[4], opposing counsel[5] and opposing litigants (the Internet is rife with annotated court documents and

---

4 In its second litigation-in-self-defense brought by Plaintiff and CDI against the Economic Hate Crime Syndicate, a California State judge, Jeffrey Wiatt in 2004, then on the bench in Valencia, CA, committed suicide close to the time he was adjudicating a case between the Plaintiffs and the Economic Hate Crime Syndicate.  At one point, Plaintiff and CDI petitioned Judge Wiatt to consider creating a "Defendant class" in a Declaratory Judgment action concerning a contract between Plaintiffs and the Economic Hate Crime Syndicate.  Soon thereafter, Wiatt committed suicide.  Upon Plaintiffs' later formal, professional investigation into the circumstances surrounding Wiatt's death, professional investigators found no law enforcement officials willing to discuss the case or any part of their investigative "leads" or options, whether followed up and not followed up.  Wiatt's reported reason for taking his own life was the alleged "imminent exposure" of *his alleged pedophilia*.  Yet, upon his suicide, and at no time discoverable then or since have any victims whatsoever been identified or come forward.  Typically, victims in such cases would sue to recover damages, but upon information and belief, nothing of  this kind was or has ever been attempted with respect to Wiatt or Wiatt's estate, etc.  In an earlier case, a Federal Magistrate, one Judge Kolts in South California Federal District Court, cited The International Scientology Crime Syndicate as egregiously obstructive of justice and as *using the court system instead for its own vengeful purposes*, even as he awarded over $2 million in attorneys fees to counsel opposing the Syndicate.  Documentation of these events is in the possession of Plaintiffs.

5 In this case, at one point, several of the operative defendants named above, contacted one of Plaintiff's counsel's spouses, falsely alleging to her that *"a homosexual relationship"* existed between the two in an effort to induce that spouse to pressure her attorney-husband to cease representation of the Plaintiffs "accordingly. Documentation of these events is in the possession of Plaintiffs.

references too numerous to even footnote here) as well as any high-profile and occasionally even low-profile once-they-have-exited, former members).

18. In the instant matter, the Defendant Economic Hate Crime Syndicate **has ploughed in excess of $1 million** (the amount which they have admitted to spending alleged documentation of which has been submitted by them to the Federal Copyright Court brought by CDI and which is likely to be about 1/3 of what they have actually expended) **into strategies and tactics mounted** for the purpose of extinguishing Plaintiff and CDI (economically and if necessary, factually), but the Defendant Economic Hate Crime Syndicate has to-date failed to erase the Plaintiff and CDI.

## PART V - THE INITIAL CIRCUMSTANCES CONNECTING THE PARTIES

19. Dane's sales training book (originally named *Effective Sales Closing Techniques* written in 1971) took on within Scientology, after 1971, *dogma-like status* throughout the expanding Defendant International Scientology Economic Hate Crime Syndicate.

20, A world away from author Les Dane's almost pastoral existence, the Defendant International Scientology Economic Hate Crime Syndicate's founder, Lafayette Ronald Hubbard, a/k/a Ron Hubbard upon information and belief, was better than 21 years deep into disseminating worldwide a type of (organizational as well as individual) *mind control* over the EHC Syndicate's increasing membership[6], dating back to 1950 when he first became widely known

---

[6] The vast, vast majority of non-official, "Scientology members" remain continually unaware of The International Scientology **Crime Syndicate's** existence and egregious actions which deservedly label it a crime syndicate; and this majority of parishioners remains (and is kept by the Syndicate's leaders) unaware of and segregated from the official Syndicate Intelligentsia's decision-making and operational loop (as was LETTERESE before the events which have transpired within this case).
Otherwise law-abiding and normal American (and other countries' ) citizens instead unwittingly fund and underwrite criminal activities, even as they believe(d) the Syndicate's alleged identity to be the advertised one: an at-first-fledgling and eventually-embattled new "religion" (begun in 1954); an alleged new

for his alleged "research", up to and through the early 1960's when he first began referring to himself in EHC Syndicate documents as *"Source"*, Hubbard's thereafter official, self-assigned "ecclesiastical " moniker. Dane's and the EHC Syndicate's "worlds" came together when …

21.  HUBBARD DECIDED, IN 1971 TO ANOINT DANE'S BOOK[7] AS THE *"SALES AND CASH FLOW BIBLE"* OF THE DEFENDANT INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE.  THAT EVENT, 37 YEARS AGO, SET IN MOTION ALL OF THE SUBSEQUENT EVENTS WHICH ARE THE SUBJECT MATTER OF THIS COMPLAINT.

## PART VI - THE NATURE OF THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE

22. As self-proclaimed *"Source"*, Hubbard's de facto authoritarian authority within the Defendant   EHC Syndicate was couched in an ingeniously promoted-as-virtually-infallible,

---

"church", singled out by the US Dept of Justice, the CIA and the IRS for unconstitutional and prejudicial treatment, including but not limited to infiltration by government agents to effect anti-Scientology "stings"; e.g., alleged prejudicial treatment by the IRS. The attributed motives for this allegedly prejudicial treatment was stated to be because this *church's* "technology" [sic] held the key to exposing and reversing government/CIA secret "mind control" projects. Hubbard claimed to have allegedly *discovered* CIA mind control experiments permeating into U.S. society everywhere, at the hands of "an army of compliant psychiatrists".  These, he asserted were directly and indirectly (allegedly) recruited by the CIA to oversee and covertly dominate the lives of Americans through mind control of Congress, etc.

This "technology" as researched by Scientology's "Source" was *advanced as the only antidote to the "government plot"* and relied for its alleged credibility upon the fact that Hubbard wrote in excess of "25 million words", *a much-promoted figure of allegedly one-of-a-kind, breakthrough research [sic]* into the "human mind and spirit" which Defendant Economic Hate Crime Syndicate has later oft referred to, for legal convenience, as "its beliefs", as in "Tom Cruise's beliefs" (on Oprah, etc.) – when in fact Defendant Economic Hate Crime Syndicate merely posits "beliefs" which are in fact ALWAYS offered to members, both new and existing, not as any matter of "faith" or "beliefs", but instead as a matter of "reasoned 'scientific' [allegedly test-able] research" (to wit, *technology* or *"the tech"*), mounted and deployed in a manner indicated as not merely parallel to accepted science but indeed, "superior to the scientific method".  One name for this kind of duplicity in the world of political science and international affairs is *"double-tracking"*.  *The International Scientology Crime Syndicate serially and obsessively "double-tracks" with respect to its members on the one hand and the outside world on the other hand!* Documentation of these factual elements is in the possession of Plaintiffs.

[7] Neither in 1971 nor at any time thereafter was Les Dane a member of The "Church" of Scientology.

impenetrable and unassailable dogmatic "sheath": the <u>inviolable and unchallengeable always-promoted, repeated and viciously defended</u> ***CREDIBILITY*** **OF HUBBARD'S SO-CALLED "RESEARCH".**

23. In short, if Hubbard claimed to have researched *a tenet*, any member was expected to follow *that tenet* and <u>trust</u> *that tenet* and <u>apply</u> *that tenet* – UPON PAIN, ULTIMATELY OF EX-COMMUNICATION.   Excommunication and/or "formal disconnection from the group" became a member's fate if any number of myriad Scientology "procedures" couldn't recover or reclaim or rehabilitate a straying member's  lack of **acceptance** of these *"researched" tenets*; or if that acceptance failed to form in the first place or, if once formed, it later began to dissipate or disappear – then a member was ultimately pointed toward and eventually escorted through the membership "exit" door.

24.  <u>The Defendant International Scientology Economic Hate Crime Syndicate is relevant to this case because ONCE THE DANE BOOK WAS ORDERED BY RON HUBBARD INTO THE  EHC  SYNDICATE'S  "MANAGEMENT  DOGMA"  IN  1971  THE  DANE  BOOK BECAME   SUBSUMED  INTO  DEFENDANT  ECONOMIC  HATE  CRIME  SYNDICATE *"DOGMA".*</u>

25.  <u>After Dane's passing, the Dane Estate and its agents, the Plaintiff , refused to buckle under to Hubbard's followers' ongoing hijacking of the Estate's intellectual property,</u> ***<u>Defendant Economic Hate Crime Syndicate framed its Machiavellian plans for the Plaintiffs as a "fight to the death", using every trick, illicit asset, illicit resource and trap from their half-century-old bag of "operations" regarding judicial interference and "dirty tricks" playbook, and through its stable of operatives.</u>***

## <u>PART VII - THE EHC-SYNDICATE'S "S.O.P." OF DECEPTION & FAMILY DISRUPTION</u>

26. IN THIS CASE, THE EHC-DEFENDANTS AND THEIR CO-CONSPIRATORS WILL, FROM THE MOMENT THIS COMPLAINT WAS FILED, HAVE AND WILL CONTINUE TO ASSERT COMPLETE REVERSALS OF OBVIOUS AND DOCUMENTED FACT SO AS TO MISDIRECT THIS COURT AND ULTIMATELY THE JURY AWAY FROM A CLEAR PERCEPTION AND COMPREHENSION OF THEIR CAST-IN-INSTITUTIONALIZED-DOGMATIC-*STONE* CRIMINAL ACTS.

27. A typical and excellent example, one of numerous, planned and repeated false public utterances, and by no means isolated, occurred very recently on the morning of May 8, 2008 at approximately 8:40am eastern daylight time when a designated agent and spokesman for EHC-Defendant Scientology, Tommy Davis was being interviewed by CNN. Asked about the much publicly criticized EHC Syndicate "policy" of disconnection, Davis said REPEATEDLY and emphatically *"no such [disconnection] policy existed".* Exhibit B (attached below) plainly and uncontradicted-elsewhere-in-that-or-any-other-EHC Syndicate-document information contravenes that public statement on CNN. One finds the very extant, bona fide Scientology "scripture" concerning both THE "TENET" AND "POLICY" OF DISCONNECTION in its very title [one of multiple such "bulletins", many of them listed on the scripture's title page] including an instructional recipe for when, how and why to "disconnect" while a Scientologist. This is, within Defendant Economic Hate Crime Syndicate punctuated by the admonition that *if one will not "disconnect" when one should, one will sooner or later be "disconnected from".*

28. Not just by coincidence, IN THE INSTANT MATTER, "DISCONNECTION" PLAYS AN ENORMOUS ROLE. SPECIFICALLY, IN 2000, WHEN WORD CAME TO THE PLAINTIFFS (This message turned out to be one of the seminal acts in the EHC-Defendants

conspiracy,) THAT THE "*CHURCH*" OF SCIENTOLOGY WANTED TO *DISCUSS with the*

*Plaintiffs* "ACQUIRING RIGHTS TO THE DANE BOOK" (the catalyzing event of the main

tactical acts of the conspiracy).[8]

29. Since Plaintiff was, as of 6 years earlier, a "disconnected-from" ex-member of EHC-

Defendant "Church" of Scientology, the offer from Defendant Economic Hate Crime Syndicate

for Plaintiff to obtain "easier and expedited" re-entry into the "group" was dangled before him, as

will be borne out in evidence submitted in this case, in a blatant but unsuccessful attempt to

induce him to act in derogation of the best interests of his clients, the Dane Estate – if Plaintiff

would just give Defendant Economic Hate Crime Syndicate "a good deal (derogative to the

Estate's and its agents' interests) on" the rights to "THE BOOK".

## PART VIII - THE EHC SYNDICATE'S DOGMA DEMANDS THAT ITS REPRESENTATIVES "INSTITUTIONALLY" DISSEMBLE AND DECEIVE ...

30.         Defendant Economic Hate Crime Syndicate lies whenever it is

expedient to avoid scrutiny – unswervingly and often; and in doing

so, entirely relies on the perceived-to-be short attention span of both

the media and the courts regarding the Defendant Economic Hate

Crime Syndicate's assorted, intentionally contradictory and false, yet

seemingly "passionate" assertions – each of which is DESIGNED

TO DENY ANY OPPONENT DUE PROCESS when in litigation,

---

[8] Plaintiffs could not speak directly to the Syndicate's inquiring Office of Special Affairs representatives but had to speak via a Defendant Economic Hate Crime Syndicate attorney Defendant Moxon and Kobrin, *because* Plaintiffs **had been literally, and officially in writing** [as well distributed to all of Plaintiffs' business connections in and out of Syndicate membership] **"disconnected from 6 years earlier"** by Defendant Economic Hate Crime Syndicate and all of its members.

by seducing courts to eliminate or ignore and/or misinterpret factual evidence of Defendant Economic Hate Crime Syndicate's obvious, intentional, endless and egregious acts.

31.       Hence, The International Scientology Economic Hate Crime Syndicate gets the public opinion advantage of the "very public embarrassment and defamation" which they level against any and every opponent, though most often covertly, through intermediaries (e.g. the co-conspirators in this case) as well as when brought before judicial authorities – which from the start discredits individuals and groups who bring clear evidence of incontrovertible fact and has upon information and belief, produced uneven, biased and contrary-to-law "results" before State and Federal courts for the Plaintiff, and ultimately the Dane Estate.

32. In the International Scientology Economic Hate Crime Syndicate's founder's own words …

Which is precisely what has and continues to occur by these EHC-Defendants against Plaintiff:

" *The purpose of the[any][law]suit is to harass and discourage rather than to win. ¶ The law can be used very easily to harass, and enough harassment … will generally be sufficient to cause … professional decease. If possible, of course, ruin him utterly.*

— L. Ron Hubbard, Scientology Founder & Lifelong Senior-Most Authority Through 1986
*OFFICIAL Manual on the Dissemination of Material 1955*

*PRELIMINARY ULTIMATE FACTS*[9]

**33. Plaintiff, is sui juris and a resident of Broward County, Florida.**

34.  CDI is a Florida corporation transacting business in Broward County, Florida (and throughout the United States) and which was a Debtor in Possession operating under the authority and control of the United States Bankruptcy Court due to the actions of the EHC-Defendants.     On September 9, 2008 without affording any opportunity to reorganize, EHC-Defendant Honorable Judge John K. Olson disallowed CDI counsel and converted the case to Chapter 7 placing control of CDI into the hands of EHC-Defendant Marika Tolz, Chapter 7 Trustee. Marika Tolz in turn hired, EHC-Defendant John Genovese as her attorney  and Genovese Joblove and Batistta.  To date, the Chapter 7 Trustee, has filed an appearance in this case, but has never taken any action to protect Plaintiff as one of the shareholders and one of the largest creditors of CDI but has in fact hampered, delayed, and sought to damage the rights of Plaintiff in this proceeding as set forth below.

35.    In approximately 1973, Plaintiff LETTERESE joined the Church Of Scientology in Washington, DC, overseen by EHC-Defendant CHURCH OF SCIENTOLOGY INTERNATIONAL, INC. a California corporation (CSI) as a member

---

[9] NOTE: ALL OF THE ACTIONS INCLUDED IN THE CONSPIRACY DESCRIBED IN THESE PRELIMINARY ULTIMATE FACTS, REVOLVE AROUND A MARKETPLACE PHENOMENON KNOWN AS "**MOBBING**".  IT HAS BEEN RESEARCHED FOR OVER 20 YEARS AND IS FORMALLY DESCRIBED IN A 1999 TREATISE ENTITLED SIMPLY, "**MOBBING**",  AUTHORED BY NOA DAVENPORT, PhD.  ... SO AS TO PLACE THE ULTIMATE FACTS BELOW IN CONTEXT, THE APPLIED DEFINITION OF "**MOBBING**" FROM DR. DAVENPORT'S TREATISE FOLLOWS: *"... a malicious attempt to force a person out of the [marketplace] through unjustified accusations, humiliation, general harassment, emotional abuse, and/or terror. ... a ganging up by an organization[s] ... who rallies others into systematic and frequent, 'mob-like' behavior ... it can be said that the target, seemingly helpless against the powerful and the many, is indeed 'mobbed'. The result is always injury [economic, reputational], physical or mental distress or illness and social [marketplace] misery, and most often expulsion from the marketplace."*

36      Through Plaintiff new-parishioner affiliation with Scientology in Washington, DC in 1973,, Plaintiff learned of a book entitled Big League Sales Closing Techniques a/k/a Sure Fire Sales Closing Techniques (BLS and/or "THE BOOK") originally written in 1971 by Les Dane and published by Parker Publishing under the title of Effective Sales Closing Techniques.

37.      In approximately 1994, Plaintiff  entered into a license arrangement for the exclusive rights to "THE BOOK" as agent for Les Dane Estate from Lois (Betty) Dane the lawful owner.

38.  Plaintiff  has continuously seen to the payment of royalties for its use to the Dane Estate from 1994 to the present as a power of attorney.  The ownership of the license agreement and the revenue right was transferred in 2006 to pay debts of CDI caused by the EHC-Defendant Church of Scientology attacks upon Plaintiff and CDI.

39      Subsequent to Plaintiff and CDI acquisition of the exclusive rights to "THE BOOK", Defendant Economic Hate Crime Syndicate tried to acquire unspecified rights to "THE BOOK" and sought to interfere with Plaintiff 's rights to THE BOOK

40.      THE EHC-DEFENDANT INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE has utilized "THE BOOK" since 1971 in many forums in the United States and throughout the world for approximately thirty two hundred (3200) or more (now possibly closer to 7500 organizations Defendant Economic Hate Crime Syndicate currently alleges exist), separately incorporated churches, missions and other organizations all within  the "Church" of Scientology Group of Organizations each of whom are ultimately controlled by Defendant Economic Hate Crime Syndicate.

41.  The economic and personal attack actions detailed in this Complaint worked to deconstruct and cripple the income and cash flow of Plaintiff and CDI. from a $2 million per

year and growing company in the late 90's and early 00's, for which Plaintiff as the chief operating officer benefited directly and whose livelihood was destroyed by EHC-Defendants.

42. Further Plaintiff using  its breakthrough protocols for ethical and persuasion-free selling [unrelated to Scientology/Defendant Economic Hate Crime Syndicate dogma] was on track to license its sales techniques to  major corporations for ultimately hundreds of millions of dollars realizable.

43.  Further , as a byproduct of its activities and in keeping with certain portions of the Dane contract, to Plaintiff's client, the Dane Estate would have benefited from  the sales, licensure, et al denied by EHC Syndicate and co-conspirators' actions, because Plaintiff would have benefited from royalties to which the Dane Estate was entitled to a contractually based percentage to pay Plaintiff CDI.

44.  Presently, instead Plaintiff PLA is in bankruptcy, due to the actions as set forth below by EHC-Defendants.

45. Presently Plaintiff is disfigured in his individual  public image so severely it Plaintiff has been unable to earn an income and was forced to file personal bankruptcy.

46.  Nevertheless, EHC-Defendants actions have failed neither to destroy the contract between the Plaintiff CDI or Plaintiff and the Dane Estate nor to gain any control or ownership over THE BOOK..

47.  When  EHC-Defendants have  failed over and over to control THE BOOK, , Defendants INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE and all of the numerous internal and external group(s) of co-conspirators listed in this complaint were repeatedly, sequentially and at times simultaneously recruited and deployed by  and

controlled ultimately, upon information and belief, including at the top,  EHC-Defendants Tom

Cruise and David Miscavige.

48. Some were recruited and deployed directly and others through "cutouts"[10] into

participating in no fewer than ten (10) separate, economic-reputation-personal attack

campaigns[11] to try to do everything imaginable and unimaginable to destroy Plaintiff's

reputation and economic survival once and for all, so as to inherit the rights to the Les Dane

"BOOK"[12] and rob both the Plaintiffs and by contract, the Dane Estate of the rightful income

stream that would come from the payment of royalties.

---

[10] Def. **cutout … *slang.* a trusted intermediary between two espionage agents or agencies. *[Random House Unabridged Dictionary]* …** [For example, Defendants Bonsett & Howard were unlikely to have known that Thomas Griffin's "client" was The International Scientology Crime Syndicate.] Similar to Watergate, where operatives reporting through **cutouts**, to ultimately no less than the U.S. Attorney General, John Mitchell (ultimately jailed over Watergate) and Secretary of Commerce Maurice Stans, were probably unknown "by name" per se, to either Mitchell or Stans on the day of the break-in,

[11] The nature of the attack campaign events listed herein, was in fact a cohesive, de facto and 100% intentional conspiracy to destroy the Plaintiffs. Drawing upon his probable access to the protocols of Naval Intelligence when in the Navy, Hubbard, in the late 1960's-early1970's invented and formed a well-evolved international system of counter-action against any and all real or imagined Defendant Economic Hate Crime Syndicate "enemies" (first headquartered in England but later, when its name changed, it was and has been run from Los Angeles and Hemet, California). The organizational hub for this counter-action protocol was made famous in the late 70's during the U.S. Government's case against what was originally called, the Scientology's *Guardian's Office*. This Scientology Guardian's Office operatives list included Defendant Attorney Kendrick Moxon, Scientology's Lead Counsel for over 15 years to the present, its apparent *"Conspiracy Quarterback"* in the instant matter (thus a Defendant here) and a former un-indicted co-conspirator in the U.S. Government case against *Mrs.* Hubbard which resulted in her going to jail. This Guardian's Office was allegedly disbanded in the early 80's after the U.S. Government successfully prosecuted Hubbard's wife and half a dozen Scientology "guardians" for infiltrating U.S. government offices trying to acquire files related to the Syndicate. This Guardian's Office, instead of disappearing (just as the successor *"Russian Security Ministry"* survived the "demise" of the Soviet KGB), a successor to the Syndicate's Office also survived under the new name of CSI's International "Office of Special Affairs". Its continuing mission was and is to intensify and refine the standard policy and protocol of black bag tricks and operations against any and all presumed enemies. Given this history, and upon information and belief, this Office of Special Affairs was the tactical arm, which ordered, coordinated and deployed the various economic, reputation and personal attacks listed within this Complaint. Documentation of these events is in the possession of Plaintiffs.

[12] "Scientology (religious) dogma" and its income imperatives came together over a single, seemingly innocuous book about (mostly retail) *sales closing* techniques. "THE BOOK" was written by non-Defendant-Syndicate-connected author, Leslie Achilles Dane in 1971. "THE Book's use was *"spiritually"* & *financially mandated* by Hubbard in almost annually published or re-published "*organizational technical bulletins"* and *"policy letters"* [sic] beginning in 1971. "THE Book's use was reinforced virtually every

**THE USE OF THE "BOOK", MANDATED BY HUBBARD, WAS, UPON INFORMATION AND BELIEF DEEMED SO CRITICAL TO THE COHESIVENESS OF THE EHC-DEFENDANT GROUP, THE PRESERVATION OF ITS OWN CASH FLOW AND STAFF RECRUITMENT AND HOLLYWOOD-CELEBRITY-CONVERT QUOTAS, THAT IT WAS COMPELLED BY ITS OWN HISTORY AND SPIRITUAL RHETORIC TO DO ANYTHING AND EVERYTHING, LEGAL OR OTHERWISE, TO PRESERVE THE PRISTINE ADHERENCE TO ITS BY-THEN-DEAD FOUNDER'S INVIOLABLE MANDATES.**

49. EHC-Defendant    Bridge Publications, Inc. a California corporation (Bridge and/or BPIC) is the publishing arm of Defendant Economic Hate Crime Syndicate in the United States.

50.    Subsequent to Plaintiff's acquisition of the exclusive rights to "THE BOOK", EHC-Defendant Bridge allegedly (but actually via one or more operatives working for The International Scientology Economic Hate Crime Syndicate) secretly from Plaintiff, approached Les Dane's widow and other Dane family members to try to obtain for Defendant Economic Hate Crime Syndicate rights in "THE BOOK" in complete derogation of the Dane family's exclusive license with Plaintiff known to EHC-Defendant Church and Bridge and Miscavige..

single year thereafter by Hubbard in writing. Surrogates within the Defendant Economic Hate Crime Syndicate, until his death in 1986, applied it for use in every nook and cranny of The International Scientology Crime Syndicate  Business Superstructure to facilitate the Defendant Economic Hate Crime Syndicate's so often touted *"taking of the planet"*.  "THE BOOK", under Hubbard's mandate became a kind of talisman, (token, charm, amulet, a "management obsession").  It was and continues to be used in no fewer than 26 separate mandatory organizational training courses for staff and a comparable amount for non-staff "parishioners"; a binding financial "glue" used to guarantee the Scientology "mission to take over the world" – all attributed to A SIMPLE, UNAFFECTED BOOK BY AVERAGE-AMERICAN, NON-SCIENTOLOGIST, LES Dane's "BOOK" ENTITLED *BIG LEAGUE SALES-CLOSING TECHNIQUES*.  "THE BOOK".  It became so important to the Scientology conspirators and co-conspirators listed, that by 2006-2007, they had (claimed in court papers to have) spent in excess of $1.3 million (the amount they have admitted; the true figure is probably triple that) to wrest this book from the hands of the Plaintiff and Plaintiff CDI and had yet continually failed.  Control of the rights to "THE BOOK" by the Plaintiffs, once acquired in 1994, was intolerable to The International Scientology Crime Syndicate.  With each failure to destroy the Plaintiff came a new and more intensified (if necessarily better-masked) conspiracy campaign phase.  Until the actions depicted on the chart on page 32 following became an accurate, operational reality.

51. At the same time (2000-2003) that EHC-Defendants CSI and Bridge were trying to secretly negotiate with Lois (Betty) Dane the owner of THE BOOK,  EHC-Defendants CSI and Bridge were pretending to be engaged in negotiations with Plaintiff and Plaintiff CDI that would have resulted, if carried out in good faith, in the payment of fair royalties both Plaintiffs with a concomitant amount to the Dane Estate.

52.    As part of the conspiracy to interfere with contractual rights of Plaintiff  on about 2000 THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE through an attorney from New York (EHC-Defendants , Daniel Dashman and William Hart of Proskauer Rose) as the agent of EHC-Defendant THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE contacted the Dane Family lawyers and offered to break up the contract between Plaintiff and Plaintiff CDI and the Dane Family.

53..    In 2003, the Plaintiffs brought a suit[13] against EHC-Defendant  Bridge for interference with their contractual relations with the Dane family members, among other things in California. That suit was dismissed without prejudice as the parties entered into an (STANDSTILL AGREEMENT") to negotiate (at Defendant Economic Hate Crime Syndicate's urgent request, so as to avoid a summary judgment on Feb 13, 2004) for one year beginning February 27, 2004, which prohibited public comment about Plaintiff and Plaintiff CDI and all associated people and businesses. EHC-Defendant CSI  however, refused to have anyone other than their counsel David Schindler, esq., sign the agreement or confirm the agreement and

---

[13] The lawsuit was filed only after three months of almost daily but futile Plaintiff-attempted *negotiations* in which Defendant Economic Hate Crime Syndicate's front law firm of Moxon & Kobrin pretended to be "just about to agree in writing" 8 or 9 times, but ultimately failed to agree to a permanent stipulation stating that they would leave the Dane family members alone and stop harassing them (a request to Plaintiffs from the Danes via Lois Dane Richter, the Dane Estate Administrator.

fraudulently asserted that it was binding on all "Scientology-connected" entities EHC-Defendant Does 1-700 in that lawsuit.

54..    Plaintiff CDI alone filed a declaratory judgment action (2004 California) for a court determination as to whether or not the STANDSTILL AGREEMENT was binding and on whom, when repeated attempts to secure all of Defendant Economic Hate Crime Syndicate and EHC-Defendants 1-700 written joinder failed. Prior to, at the inception of and during the pendency of the suit (in egregious breach of the very agreement they would spend 4 years asserting Plaintiff *CDI* had allegedly breached), Defendants EHC Syndicate  and other EHC-Defendants including but not limited to the EHC-Defendants, Moxon and Kobrin and its principals Kendrick Moxon and Helena Kobrin (EHC-Defendants agents   attorneys) took repeated actions as part of an ongoing conspiracy to defame the Plaintiff outside of the Court setting, and to interfere with and destroy Plaintiff 's contracts and business relations and prospective business advantage, to breach the February 27, 2004 agreement, so as to advance the various businesses[14] of all of the co-conspirators, such as the businesses of EHC-Defendant set forth below and to unjustly enrich THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE including EHC-Defendant Bridge by attempting to obtain the rights to the "THE BOOK" book by literally bankrupting Plaintiff and/or by other means.

---

[14] The various Defendant Economic Hate Crime Syndicate "churches" in the United States, are upon information and belief, pseudo (and unlicensed) psychological counseling and counselor-training centers, absent individuals anywhere on staff with psychology degrees, let alone advanced degrees in counseling, etc.  The named organizations of Defendants includes the names of key Defendant Economic Hate Crime Syndicate "churches"/businesses.  Additionally, despite Defendant Economic Hate Crime Syndicate's acquisition of "religious" status compliments of an IRS Tax Exemption granted in 1993, upon information and belief it was obtained by placing the IRS under duress via The International Scientology Crime Syndicate's extant-at-the-time, 200 lawsuits against the IRS, which were "dropped in exchange for" their tax exemption.  Upon information and belief, the criminal acts specified in Plaintiffs' Federal RICO claim ABOVE APPLY TO EVERY Scientology-connected organization in the USA who benefited from the acts of supervising "senior" corporations which were and are nevertheless legally separate, which once they are found to have violated the non-profit corporation statute (by virtue of the criminal acts outlined in this complaint, suggests that according to law, their non-profit status, quite in addition to how it may have been obtained, would be null and void.

55.     On September 9, 2004 (the day after Plaintiff CDI filed  its copyright lawsuit against EHC-Defendants CSI  and the other EHC Syndicate copyright infringement Defendants) and continuing to this day EHC-Defendant, Craig Ryan, a covert agent for THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE posted a defamatory and false alert on DentalTown.com (the primary internet site in the dental field where the Plaintiff has operated dating back to 1989) referred readers to a "dentistry alert" website that "Cartmier" a/k/a Craig Ryan claimed to have "found" (which in fact, he conspired along with other EHC-Defendants to promote, so as to financially and reputation destroy Plaintiffs). (as set forth in attached Exhibit)    And, as a result of these false, false light and intended-to-destroy-plaintiffs' misrepresentations about the Plaintiff's operations in the Dental field and the character of its CEO and Founder  allegations in this internet site Plaintiff was damaged (as set forth in the very same Exhibit  below) at the site of a class sponsored under the trademark name, SAVE! International, which is a d/b/a of Plaintiff CDI

56.     In the summer of 2004 Defendant THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE through Defendant Economic Hate Crime Syndicate, conspired with and used, private investigators Thomas Griffin (deceased as of Nov 2004), via Ryan Samuel Bonsett (a/k/a Sam Bonsett) and EHC-Defendant William Richard Howard (a/k/a Dick Howard) to set up the aforementioned website having, over time multiple Internet domain names, always including the words "Dentistry Alert."

57.  Specifically Griffin and his wife, Anne Marie, via his company EHC-Defendant Economic Research Group of Fla., associated with Economic Research Group of NY (which upon information and belief, pointedly and specifically sent Thomas Griffin to Florida at the behest of The International Scientology Economic Hate Crime Syndicate for the purpose of

*"getting something on Letterese"*, even manufacturing that "something" if need be); hired EHC-Defendant, Private Investigator EHC-Defendant, William Richard Howard to disseminate false and defamatory information about Plaintiff on this DentistryAlert.org web site so as to pressure negotiations between Plaintiff and Plaintiff CDI and Defendant Economic Hate Crime Syndicate with regard to Scientology's worldwide use of the primary asset of the Les Dane Estate, the Les Dane 1971-authored book, originally *"Effective ... "* (renamed by Parker Publishing, *"Big League ... "* (later renamed again by sequential owner, Simon & Shuster via its Prentice hall subsidiary) *"Sure-Fire" Sales-Closing Techniques*).

58. Defendant Economic Hate Crime Syndicate, upon information and belief, collects in excess of $185 million dollars (US equivalent) annually internationally, the collection of which is heavily facilitated through the use of "The BOOK" and has on an year-by-year expanding basis, continuously, worldwide, dating back to 1971.

59. Defendant Economic Hate Crime Syndicate did the following so as to harm or destroy Plaintiff. As part of the conspiracy to defame Plaintiffs, THE DEFENDANT INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE via EHC-Defendant CSI and Moxon & Kobrin, and then, through a long time private investigator of Scientology, EHC-Defendant Ingram, conspired with and contacted an individual referring to himself under the online name of "Copernicus" (upon information and belief Dentist, Michael Maroon DDS of Connecticut) and others to post anti Plaintiff material on the internet and specifically and on DentalTown.com, a popular dentist forum. Some of the postings by Copernicus referred to Plaintiff as a "scumbag". In addition, on information and belief THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE VIA CSI

conspired with "Cartmier" a/k/a Cartmier@aol.com a/k/a "John Mier" real name EHC-Defendant Craig Ryan.

**60.    The EHC-Defendants named below are either members of THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE via EHC-Defendant CSI and other EHC-Defendants, and/or employees, agents, or members of other related entities.**

61.    All EHC-Defendants named below, upon information and belief, were acting pursuant to instructions issued by THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE via   EHC-Defendants CSI et al, or on behalf of it, by agents directly and indirectly, and engaged in activities detailed below with the intent of economically destroying Plaintiff in order to obtain access to and/or control of Plaintiff's exclusive rights with the Dane Family.

62.    Defendant INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE via EHC-Defendants CSI et al, through individuals acting as employees and/or agents of Defendant Economic Hate Crime Syndicate, directly upon information and belief contacted dozens of Plaintiff's clients and former clients and unsolicited, encouraged Plaintiff's former clients to bring lawsuits and derogation of their contracts with Plaintiff and Plaintiff CDI which lawsuits resulted in forcing Plaintiff to file bankruptcy.

63.    Upon information and belief, the objective of Defendant Economic Hate Crime Syndicate was to force both Plaintiffs into bankruptcy thereby financing ruining Plaintiff and further hoping albeit incorrectly to void Plaintiff's contract with the Dane Estate and thereby allowing Defendant The International Scientology Economic Hate Crime Syndicate either to

obtain exclusive rights to Dane's THE BOOK for minimal cost to Les Dane's Estate[15] or to have

a clear, unobstructed path to use of THE BOOK,, freed of any demands for royalty payments to

Plaintiff or control by Plaintiff despite collecting over billions of dollars worldwide through its

use for sales ("fund-raising"), staff recruitment and detailed, decades-long-in-duration worldwide

propaganda campaigns targeted to keep it making money. The "BOOK" is taught "religiously"

to all sales personnel, employee recruiters and public relations operatives. It has not been

removed from The EHC Syndicate's deeply embedded use. It cannot because of founder-

mandated-Dogma, be so eliminated. The International Scientology Economic Hate Crime

Syndicate has been mandated to continue the uninterrupted (an upon information and belief,

*corrupted*) use of Dane's Book, by EHC Syndicate founder, Ron Hubbard as of 1971 [16]

64.    THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME

SYNDICATE VIA CSI and its subsidiaries and/or related companies and/or entities conspired

directly or indirectly with all of the EHC-Defendants listed to set up web sites and/or web entries

utilizing multiple domain names including the name, "Dentistry Alert".

<u>THE PARTIES</u>

---

[15] In 2003, Defendant Economic Hate Crime Syndicate, trying to bypass Plaintiffs, offered the Dane Estate a mere $10,000 (which the Estate refused), to end its affiliation with CDI-PLA, with no offer of other monies for royalties. By 2004, CDI-PLA had already paid the Dane Estate nearly $178,000 in royalties, which amounted more than 6 times the amount author Les Dane had ever earned from "THE BOOK" during his lifetime between 1971 ("THE Book's publication date) and his passing in 1990.

[16] The magnitude of the use and value of "THE BOOK" as well as the magnitude of the aggregate unpaid royalties going back 31 years can be represented by giving a simple example of the benefits of Dane's book's utility to the between 3200 and 7500 alleged-by-Defendant Economic Hate Crime Syndicate, "Scientology" outlets in the world if they were to have agreed to pay a modest, going-forward-for-perpetual-use, one-time royalty for an asset (stolen intellectual property) which had been pivotal in producing well in excess of $1 billion in revenue just up to 2004, commencing in 1971: Understanding that CDI-PLA was willing to grant all of "Scientology" (before its criminal nature became apparent), perpetual use of the Dane book, available for translation and printing in any language on earth in perpetuity into the future in exchange for a one-time royalty payment schedule of <u>$5 per organization per day FOR JUST 5 YEARS</u>, the calculation would be as follows: At a mere ...

$5/day x 365 days x 5 yrs x 3,200 Scientology Organizations = **$29,200,000(US)** or
$5/day x 365 days x 5 yrs x 7,500 Scientology Organizations = **$68,437,500(US)**

65    Plaintiff Creative Desperation, Inc. is a Florida corporation whose principal place of business is located in Broward County, Florida.  It is presently in bankruptcy under the control of EHC-Defendant Marika Tolz as a Court appointed Chapter 7 Trustee.

66. The Chart immediately below (p. 31 of this Complaint) visually and graphically depicts the ten (10) phases of The International Scientology Economic Hate Crime Syndicate Conspiracy against the Plaintiffs.  Those (ten) 10 phases were never meant to go beyond one or two phases, as it was expected that the Plaintiff would cave in during the earliest phases.  Hence, the additional phases were added one or two at a time in a desperate attempt by Defendant Economic Hate Crime Syndicate to "mob" (see definition earlier) the Plaintiffs.  These actions are:

A. Counts  below regarding the actions of EHC-DEFENDANTS DANIEL & LISA DASHMAN TO ATTEMPT TO DESTROY THE RELATIONSHIP BETWEEN PLAINTIFF AND THE DANE ESTATE by several different means in 1997-1999 to the present … for the benefit of The International Scientology Economic Hate Crime Syndicate

B. Counts  below regarding the –MOBBING- actions of EHC-DEFENDANTS WILLIAM HART & PROSKAUER ROSE LAW FIRM to break up the Dane contract by contacting the Dane family lawyers in 2000 … for the benefit of The International Scientology Economic Hate Crime Syndicate

C. Counts  below regarding the –MOBBING- actions of EHC-DEFENDANTS MOXON & KOBRIN to attempt to negotiate "rights" agreement with Plaintiff that would cheat the Danes out of rightful royalties

D Counts  below regarding the –MOBBING- actions of EHC-DEFENDANTS MOXON & KOBRIN, KENDRICK MOXON, HELENA KOBRIN, BRIDGE, GARY SOTER, DAVID

SCHINDLER, MARILYN PISANI, AVA PAQUETTE, LATHAM & WATKINS to attempt

through a fraudulent and illusory contract and harassing actions thereafter in Court to attempt to

acquire "rights" agreement with Plaintiff that would cheat the Danes out of rightful royalties

    E. Counts below regarding the –MOBBING- actions of EHC-DEFENDANTS

        TAYLOR & AMIDON, by bringing a contract-breaching lawsuit in the Baldwin case

        when an arbitration was the contractual arrangement  – all in attempt to break

        financially Plaintiff out of business SO AS TO permit Defendant Economic Hate

        Crime Syndicate to "INHERIT" THE Dane contract and intellectual property rights;

        both on the Internet and in the places of business of dozens if not hundreds of

        Plaintiff's clients.

    F. Counts below regarding the –MOBBING- actions of Baldwin &  EHC-DEFENDANT

AMIDON by bringing a contract-breaching lawsuit in the Baldwin case when an arbitration was

the contractual arrangement  – all in attempt to break financially Plaintiff out of business SO AS

TO permit Defendant Economic Hate Crime Syndicate to "INHERIT" THE Dane contract and

intellectual property rights; both on the Internet and in the places of business of dozens if not

hundreds of Plaintiffs' clients

    G. Counts below regarding the –MOBBING- actions of EHC-DEFENDANTS , INGRAM,

        EDWARDS & ANGELL, BRIER, THEODOSSAKOS, MAROON, SCHULTZ,

        CORNELL, BOTH NESSES, SCHWARTZ, BRODY, WOODFIELD, LUBOW – all in

        attempt to defame Plaintiff out of business SO AS TO permit Defendant Economic Hate

        Crime Syndicate to "INHERIT" THE Dane contract and intellectual property rights; both

        on the Internet and in the places of business of dozens if not hundreds of Plaintiff's clients

        … all in attempt to break financially Plaintiff out of business SO AS TO permit The

International Scientology Economic Hate Crime Syndicate "INHERIT" the Dane contract and intellectual property rights

H. Counts below regarding the –MOBBING- actions of DEFENDANTS ECONOMIC RESEARCH GROUPS OF NY AND FLORIDA, THOMAS GRIFFIN, ANNE MARIE GRIFFIN, STEVEN SAMILOW, DICK HOWARD, RYAN BONSETT – to spoliate evidence so as to mask that Defendant Economic Hate Crime Syndicate had specifically hired Thomas Griffin to prey on Plaintiff's reputation and livelihood; after setting up a website with the single purpose of defaming and tortuously interfering with the business contracts and prospects of Plaintiff - all in attempt to break financially Plaintiff out of business SO AS TO permit The International Scientology Economic Hate Crime Syndicate to "INHERIT" the Dane contract and intellectual property rights

I. Counts below regarding the –MOBBING- actions of EHC-Defendants Ingram, Lubow, Moxon, Kobrin, Moxon & Kobrin, Amidon, Edwards & Angell … contacting dozens and dozens of Plaintiff's clients in an attempt to get them to sue Plaintiffs into non-existence: SO AS TO permit The International Scientology Economic Hate Crime Syndicate to "INHERIT" the Dane contract and intellectual property rights

J. Counts below regarding the –MOBBING- actions of EHC-DEFENDANTS MEEKS, CARLTON FIELDS, MOXON & KOBRIN, ZUCKERMAN SPAEDER, NACHWALTER, KENNY NACHWALTER LAW FIRM who dedicatedly misled the Federal Court and further attempted to illegally influence the outcome of the Plaintiff CDI copyright lawsuit - SO AS TO permit The International Scientology Economic Hate Crime Syndicate to "INHERIT" the Dane contract and intellectual property rights

30

K. The Mobbing by EHC Defendants including Meeks, Carlton
Fields, Korbin, Moxon, Brier, Edwards Angell Schwartz, Brody,
Ness,, Honorable Judge Olson, Honorable Judge Eade, Perlman,
Adorno & Yoss, Marika Tolz, Genovese, Gruher, Genovese,
Joblove Battista, to deny Plaintiff the very rights in and to proceed
in bankruptcy court both personally and as chief officer of Plaintiff
CDI and to corrupt the Court system by tampering, bribery, and
unlawful acts to deny the basic rights to counsel and to proceed in
this proceeding.

67. . EHC-Defendant Robert Bruce Amidon is a resident of California, and he is licensed

by the State of California to practice law. Amidon tried to solicit clients all over the

country via the internet defaming the Plaintiff internationally thereby in the process

including in Florida. He has publicly documented connections to The International

Scientology Economic Hate Crime Syndicate both in terms of legally representing them

in litigation against a former brain-damaged "Church" member who sought a $1.3 million

refund from "the Church" and in promoting their detoxification program, minimally in

California over a period of many years. Working in concert with EHC-Defendant

Norman Taylor, publicly-acknowledged-Scientologist-Attorney, Amidon placed

widespread Internet defamation of Plaintiff between the years 2004 to the present under

the thinly veiled guide of "seeking information for a case he was bringing. Norman

Taylor handed off ... former CDI client, (and solicited-to-sue-CDI-by-The International-

Scientology-Economic-Hate-Crime-Syndicate), Dentist Richard Baldwin ... to Amidon.

Baldwin eventually settled out of court. This EHC-Defendant is a Co-Conspirator Who

31

has played a part in Phases 5, 6, 8 & 9 of the Conspiracy. (See Scientology Conspiracy Web chart p. 32 above). This EHC-Defendant is a Member of this Complaint's RICO Delta Enterprise.

68. EHC-Defendant John Arrastia is a resident of Miami-Dade County, Florida and is licensed to practice law in Florida and is an attorney representing the American Arbitration Association. John Arrastia along with the American Arbitration Association, has directly aided and abetted from Dec 2004 through to the present, other EHC-Defendants in this Complaint (Edwards & Angell, Simeon Brier, Annette Theodossakos, Gary Woodfield, Douglass Ness, Flora Ness, Marc Schwartz, Scott Brody, and indirectly aided Eugene Ingram, Robert Amidon, Norman Taylor and The International Scientology Economic Hate Crime Syndicate. This EHC-Defendant is a Co-Conspirator Who has played a part in Phases 5,6,7 & 9 of the Conspiracy (See Scientology (Defendant Economic Hate Crime Syndicate) Conspiracy Web chart p. 32 above).

69. EHC-Defendant Simeon Daniel Brier is a resident of Broward County, Florida. He is licensed as an attorney by the State of Florida, and he works for the law firm Edwards Angell Palmer & Dodge L L P. Brier has, upon information and belief, been a prime sub-architect in more than half the campaigns against the Plaintiff.

70. EHC-Defendant Edwards Angell Palmer & Dodge L L P, is a law firm. Edwards Angell Palmer & Dodge L L P, is a Delaware limited liability partnership, whose principal office is in Boston, Massachusetts, but which conducts business from offices in Broward County, Florida and Palm Beach County, Florida . Attorney Brier is also registered as a partner, member, employee and agent of said law firm.

71. EHC-Defendant Scott Brody is a resident of Colorado, a dentist in Colorado, and a former client of CDI.

72. EHC-Defendant Daniel D. Dashman is upon information and belief a member of The International Scientology Economic Hate Crime Syndicate as well as an attorney licensed by the State of New York; he resides in Croton-on-Hudson, New York. Mr. Dashman is the Former General Counsel for PLA and thus has conducted business in Florida. Dashman conspired before and after 1999 to attempt to tortiously sever the ties between Plaintiffs and the Dane Estate. In derogation of the Attorney-Client relationship, this EHC-Defendant is a Co-Conspirator Who has played a part in Phases 1-4 of the Conspiracy, directly and indirectly (see Scientology Conspiracy Web chart p. 32 above).

73. EHC-Defendant David Cornell is a dentist and resident of Toronto, Canada and former client of Plaintiff PLA who wrote defamatory material in the Canadian Dental Journal at exactly the same time as the Defendant Economic Hate Crime Syndicate attack campaigns described herein. EHC-Defendant Cornell knew at all times that his information would be used in Florida and elsewhere

74 . EHC-Defendant Lisa Dashman is the wife of Daniel D. Dashman, and she is, upon information and belief, a resident of Croton-on-Hudson, New York. She was commissioned by The International Scientology Economic Hate Crime Syndicate took actions in the years 1997-1999 and upon information and belief, continuing through to the present to aid the conspiracy to somehow destroy or worsen the relationship between Lois (Betty) Dane (when alive) and/or the Dane Estate and Plaintiff in Florida and elsewhere.

75. EHC-Defendant Mike Ellis is, upon information and belief a resident of Los Angeles, California and is a member of THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE by virtue of his employment by EHC-Defendant Scientology.

76. EHC-Defendant Howard Farran is a dentist in Arizona, and a resident there. He is also a writer and lecturer on the business of dentistry. He is a competitor of Plaintiff. He is publisher of DentalTown Magazine, and founder of www.DentalTown.com. Which is accessed in Florida or elsewhere. He and his media entities compete with Plaintiff CDI and carried for months defamatory material planted there by Eugene Ingram in concert with Douglas Ness, Flora Ness, Edwards & Angell Law Firm and Annette Theodossakos, He also made defamatory postings on his own website, defaming the Plaintiff.

77. EHC-Defendant Anne Marie Griffin is a resident of Florida, is the widow Thomas Griffin who was the Private Investigator, upon information and belief, brought to Florida after being hired-by-Defendant Economic Hate Crime Syndicate specifically to spy on Plaintiff as well as to set up an attack defamatory website. She refused to turn over key evidence to Plaintiff that would have documented in great detail The International Scientology Economic Hate Crime Syndicate's deployment of the 10-phase conspiracy via her husband Thomas Griffin, in which, upon information and belief, she has actively participated Through to the present.

78. Defendant William Richard Howard is a resident of Fort Lauderdale, Florida and is one of two Fort Lauderdale Private Investigators who acted on the orders of now-deceased Thomas Griffin to create a website in 2004 specifically defaming the Plaintiffs.

79. EHC-Defendant Eugene M. Ingram is a private investigator for The International Scientology Economic Hate Crime Syndicate. Mr. Ingram is a resident of La Crescenta, CA and is, upon information and belief, both a 3-decade "black bag" operative for Defendant Economic

Hate Crime Syndicate as well as being active for as many as 14 years in an effort to destroy the Plaintiff's reputations and/or economic destruction by which EHC-Defendant Ingram's efforts have been designed to harm Plaintiff in Florida..

80. EHC-Defendant Scott Inks is a resident of Indiana and co-conspired with EHC-Defendants CSI et al to mislead the Federal Court in the PLA- Copyright suit against Defendant Economic Hate Crime Syndicate  (now under appeal), by writing a specious "expert report" published both outside of and within  the litigation, falsely dismissing the sales book authored by Les Dane and used by Defendant Economic Hate Crime Syndicate for 37 straight years.

81.  EHC-Defendant  Helena Kempner Kobrin is an attorney licensed to practice in Florida and California.  She is a resident of California, and she works for the law firm of Moxon & Kobrin and upon information and belief has been every bit as active and in all the same ways as has Kendrick Moxon in fronting for The International Scientology Economic Hate Crime Syndicate.

82. EHC-Defendant Moxon & Kobrin is a California law firm upon information and belief is listed as a partnership. However, upon information and belief, this law firm is but a front for The International Scientology Economic Hate Crime Syndicate and not in any true sense an independent law partnership.  Moxon has a storied history working for The EHC Syndicate's Guardian's Office renamed Office of Special Affairs, and was an un-indicted co-conspirator in a government case in 1977.

83.  EHC-Defendant David Lubow a/k/a David Lebeau is, upon information and belief, a resident of <u>Colorado</u>, and he is a private investigator hired by Eugene M. Ingram and <u>The International Scientology Economic Hate Crime Syndicate to work to defame and financially ruin Plaintiff PLA in Florida and elsewhere.</u>

84. EHC-Defendant Michael Maroon is a resident of Berlin, Connecticut, and he is a dentist. Dr. Maroon worked via dentaltown.com to defame the Plaintiff under an assumed name and false identity  EHC-Defendant Maroon actions were designed to injure Plaintiff in Florida.

85. EHC-Defendant Warren McShane is resident of California, and he is a Senior EHC Syndicate Executive who, upon information and belief, while posing as a *client* of the front Moxon-Kobrin law firm, in fact directly supervised Moxon & Kobrin, as might an employer during the period where they coordinated Defendant Economic Hate Crime Syndicate efforts to destroy Plaintiff – including but not limited to the duration of a demanded-by-The-Defendant/EHC Syndicate, Court-ordered Federally supervised mediation, which through its lawyers, Thomas Meeks (then of Zuckerman Spaeder) and Michael Nachwalter (of Kenny Nachwalter), both firms having offices in Miami.

86efendant Thomas Meeks is an attorney residing in Florida, who, has worked for EHC-Defendant Zuckerman Spaeder and on behalf of THE DEFENDANT INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE and who, along with Michael Nachwalter maneuvered Federal Judge Huck with misinformation and courtroom deceptions, including a subterfuge concerning the EHC Syndicate's specious and spurious claims to "want to mediate the dispute surrounding the 'Feb 2004 settlement agreement', which mediation the Defendant Economic Hate Crime Syndicate begged of the Federal Copyright Court to have conducted IN THE MIDDLE OF AN ENTIRELY SEPARATE AND DISTINCT FEDERAL COPYRIGHT CASE. This begged-for mediation[17] was an utterly

---

[17] This Federally mandated mediation was presided over by Court-Appointed Federal Mediator Retired Justice, the Honorable Gerald T. Wetherington.

planned-in-advance ruse and while it was being conducted[18] (Feb 2005) with Plaintiff and

Plaintiff CDI making a good faith appearance and effort, The International Scientology

Economic Hate Crime Syndicate used the time bought to exacerbate Phases 5, 6, 7, 8 & 10 of

the Conspiracy – by multiplying and intensifying all 3 of the following attack areas: (1) the

Internet, (2) in the physical Dental offices of Plaintiffs' clients, UNSOLICITED BY THOSE

CLIENTS, trying to induce them to sue Plaintiff and (3) attacks by-postal/email, equally

UNSOLICITED, trying to induce them to sue Plaintiff … in these 4 Phases exactly

coinciding with the Federally-mandated "mediation". Each EHC-Defendant is a Co-

Conspirator who has played a part in Phases 5, 6, 7, 8 & 10 of the Conspiracy (see

Scientology Conspiracy Web chart p. 32 above). This EHC-Defendant is a Member of this

Complaint's RICO Delta Enterprise.

87    *Defendant Carlton Fields is a Florida Corporation which employs Defendant Thomas*

  *Meeks and who has never been formally retained by the Defendant Church or Bridge*

  *before any Court relating to Plaintiff and who is liable for the acts of Defendant*

  *Meeks.*

88. EHC-Defendant David Miscavige is, upon information and belief, a resident of California

and head of Religious Technology Center, the corporately separate but de facto controlling

corporation that controls the letting and withholding and withdrawing of the use of the

Scientology Trademarks and Copyrights. Despite Defendant Economic Hate Crime Syndicate's

linguo-gymnastics to the contrary, ABSOLUTELY NOTHING HAPPENS OR IS ALLOWED

TO BE SUSTAINED, ANYWHERE IN THE INTERNATIONAL SCIENTOLOGY

ECONOMIC HATE CRIME SYNDICATE  UNLESS IT HAS THE DIRECT OR THROUGH-

---

[18] The pretended mediation took place at the Florida International University Biscayne Campus
Convention Center in Miami, FL.

INTERMEDIARIES' PERMISSION OF OR AUTHORIZATION FROM MISCAVIGE.  EHC-

Defendant Miscavige is aided and abetted by the actions, on behalf of the Defendant Economic

Hate Crime Syndicate, of EHC-Defendant Tom Cruise, his right-hand man for Foreign and

Domestic Promotion as well as Foreign and Domestic Lobbying.  EHC-Defendant Miscavige is a

Co-Conspirator Who has played a part, directly or through Defendant Economic Hate Crime

Syndicate affiliates or intermediaries, to launch and/or carry out Phases 1-10 of the Conspiracy

(see Scientology Conspiracy Web chart p. 32 above).  EHC-Defendant Miscavige is a Member

of this Complaint's RICO Alpha Enterprise..

89. Defendant Tom Cruise is a resident of California and a member of THE

INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE who both

contributes money and his fame as an actor ultimately used to fund attacks against Plaintiff

as well as, upon information and belief, holding a real if possibly masked/hidden

management/supervisory position with The International Scientology Economic Hate Crime

Syndicate hierarchy, even as he most certainly and openly acts as both a domestic and

foreign lobbyist and primary international spokesperson for THE INTERNATIONAL

SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE. Cruise is a well-known

American actor and producer and longtime international spokesperson and representative of

both The International Scientology Economic Hate Crime Syndicate and David Miscavige,

acting as Miscavige's right-hand-man for Foreign and Domestic Promotion as well as

Foreign and Domestic Lobbying, the US  Government to assist in solving governmental

problems Defendant Economic Hate Crime Syndicate is experiencing around the world.)[19]

---

[19] Note: As reported widely in the international press, the country of <u>Belgium</u> is currently in the process of indicting Scientology and its "churches" as a *network of criminal organizations* and the country of <u>Germany</u> is seeking to exile Scientology and its "churches" as an *unconstitutional network of organizations* (because of their criminal activities).

Cruise, upon information and belief, has assisted Defendant Economic Hate Crime Syndicate in acquiring funds (through his PR actions and fame as an actor), his own donations of money, believed to be in the multiple tens of millions of dollars, used in part to fund the attacks listed in this Complaint. Additionally, due to his close personal and organizational relationship with Miscavige, simultaneous with the major efforts and apparent expenditure made by Defendant Economic Hate Crime Syndicate to try to disenfranchise Plaintiff from contractual rights, rights to conduct, etc., upon information and belief, Cruise would have known of these attacks, agreed with these attacks, and may even have added his advice as to how to conduct these attacks. In part, this is based upon public utterances he has made concerning his willingness to do anything to protect "the group" (to wit, The International Scientology Economic Hate Crime Syndicate) from anyone "not with us" This EHC-Defendant is a Co-Conspirator Who has played a part in Phase(s) 1-10 of the Conspiracy (see Scientology Conspiracy Web chart p.32 above). This EHC-Defendant is a Member of this Complaint's RICO Alpha Enterprise. EHC-Defendant Cruise's activities were calculated to cause injury in Florida to Plaintiffs ....

90.Defendant Michael Middleton is, upon information and belief, a resident of Virginia and he is a private investigator who works for <u>Defendant Economic Hate Crime Syndicate and attempted in January 2003</u> to cause the Dane Estate Administrator to wit, Lois Richter and her mother to breach the contract with Plaintiff and Plaintiff CDI. Upon information and belief this conduct continues in his activities to damage Plaintiff. EHC-Defendant Middleton presented Richter with a prospective contract between Bridge Publications and the Dane Estate in which Bridge conspired with all other EHC-Defendants to literally guarantee to pay all fees incurred by the Dane Estate if they would breach their agreement with Plaintiff. This

EHC-Defendant is a Co-Conspirator Who has played a part in Phase 2 of the Conspiracy (see Scientology Conspiracy Web chart p. 32 above). This EHC-Defendant is a Member of this Complaint's RICO Beta Enterprise.. *EHC-Defendant Middleton activities were calculated to cause injury to Plaintiff in Florida.*

91. EHC-Defendant Kendrick Lichty Moxon is a resident of California, and he is an attorney licensed to practice in California. He works for Moxon & Kobrin, the law firm that purportedly represents EHC-Defendant <u>CSI but who in fact has been the primary coordinator of EHC-Defendant Scientology's conspiracy to destroy Plaintiff and Plaintiff CDI.</u> This EHC-Defendant is a Co-Conspirator Who has played a supervisory and controlling part in Phases 3-10 of the Conspiracy (see Scientology Conspiracy Web chart p. 32 above). This EHC-Defendant is a Member of this Complaint's RICO Delta Enterprise. EHC-Defendant Moxon has appeared in Florida against Plaintiff and has subjected himself to the Florida Courts..

92. EHC-Defendant Douglas Ness is a resident of Alaska. He is a dentist and a former client of Plaintiff and has at minimum, upon information and belief, conspired with Defendant Economic Hate Crime Syndicate via Eugene Ingram and Dentaltown Website on the one hand and with the Law Firm of Edwards Angell Palmer & Dodge L P, in Broward County, Florida to defame and destroy Plaintiff. This EHC-Defendant is a Co-Conspirator Who has played a part in Phases 6,7,8 & 9 of the Conspiracy (see Scientology Conspiracy Web chart p. 32 above). This EHC-Defendant is a Member of this Complaint's RICO Beta Enterprise. Upon information and belief EHC-Defendant Douglas Ness has had all of his legal fees paid by Defendant Economic Hate Crime Syndicate so that he can be the front man against Plaintiffs where the avowed goal is to

destroy Plaintiff. EHC-Defendant Douglas Ness has filed claims in Florida against Plaintiffs and is subject to Florida jurisdiction.

93.EHC-Defendant Flora Ness is a resident of Alaska. She is the wife of Douglas Ness and has at minimum, upon information and belief, conspired with EHC-Defendants Scientology via EHC-Defendant Eugene Ingram and Dentaltown Website on the one hand and with the EHC-Defendant Law Firm of Edwards Angell Palmer & Dodge L L P, in Broward County, Florida to defame and destroy Plaintiffs. This EHC-Defendant is a Co-Conspirator Who has played a part in Phases 6,7,8 & 9 of the Conspiracy (see Scientology Conspiracy Web chart p. 32 above). This EHC-Defendant is a Member of this Complaint's RICO Beta Enterprise..

94/EHC-Defendant Ava Paquette is an attorney at the law firm of Moxon and Kobrin and resident of California, and in Summer of 2000, attempted in conversations and written correspondence with then Plaintiff -PLA then Attorney, Richard Marcus, to bribe Peter Letterese into "giving Scientology a favorable deal [*even if not necessarily in the bests interests of the Dane Estate*] by offering re-entry into Scientology's good graces in exchange", Paquette's wrongful conduct to destroy Plaintiff continues. This EHC-Defendant is a Co-Conspirator Who has played a part in Phases 3-10 of the Conspiracy (see Scientology Conspiracy Web chart p. 32 above). This EHC-Defendant is a Member of this Complaint's RICO Delta Enterprise. By her participating as a member of EHC-Defendant Moxon and Kobrin which firm has appeared in Florida, Paquette is subject to the laws of Florida.

95.EHC-Defendant Craig J. Ryan is a resident of California. He is also known as John Mier a/k/a Cartmier. This EHC-Defendant is a Co-Conspirator Who has played a part in

Phases 4-5-6-7-8 & 9 of the Conspiracy (see Scientology Conspiracy Web chart p. 32

above). This EHC-Defendant is a Member of this Complaint's RICO Gamma Enterprise.

96.EHC-Defendant Marc Schwartz is a resident of California. He is a dentist and a

former client of Plaintiff and has at minimum, upon information and belief, conspired

with EHC-Defendants Scientology via Eugene Ingram and Dentaltown Website on the

one hand and with EHC-Defendants Law Firm of Edwards Angell Palmer & Dodge L L

P,, Brier and their agents in Broward County, Florida to damage Plaintiff. This EHC-

Defendant is a Co-Conspirator Who has played a part in Phases 6,7,8 & 9 of the

Conspiracy (see Scientology Conspiracy Web chart p. 32 above). This EHC-Defendant

is a Member of this Complaint's RICO Beta Enterprise. EHC-Defendant Marc Schwartz

has appeared in Florida in arbitrations and filed suit in Florida involving Plaintiff and

thus is subject to the jurisdiction of the Courts in Florida. This EHC-Defendant has

persisted in seeking a judgment against Plaintiff upon a void arbitration award and upon

an arbitration award that was NOT entered against Plaintiff and has continued to

manipulate the system to claim that Plaintiff is a debtor of EHC-Defendant Marc

Schwartz without any factual support solely to benefit the conspiracy against Plaintiff in

conjunction with EHC-Defendants Church and the EHC Syndicate.

97EHC-Defendant Mark Taylor is an attorney licensed in California. He false-reported

an alleged but phony infraction of California law by Plaintiff to create the appearance of

wrongdoing which could be repeated in libelous defamation on Dentaltown the Internet

and directly to Plaintiff's clients by phone and in their offices – to induce them to sue

Plaintiff, all under the orders and operational plans of the Defendant Economic Hate

Crime Syndicate personnel mentioned and alluded to in this complaint. This EHC-

Defendant is a Co-Conspirator Who has played a part in  Phases 5, 6, 8 & 9 of the

Conspiracy (see Scientology Conspiracy Web chart p.32 above).  This EHC-Defendant is

a Member of this Complaint's RICO Delta Enterprise.

98EHC-Defendant Antoinette Theodossakos is a resident of  Palm Beach County,

Florida.  She is licensed by the State of Florida as an attorney and works for  EHC-

Defendant Edwards Angell Palmer & Dodge L L P, in Palm Beach County, Florida.

Upon information and belief this EHC-Defendant conspires currently and since at least

2004, has participated in the Conspiracy in league with THE INTERNATIONAL

SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE and is acting as an agent of

THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE

to attempt to destroy Plaintiff.  This EHC-Defendant is a Co-Conspirator Who has played

a part in Phases 6 & 7 of the Conspiracy (see Scientology Conspiracy Web chart p. 32

above). This EHC-Defendant is a Member of this Complaint's RICO Delta Enterprise..

99.Defendant Gary A. Woodfield is a resident of  Palm Beach County, Florida. He is

licensed by the State of Florida as an attorney and works for EHC-Defendant

Edwards Angell Palmer & Dodge L L P, in Palm Beach County, Florida. Upon

information and belief this EHC-Defendant conspires with THE INTERNATIONAL

SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE and is acting as an

agent of THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME

SYNDICATE to attempt to destroy Plaintiff.  This EHC-Defendant is a Co-

Conspirator Who has played a part in Phases 5, 6, 7 & 8 of the Conspiracy (see

Scientology Conspiracy Web chart p. 32 above). This EHC-Defendant is a Member

of this Complaint's RICO Delta Enterprise.

100. Defendant Bridge Publications Incorporated is a California corporation for profit.  It

is the publisher of the works of L. Ron Hubbard, the founder of The International

Scientology Economic Hate Crime Syndicate.  Via so-called author,  EHC-Defendant

Michael Middleton, EHC-Defendant Bridge attempted to undermine and cause the Dane

Estate to breach its contract with the Plaintiff commencing in January 2003  and

continues to engage in such conduct and earlier and additionally attempted to defraud.

Bridge through its "lawyer", Gary Soter, has also participated continuously with Moxon

& Kobrin in working to deny Plaintiffs their due process rights in attempting to defraud

the Plaintiff in connection with a bogus settlement agreement of Feb 2004 referenced

elsewhere in this Complaint as well. This EHC-Defendant is a Co-Conspirator Who has

played a part in Phases 2-3-4-10 of the Conspiracy (see Scientology Conspiracy Web

chart p. 32 above). This EHC-Defendant is a Member of this Complaint's RICO Delta

Enterprise. (See this Complaint's ...  This EHC-Defendant Bridge has come into Florida

against Plaintiff and thus is subject to the Courts of Florida.

101. EHC-Defendant Marilyn Pisani is the President of Bridge and is a resident of Los

Angeles, California and is the senior most executive at EHC-Defendant  Bridge

Publications, Inc. EHC-Defendant Pisani participated in Bridge's attacks and

conspiratorial actions toward Plaintiff.  This EHC-Defendant is a Co-Conspirator Who

has played a part in Phases 2-3-4-10 of the Conspiracy (see Scientology Conspiracy Web

chart p. 32 above). This EHC-Defendant is a Member of this Complaint's RICO Beta

Enterprise.)  This EHC-Defendant is a Member of this Complaint's RICO Delta

Enterprise..

44

102.EHC-Defendant Church of Scientology Flag Service Organization, Inc., is a California non-profit corporation with its principal address in Pinellas County, Florida. This EHC-Defendant is a Co-Conspirator Who has played a part in Phases 1-10 of the Conspiracy (see Scientology Conspiracy Web chart p. 32 above). This EHC-Defendant is a Member of this Complaint's RICO Alpha, Beta, Gamma & Delta Enterprises. .

103.EHC-Defendant Church of Scientology International, Inc., is a California corporation. Who has played a part in Phases 1-10 of the Conspiracy (see Scientology Conspiracy Web chart p. 32 above). This EHC-Defendant is a Member of this Complaint's RICO Alpha, Beta, Gamma & Delta Enterprises. This EHC-Defendant has participated in the conspiracies against Plaintiff in Florida and thus is subject to the Courts in Florida..

104. Defendant Church of Scientology, Mission of Fort Lauderdale, Inc., is a Florida non-profit corporation with its principal address in Broward County, Florida. This EHC-Defendant has played a part in Phases 1-10 of the Conspiracy (see Scientology Conspiracy Web chart p. 32 above). This EHC-Defendant is a Member of this Complaint's RICO Alpha, Beta, Gamma & Delta Enterprises.

105.EHC-Defendant Church of Scientology of Florida, Inc., is a Florida non-profit corporation with its principal address in Miami-Dade County, Florida. This EHC-Defendant has played a part in Phases 1-10 of the Conspiracy (see Scientology Conspiracy Web chart p. 32 above). This EHC-Defendant is a Member of this Complaint's RICO Alpha, Beta, Gamma & Delta Enterprises. .

106.  Defendant Church of Spiritual Technology, Inc. , is a California corporation.  This EHC-Defendant archives the works of L. Ron Hubbard, and it challenges IRS rulings against Scientology, and is  upon information and belief, the true repository of the financial wealth of The International Scientology Economic Hate Crime Syndicate.  CST, Inc. has played a part in Phases 1-10 of the Conspiracy (see Scientology Conspiracy Web chart p. 32 above). This EHC-Defendant is a Member of this Complaint's RICO Alpha and Delta  Enterprises. This EHC-Defendant through the conspiracies with EHC-Defendants has participated in Florida to ruin Plaintiff and is subject to the laws and Courts in the State of  Florida.

107 EHC-Defendant Dentaltown.com, LLC, is an Arizona limited liability company, the survivor of a merger with Dentaltown.com, Inc., on February 7, 2008.  It is a competitor of the Plaintiffs. This EHC-Defendant has  stood to gain from the Plaintiff's economic demise Under the direction of EHC-Defendant Howard Farran, did the following so as to harm or destroy the Plaintiff, including but not limited to ...  it published and for months it refused to remove defamatory material placed by its co-conspirators accusing the Plaintiff of legal violations, moral violations, dishonest trade practices, fraudulent acts, etc.  This EHC-Defendant is a Co-Conspirator Who has played a part in Phases 5-6-7-8-9 of the Conspiracy (see Scientology Conspiracy Web chart p. 32 above). This EHC-Defendant is a Member of this Complaint's RICO Gamma Enterprise.  This EHC-Defendant is a Member of this Complaint's RICO Delta Enterprise. This EHC-Defendant has conducted business in Florida and is thus subject to the Courts and laws of the State of Florida.

108. EHC-Defendant Economic Research Group Florida is a corporation organized under the laws of the State of Florida. It is the PI firm of Thomas Griffin (deceased) and Anne Marie Griffin.  It set up the attack website Dentistryalert.org which destroyed the cash flow and business reputation of the Plaintiff. The International Scientology Economic Hate Crime Syndicate, was ERG Florida's primary client. This EHC-Defendant is a Co-Conspirator Who has played a part in Phases 5-6-7-8-9-10 of the Conspiracy (see Scientology Conspiracy Web chart p.32 above). This EHC-Defendant is a Member of this Complaint's RICO Gamma Enterprise..

109. EHC-Defendant Economic Research Group, Inc. NY is a corporation organized under the laws of the State of New York. Sent Thomas Griffin to Florida in 1997, on behalf its client = The International Scientology Economic Hate Crime Syndicate, to spy on and eventually publish destructive and defamatory falsehoods on a special covert website designed by "Assistant" Florida PI's Ryan Bonsett and EHC-Defendant Dick Howard, about the Plaintiffs.  This EHC-Defendant is a Co-Conspirator Who has played a part in Phase(s) 4-5-6-7-8-9 of the Conspiracy (see Scientology Conspiracy Web chart p.37 above).  This EHC-Defendant is a Member of this Complaint's RICO Gamma Enterprise.  This EHC-Defendant has conducted business in Florida as part of the conspiracy to ruin Plaintiff and thus is subject to the laws of the State of Florida..

110. EHC-Defendant Religious Technology Center, Inc., is  California corporation, run by David Miscavige.  This EHC-Defendant has participated in and benefited from the conspiracy against Plaintiff and is subject to the laws of the State of Florida through its actions in causing harm to Plaintiff in Florida.

111 EHC-Defendant David Schindler is an attorney and resident of California in the law firm of Latham & Watkins. EHC-Defendant Schindler's actions were part of the conspiracy to defame and conspire against Plaintiff in Florida and elsewhere. EHC-Defendant This EHC-Defendant by his conduct is subject to the laws of Florida as part of the conspiracies against Plaintiff to ruin Plaintiff.

112EHC-Defendant , LATHAM & WATKINS, LLP is a law firm resident in part in Los Angeles, California. This EHC-Defendant is controlled by EHC-Defendant David Schindler with respect to the conspiracies against Plaintiff in Florida and is subject to the laws of the Florida.

113.EHC-Defendant GARY SOTER is a California attorney representing Bridge Publications and The International Scientology Economic Hate Crime Syndicate Defendant Soter is subject to the laws of Florida by his conduct within the conspiracies against Plaintiff in Florida.

114.EHC-Defendant Michael Nachwalter is a partner in the firm of Kenny Nachwalter in Miami, Florida. Who participated in causing injury to Plaintiff as part of the conspiracies against Plaintiff

115.EHC-Defendant Kenny Nachwalter is a professional association in Miami Florida who employed EHC-Defendant Nachwalter and who participated in causing injury to Plaintiff as part of the conspiracies against Plaintiff.

116.EHC-Defendant American Arbitration Association is an arbitration entity having its primary place of business in New York, New York with offices in Atlanta, Georgia, and West Palm Beach, Florida EHC-Defendant AAA has participated in void arbitrations against Plaintiff in Florida for which at least one Court has found to

be contrary to Florida law.  EHC-Defendant AAA  has participated in the

conspiracies against Plaintiff and caused injury to Plaintiff.

117.EHC-Defendant Scientology Missions International, Inc., is  a California

corporation.  It is charged with dissemination activities on behalf of THE

INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE.

Defendant Scientology.  This EHC-Defendant is subject to the laws and the Courts of

Florida by its participation in the conspiracies against Plaintiff in Florida.

118.EHC-Defendant World Institute of Scientology  Enterprises, Inc., is  a non-profit

California corporation.  It is also known by the acronym WISE.  It is a division of

Defendant Economic Hate Crime Syndicate that teaches the "management"

techniques for L. Ron Hubbard to businesses and professionals.  Consulting firms

licensed under WISE include *Craig Jensen's Executive* Software International

(California) as well as Alan Hollander's Hollander Consultants (Oregon), Kevin

Wilson's Sterling Management Consultants (California) for dentists.  This EHC-

Defendant is subject to the laws and the Courts of Florida by participating with the

co-EHC-Defendants in the conspiracies against Plaintiff.

119. Collectively, EHC-Defendants  are called in this complaint The International

Scientology Economic Hate Crime Syndicate & Multiple Co-Conspirators.

120.EHC-Defendant Instant Data Research is a corporation having its primary place

of business in Florida and is owned by William Richard Howard and participated in

the conspiracies against Plaintiff..

121.EHC-Defendant Alan Perlman is an attorney with the firm of Adorno and Yoss

PA conducting business in Broward and Miami Dade County.  EHC-Defendant

Perlman has purportedly acted on behalf of EHC-Defendant Church and Bridge but upon information and belief, in fact was never engaged by EHC-Defendant Church and Bridge but was engaged solely by EHC-Defendant Kendrick Moxon. EHC-Defendant Perlman further has direct connections with EHC-Defendant Genovese and in fact upon information and belief, is working together to cause injuries to Plaintiff without disclosing same to any Court and in furtherance of the conspiracies to damage Plaintiff as a shareholder and owner of Plaintiff CDI and also to Plaintiff individually.

122. EHC-Defendant Adorno and Yoss PA is a Florida Professional Corporation which conducts business in Broward and Miami Dade Counties and at all times employed EHC-Defendant Perlman. EHC-Defendant Adorno and Yoss PA is the law firm purporting to represent EHC-Defendant Church and Bridge but in fact upon information and belief, was hired by EHC-Defendant Moxon only in furtherance of the conspiracies to cause injury to Plaintiff as a shareholder of Plaintiff CDI and to damage to Plaintiff individually.

123. EHC-Defendant John Genovese is an attorney with the law firm of EHC-Defendant Genovese, Joblove and Battista PA who is representing EHC-Defendant Marika Tolz in the Chapter 7 Proceeding in bankruptcy of Plaintiff CDI. EHC-Defendant Genovese is upon information and belief, part of the conspiracy to defraud Plaintiff both individually and as a shareholder of Plaintiff CDI and is working with EHC-Defendant Perlman and EHC-Defendant Meeks to cause injury to Plaintiff and to seek to thwart this case from proceeding

124  EHC Defendant Barry Gruher is an attorney with the law firm of EHC Defendant Genovese, Joblove and Battista PA who is representing EHC Defendant Marika Tolz in the Chapter 7 Proceeding in bankruptcy of Plaintiff CDI.  EHC  Defendant Gruher is  upon information and belief part of the conspiracy to defraud Plaintiff both individually and as a shareholder of Plaintiff CDI and has worked with and will continue to work with EHC Defendant Perlman and EHC Defendant Meeks and Carlton Fields to cause injury to Plaintiff and to seek to thwart this case from proceeding. Defendant Gruher was purposefully engaged to act for the Chapter 7 Trustee because in part of his past association with Defendant Perlman and Adorno & Yoss.

125.EHC-Defendant Genovese Joblove & Battista PA is a Florida professional corporation who employs EHC-Defendant John Genovese and represents EHC-Defendant Marika Tolz as the Chapter 7 Trustee.  EHC-Defendant Genovese Joblove and Battista PA are in fact, upon information and belief, working with EHC- Defendant Perlman and EHC-Defendant Meeks as a part of a conspiracy to defraud Plaintiff both individually and as a shareholder of Plaintiff CDI to cause injury to Plaintiff and to seek to thwart this case from proceeding.

126.EHC-Defendant Marika Tolz is the Court appointed Chapter 7 Trustee of Plaintiff CDI.  EHC-Defendant Marika Tolz has utterly to date, failed to protect the interests of Plaintiff CDI for which Plaintiff as a shareholder of Plaintiff CDI has been damaged. Plaintiff has further been damaged by the acts of EHC-Defendant Marika Tolz who has attempted to influence the Courts in Plaintiff's pending Chapter 13 bankruptcy for which she has no standing or

interest. EHC-Defendant Marika Tolz is participating in the conspiracy with EHC-Defendants Perlman, Meeks, Genovese to defraud Plaintiff.

127. EHC-Defendant Honorable John K. Olson is the bankruptcy Judge who has abused his power by his actions to deny Plaintiff his right to counsel, has abused his power by his actions to deny Plaintiff his rights to a Chapter 13 proceeding and/or dismissal, has abused his power by his actions to permit EHC-Defendants Church, Bridge,  Brier, Edwards, Perlman, Genovese, Tolz to present false claims against Plaintiff and to  thwart the rights of the Plaintiff as a shareholder of Plaintiff CDI and also as a right of a debtor in Chapter 13 and have "hi-jacked" Plaintiff CDI and by his actions provided its control to persons who are not in fact neutral Trustees but to the very parties the Church and its conspirators to take control of Plaintiff and Plaintiff CDI. EHC-Defendant Judge Olson, upon information and belief, further arranged at the request of EHC-Defendant Church to be appointed as Plaintiff's Chapter 13 Judge when the Court Clerk had assigned Plaintiff's case to another Judge.  EHC-Defendant Judge Olson first demanded that Plaintiff's counsel could not represent both Plaintiff and Plaintiff CDI in separate proceedings.  Despite all efforts by Plaintiff, EHC-Defendant Judge Olson has denied Plaintiff right to counsel and has held Plaintiff hostage in Chapter 13 all at the request and urging EHC-Defendants Church, Brier, Schwartz, and Brody both in open Court and not in open court.  Upon information and belief, EHC-Defendant Judge Olson has been improperly contacted, bribed or otherwise unduly influenced by EHC-Defendant Church.

128. EHC-Defendant Honorable Judge Richard Eade is the State Court Judge who has abused his power by his actions to deny Plaintiff any due process rights and has permitted EHC-Defendants Brier, Edwards, Thessadosakos, Schwartz and Brody to proceed with illegal and void arbitrations, to proceed with denying hearings and rights to be heard by a neutral Judge. Upon information and belief, Judge Eade either directly or indirectly has been contacted, bribed or otherwise unduly influenced by EHC-Defendant Church.

## THE BOOK AND VIOLATIONS BY EHC-DEFENDANTS.

129. In 1971, Les Dane published his book tiled <u>Big League Sales.</u>

130. On or about December 31, 1993, Plaintiff and Plaintiff CDI entered into a contract with <u>Les Dane Family</u> for the rights in "THE BOOK", .

131. On or about January 15, 1994, the <u>Les Dane Family</u> granted Plaintiff a Power of Attorney.

132. On or about Mar<u>ch 3, 1994, Scientology New Era</u> wrote to Lois (Betty) Dane claiming that it had "purchased" copyright rights to "THE BOOK".

133. On or about March 31, 1994, Plaintiff caused "THE BOOK" to be taken out of print in order to exclude its use by others and to maximize royalty benefits to the Dane Estate. However, in doing so, Plaintiff did not in any way attempt to restrict Scientology's via EHC-Defendant Bridge use of Dane's several books in any way, imagining that at any time in the future when Scientology via EHC-Defendant Bridge was ready to re-order, a calm and proper negotiation could ensue at reasonable cost to Scientology and with maximum, legal benefit to the

Dane Estate within the then-currently accepted industry norms for the valuation of comparable Intellectual Property.

134. THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE under the control of EHC-Defendant Miscavige desperately wanted rights to "THE BOOK" or at least copies for worldwide use in its organizations to teach its parishioners how to sell Scientology "religious" services and how to recruit and as a key underpinning to its entire worldwide propaganda campaigns, in which the Dane book was extensively used to "sell the Scientology message".

135. CONSPIRACY PHASE I: (see diagram page 32,) EHC-Defendant Daniel Dashman, a Scientologist since 1980 and from 1993-1997 the General Counsel of Plaintiff CDI brought suit against Plaintiff CDI to attempt to bankrupt Plaintiff, resulting in the hoped-for recovery of rights to "THE BOOK", and also filed suit in Federal court in New York,. Four counterclaim suits brought by Plaintiffs were settled circa April 2000. which resulted that none of the EHC-Defendants secured THE BOOK from Plaintiff or Plaintiff CDI.

136.Defendant Economic Hate Crime Syndicate induced Lisa Dashman (a former member of Defendant Economic Hate Crime Syndicate's Guardian Office), to be employed by Plaintiff CDI so as to be able to undermine and infiltrate it as if she were undercover . Upon information and belief activities of EHC-Defendant Dashman are continuing to date although not for

Plaintiff CDI.   On or about October 15, 1997-98, Lisa Dashman seriously slandered Plaintiff to the Dane Estate and provoked the <u>Les Dane Estate</u> to question whether Plaintiff as agent of Plaintiff CDI was properly paying royalties under the agreement between Les Dane Estate and Plaintiff. Upon information and belief activities of EHC-Defendants Dashman are continuing to date.

137.    On or about November 15, 1999, Plaintiff caused a renewal of the copyright in "THE BOOK" so that no one else held any rights in "THE BOOK".

138. On or about May 15, 2000, EHC-Defendant Daniel Dashman a New York attorney and/or EHC-Defendant William Hart of EHC-Defendant Proskauer Rose approached the attorney for the Les Dane Estate, trying to interfere with the contract between Plaintiff and Plaintiff CDI and the <u>Les Dane Family</u>.

139.    In May 2000. Defendant Economic Hate Crime Syndicate contacted EHC-Defendant Moxon & Kobrin, lawyers, who were negotiators designated by EHC-Defendants Scientology Office of Special Affairs to act on its behalf against Plaintiff.

140.    In July 2000, "Scientology" (as then known by Plaintiff) and Plaintiff began negotiations for Scientology's use of "THE BOOK", and the negotiations continue into 2001.

141.    On or about April 6, 2001, unexpectedly, an unannounced agent of Defendant Economic Hate Crime Syndicate knocked on Lois (Betty) Dane's (widow of Les Dane) door at home and demanded to discuss Mrs. Dane's contract with Plaintiff CDI which controlled was controlled by Plaintiff. Whereupon, Lois (Betty) Dane refused to listen to or speak with Defendant Economic Hate Crime Syndicate's agent.

142. EHC-Defendant Michael Middleton, a private investigator licensed in Virginia, hired by Defendant Economic Hate Crime Syndicate and posing as a Bridge "author", in January 2003, went unannounced to the Charleston, South Carolina psychological counseling office of Lois Dane Richter, Les' and Lois (Betty) Dane's daughter and Administrator of her father's estate. Without appointment and acting outright to try to bypass and disenfranchise Plaintiff regarding the attempted abduction of license rights, he demanded to discuss the Plaintiff CDI contract rights with Mrs. Richter.

143. In January 2004-September 2005, <u>The International Scientology Economic Hate Crime Syndicate</u> approached four Plaintiff's clients to wit, Brody, Schwartz, Ness, and Baldwin as well as Richard Clear who was a vendor of Plaintiff CDI and tried additionally to induce others to sue Plaintiff and Plaintiff CDI claiming that Plaintiffs had breached their contract with its clients and vendors. Although not related to THE BOOK or to the operations of Scientology, the actions were calculated by Defendant Economic Hate Crime Syndicate to bankrupt Plaintiff, which succeeded since Plaintiff was forced to file bankruptcy.

144. Beginning January 2004, THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE and its agents placed defaming statements about Plaintiff on the internet.

145. Intent upon destroying the reputation of Plaintiff,, Defendant Economic Hate Crime Syndicate engaged EHC-Defendant Thomas Griffin at EHC-Defendant Economic Research Group Florida to place defamatory statements on dentistryalert.org commencing in 2004 and continuing thereafter,.

146.    In 2004 EHC-Defendant Rick Moxon tells Plaintiffs representatives, *"We will never pay a dime for the Les Dane materials,"* as part of an ongoing conspiracy, which continues to this date.

147.  The defamatory and misleading statement about Plaintiff continued in the internet postings in February 2004 and continues to present.

148.  EHC-Defendants Simon Brier and Antoinette Theodossakos, attorneys with EHC-Defendant Edwards & Angell Law Firm at the request of THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE and/or its agents have worked with their clients EHC-Defendants  Ness, Schwartz, Brody and Clear and with the EHC-Defendants American Arbitration Association and various arbitrators  to pursue bogus claims against Plaintiff with illegal and void arbitrations including pursuing judgments of at least one arbitration award that was NEVER entered by the arbitrators.

149.  On or about February 27, 2004, EHC-Defendants CSI & Bridge and Plaintiffs, through their attorneys purport to  agree[20], that EHC-Defendants CSI & Bridge would make no public comment against  Plaintiff and that  EHC-Defendants CSI & Bridge would not approach the Les Dane Family, to wit, a STANDSTILL AGREEMENT.

150.  Yet as this "promise and agreement " was being made, Defendant Economic Hate Crime Syndicate & Co-Conspirators  redoubled a MASSIVE DEFAMATION CAMPAIGN across the United States and on the Internet against Plaintiff.

151.  In April 2004, The International Scientology Economic Hate Crime Syndicate  took various actions through EHC-Defendants Moxon, Moxon & Kobrin Maroon, EHC-Defendant

---

[20] Plaintiffs never authorized their attorney, California Attorney Richard Marcus to sign in lieu of their own signatures; but attorney Marcus was tricked into believing by Defendant David Schindler that "any and all entities connected to Scientology" would be signing the "agreement"; the latter never happened (further details within this Complaint).

DentalTown, EHC-Defendant Farran, EHC-Defendant Ryan, to cause the ultimate bankruptcy and ruin of Plaintiff and to secure the rights to "THE BOOK" or at least to able to publish "THE BOOK" in large quantities.

152. Defendants The International Scientology Economic Hate Crime Syndicate used private investigators Thomas Griffin, Ryan Bonsett, William Richard Howard to set up a website having multiple domain names including the words "Dentistry Alert."      153. EHC-Defendants Thomas Griffin and his company EHC-Defendant Economic Research Group Florida hired EHC-Defendant William Richard Howard and Ryan Bonsett to create the domain names and launch the web site or assist in launching the site.

154. Through his own efforts assisted by Scientology, Thomas Griffin accumulated about ten years worth of trumped-up, false and alleged *dirt* on Plaintiff and posted some three hundred pages including private letters from Plaintiff to the Les Dane Family at DentistryAlert.org web site, which he could have procured nowhere else but from EHC-Defendants Daniel and Lisa Dashman who, when employed with Plaintiff at Plaintiff CDI had access to such papers.

155. On information and belief, EHC-Defendant Thomas Griffin changed the exact domain name to www.dentistryalert.f2g.net because Ryan Bonsett had used a credit card, which could be traced back to him.

156. EHC-Defendant Robert Amidon, attorney for Richard Baldwin, refused to use mutually agreed upon arbitrators in derogation of Plaintiff's contract with Baldwin and filed a specious suit for damages against Plaintiffs in an attempt to further dilute Plaintiff's funds and engage Plaintiff in additional litigation to distract, damage, and destroy Plaintiff.

157.   With the intent to bankrupt Plaintiff and Plaintiff CDI, EHC-Defendant Bridge and
THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE, through
attorneys, Gary Soter and Kendrick Moxon used the deposition of Tom Karas in the California
case against Bridge Publications, THE INTERNATIONAL SCIENTOLOGY ECONOMIC
HATE CRIME SYNDICATE and WISE to inquire into whether Plaintiff participated as a seller
of an assisted marketing plan, which was totally unrelated to the issues in the California case.
The purpose was not to seek information on the pending case but to further the conspiracy to ruin
Plaintiff .

158.   On September 8, 2004,  Plaintiff CDI was forced to  file a copyright suit against
various Defendant Economic Hate Crime Syndicate entities and Bridge Publications
Incorporated. in Florida which claim remains pending for which Plaintiff will stand to benefit as
a shareholder of Plaintiff CDI.

159.   On September 9, 2004, Scientologist or Defendant Economic Hate Crime
Syndicate agent EHC-Defendant Craig J. Ryan of a California company Ver Sales, posted under
an assumed name on dentaltown.com referring readers to the Dentistry Alert site.

160.   DentalTown is a popular internet forum for dentists.

160.   Based upon the answers in that deposition of Tom Karas, , EHC-Defendants Moxon
& Soter conspired directly with EHC-Defendant Norman Taylor who filed a complaint
with the California Attorney General about Plaintiff CDI  being a seller assisted
marketing plan in an attempt to denigrate the reputation of  Plaintiff and Plaintiff CDI.

161.   Specifically, on or about September 10, 2004 Norman F. Taylor, a publicly avowed
Scientologist,  complained by letter (violating the mail fraud section of the RICOP Federal
statute, to the California Attorney General on behalf of Taylor's purported client (Dentist

Richard Baldwin) that Plaintiff CDI was violating the Seller Assisted Marketing Plan law even though the law was totally inapplicable. The California Attorney General took no action in response to Taylor's Specious complaint.

162.   On information and belief, EHC-Defendants conduct continues to this day to defame and ruin Plaintiff. Defendant Economic Hate Crime Syndicate defamed Plaintiffs to the New York City School System and the Chicago City School System ultimately causing the systems to stop working with 163Plaintiff. In September 2004, EHC-Defendant Craig J. Ryan, falsely posing as John Mier, a parent of a child enrolled in a SAVE class e-mailed Jean O'Connell at St. Francis Cabrini, a school in San Jose, California, defaming Plaintiff. In that E-mail, Ryan posing as Mier claimed he had found out horrible truths about Plaintiff necessitating Mier's removal of his [in fact, non-existent] son from a SAVE class and causing St. Francis Cabrini to sever its relationship with Plaintiff.

164  On information and belief, in November 2004, Defendant Economic Hate Crime Syndicate defamed Plaintiff to Robert Leonhard, a world-renowned author with whom Plaintiff enjoyed a business relationship.

165  On information and belief, in November 2004, Defendant Economic Hate Crime Syndicate defamed Plaintiff to Charles Slepian, a well-known television personality with whom Plaintiff enjoyed a business relationship, causing the end of the business relationship.

166  On information and belief, in November 2004, Defendant Economic Hate Crime Syndicate defamed Plaintiff to Tom Gamboa, a well-known major league baseball former first base coach for the Kansas City Royals, who was then the National Spokesperson for SAVE, a self-defense program for young women and girls, and THE INTERNATIONAL SCIENTOLOGY ECONOMIC HATE CRIME SYNDICATE then posted derogatory comments

about Gamboa to sabotage Plaintiff  and cause Gamboa to sever his relationship with Plaintiff and Plaintiff CDI.

167  When EHC-Defendant Theodossakos of the EHC-Defendant Edwards & Angell Law Firm demanded a refund for EHC-Defendant Ness in November of 2004,Plaintiff  advised them that arbitration was required under the Plaintiff CDI contract, but EHC-Defendant Theodossakos at first refused to arbitrate in derogation of  Plaintiff  CDI's contract with Ness .

168. EHC-Defendants Theodossakos and Simeon Brier brought simultaneous arbitrations against Plaintiff and Plaintiff CDI involving EHC-Defendants Ness, Schwartz, Brody and Clear The true and secret purpose of each claim was to destroy Plaintiff so that EHC-Defendants could gain control of THE BOOK.  Plaintiff was not a signatory to the contracts or the arbitration agreement but was sued regardless for arbitration.

169.  The EHC-Defendants Edwards & Angell Law Firm, along with DentalTown, other doctors, DentalTown's owners, its sponsors and moderators plan multiple lawsuits to destroy the reputation and finances of  Plaintiff both individually and as a shareholder in Plaintiff CDI  in derogation of the GSI Service Contract.

170.  In December 2004, EHC-Defendant Eugene Ingram, a private investigator for Defendant Economic Hate Crime Syndicate  contacted Copernicus, who is upon information and belief EHC-Defendant  Michael Maroon, DDS, and others to post anti Plaintiff  material on the internet.  In some postings, Copernicus called Plaintiff  a scumbag.

170.  On information and belief, Defendant Economic Hate Crime Syndicate continued to conspire with EHC-Defendant Craig J. Ryan to this date.

171.  As a result on the false and defamatory internet postings, Plaintiff  lost both immediate and long-term, potential income.  Potential clients who were about to sign agreements

to work with Plaintiff as the chief employee for Plaintiff CDI declined to proceed when they saw the postings, amounting at conservative count to $1 million (US) alone. As a result on the false and defamatory internet postings, Plaintiff lost beneficial business relationships with lenders who could help the existing and potential clients of Plaintiff and Plaintiff CDI.

172.   In January 2005, attorney EHC-Defendant Robert Amidon, who represented a Southern California Area Church of Scientology *Mission* entity at that time, solicited Richard Baldwin, a former Plaintiff CDI vendor, to sue Plaintiff, falsely asserting that Plaintiff s had violated the California Seller Assisted Marketing Law. At Baldwin's request, the suit was later dismissed; but not before **Amidon assisted Norman Taylor to commit mail fraud under Federal US RICO** by falsely "reporting" this bogus infraction to the California Attorney General. In this capacity, this EHC-Defendant played a part in Phases 1-2-4-5-6-7-8-9 of the Conspiracy (see Scientology Conspiracy Web chart p. 32 above). This EHC-Defendant is a Member of this Complaint's RICO Delta Enterprise. (See this Complaint's

173.   EHC-Defendant Howard Farran, who owns and/or controls DentalTown.com, conspired with EHC-Defendant Michael Maroon. DDS, who is or was a moderator or otherwise associated with DentalTown, to conceal the identity of Copernicus, Cartmier and others making defamatory remarks regarding Plaintiff. This EHC-Defendant is a Co-Conspirator Who has played a part in Phases 7-8-9-10 of the Conspiracy (see Scientology Conspiracy Web chart p. 32 above). This EHC-Defendant is a Member of this Complaint's RICO Beta & Gamma Enterprises

174.   Postings on DentalTown solicited Plaintiff clients for attorneys, including Norman F. Taylor, Robert Amidon, Edwards & Angell Law Firm, Simeon Brier, Annette Antoinette Theodossakos, and Gary Woodfield, to file suit against Plaintiff.

175. In January 2005, <u>The International Scientology Economic Hate Crime Syndicate</u> through its investigators EHC-Defendants Eugene Ingram and David Lebow, a/k/a David Lebeau and David Lee, telephoned all or virtually all of Plaintiff 's clients and former clients and visited an unknown number of Plaintiff 's clients and former clients.

176. The dentist's clients contacted included Doug Ness, Flora Ness, Marc Schwartz, Scott Brody, Richard Clear, and Richard Baldwin and upon information and belief, dozens and possibly hundreds more. Eugene Ingram and David Lebow urged all of Plaintiff's clients and former clients to sue Plaintiff. EHC-Defendant Church and Moxon would provide and direct the attorneys and financial backing since EHC-Defendants interest was to ruin Plaintiff

177. Dentist Richard Baldwin was solicited on behalf of EHC-Defendant Norman F. Taylor, who handed Dr. Baldwin off to EHC-Defendant Robert Amidon when Plaintiff learned that Taylor is a Scientologist. In spite of a clear arbitration agreement, EHC-Defendant Robert Amidon filed suit against Plaintiff and others on behalf of Baldwin.

178. In July 2005, to create the appearance that Plaintiff could not perform his agreements and that Plaintiff had a poor relationship with the Les Dane Estate, Defendant Economic Hate Crime Syndicate posted out-dated documents on Dentistry Alert and DentalTown.

179. In September 2005, EHC-Defendants Scott Brody and EHC-Defendant Marc Schwartz through their attorneys at EHC-Defendants Edwards & Angell Law Firm, Theodossakos and Brier, brought lawsuits against Plaintiff and Plaintiff CDI to engage arbitration. The true and secret purpose was to further the goals of EHC-Defendants to obtain THE BOOK and to ruin Plaintiff. Upon information and belief the selection of the attorneys and

the payment of the sums to the attorneys was orchestrated by Defendant Economic Hate Crime Syndicate.

180.  Throughout the arbitration and litigation process, EHC-Defendants  Marc Schwarz, Douglas Ness and Scott Brody have worked together through their  attorneys EHC-Defendants Edwards & Angell Law Firm, Theodossaskos and Brier to conspire with EHC-Defendants to ruin Plaintiffs..

181.   Under the guise of looking for witnesses, Robert Amidon posted anti-PDL and anti-CDI materials on DentalTown.com and other internet forums, and he refused to take the materials down.

# COUNT I:    FEDERAL RICO COUNT

Plaintiff's repeat and reallege each and every prior allegation in paragraphs 1-181 as if fully set forth herein and would further allege the following.

182.  This claim seeks relief under 18 U.S.C.A. §1962 (a),(b), and (c).

183   Plaintiff is a "person" as contemplated by 18 U.S.C. § 1964(c).

Plaintiff and the EHC-Defendants were and are "persons" as contemplated by 18 U.S.C. § 1961 (3).

184.  The Enterprise consists of several  separate and distinct enterprises.

**185. THE ALPHA ENTERPRISE** consists of EHC-Defendants DAVID MISCAVIGE AND TOM CRUISE who direct the overall activities openly or otherwise of all of the following: EHC-Defendant CHURCH OF SCIENTOLOGY INTERNATIONAL (CSI), EHC-Defendant SCIENTOLOGY OFFICE OF SPECIAL AFFAIRS INTERNATIONAL, EHC-Defendant BRIDGE PUBLICATIONS INT'L, INC., EHC-Defendant SCIENTOLOGY MISSIONS INTERNATIONAL, INC., EHC-Defendant WORLD INSTITUTE OF SCIENTOLOGY ENTERPRISES, INC., EHC-Defendant CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC., EHC-Defendant CHURCH OF SCIENTOLOGY OF FLORIDA, INC. , EHC-Defendant CHURCH OF SCIENTOLOGY, MISSION OF FORT LAUDERDALE, INC., EHC-Defendant CHURCH OF SPIRITUAL TECHNOLOGY, INC., EHC-Defendant SCIENTOLOGY MISSIONS INTERNATIONAL INC., EHC-Defendant ALAN PERLMAN, EHC-Defendant ADORNO AND YOSS PA, EHC-Defendant JOHN GENOVESE,EHC Defendant BARRY GRUHER,  EHC-Defendant GENOVESE, JOBLOVE & BATTISTA PA, EHC-Defendant MARIKA TOLZ, EHC-Defendant JUDGE JOHN K. OLSON as well as the remaining members of the "3200 DOES" PLA vs. SCIENTOLOGY COPYRIGHT CASE DEFENDANTS,  for the alleged purpose of conducting a purported, international, para-religious conglomerate of entities operating under EHC-Defendant RELIGIOUS TECHNOLOGY CENTER (Command Post for The

International Scientology Economic Hate Crime Syndicate) which has caused the above and below individuals and groups to have acted and to continue to act in a criminal fashion, in derogation, upon information and belief, of all of their obligations under the IRS Code for Non-Profit Organizations, to which The Scientology International Economic Hate Crime Syndicate became subject after they, upon information and belief economically blackmailed the Internal Revenue Service and its Directors by filing and/or causing to be filed no fewer than "2500 separate lawsuits by which to pressure (as it did) the "award" of Non-profit Religious "Status..

186.                **THE BETA ENTERPRISE**

consists of EHC-Defendant MIKE ELLIS, EHC-Defendant

MICHAEL MIDDLETON, EHC-Defendant HOWARD

FARRAN, EHC-Defendant WILLIAM RICHARD HOWARD,

EHC-Defendant ANNE MARIE GRIFFIN, EHC-Defendant

DOUGLAS NESS, EHC-Defendant FLORA NESS, EHC-

Defendant MARC SCHWARTZ, EHC-Defendant JUDGE

RICHARD EADE, EHC-Defendant SCOTT BRODY, EHC-

Defendant EUGENE M. INGRAM, EHC-Defendant DAVID

LUBOW a/k/a DAVID LEBEAU, EHC-Defendant DAVID

CORNELL, EHC-Defendant MARILYN PISANI, and EHC-

Defendant LISA DASHMAN as agents and/or Investigators and

operating under the EHC-Defendant CHURCH OF

SCIENTOLOGY INTERNATIONAL, INC., for the alleged

purpose of procuring and disseminating false and defamatory

allegations involving the Plaintiffs. These defendants tortuously

interfered with Plaintiffs advantageous contractual relationships

with Plaintiffs' clients and caused Plaintiffs to be victimized by

multiple frivolous suits. EHC-Defendants' objective was to bring

about economic ruin to Plaintiffs thereby impairing Plaintiff's

ability to protect Plaintiffs exclusive licensing of the Les Dane

Book coveted by CSI and the entire International Scientology

Economic Hate Crime Syndicate .

187.              **THE GAMMA ENTERPRISE**

consists of EHC-Defendant DENTALTOWN.COM, LLC.,  EHC-

Defendant ECONOMIC RESEARCH GROUP FLORIDA, EHC-

Defendant ECONOMIC RESEARCH GROUP NEW YORK,

EHC-Defendant INSTANT DATA RESEARCH, INC., EHC-

Defendant MICHAEL MAROON, EHC-Defendant SCOTT

INKS, EHC-Defendant CRAIG J. RYAN, EHC-Defendant

WARREN MCSHANE, EHC-Defendant DAVID CORNELL,

EHC-Defendant JIM SCHULTZ as additional EHC-Defendant

Defendants who placed and/or allowed defamatory material

regarding the Plaintiff to remain on their websites notwithstanding

Plaintiff's advice that the websites were carrying and thereby

disseminating false defamatory matters in derogation of Plaintiff's

rights.

188.       **THE DELTA ENTERPRISE**

consists of EHC-Defendant NORMAN F. TAYLOR, EHC-

Defendant GARY SOTER, EHC-Defendant ROBERT BRUCE

AMIDON, EHC-Defendant JOHN ARRASTIA, EHC-Defendant

SIMEON DANIEL BRIER, EHC-Defendant EDWARDS,

ANGELL PALMER & DODGE, LLP., EHC-Defendant DANIEL

DASHMAN, EHC-Defendant HELENA KEMPNER KOBRIN,

MOXON & KOBRIN, EHC-Defendant KENDRICK LICHTY

MOXON, EHC-Defendant AVA PAQUETTE, EHC-Defendant

ANTOINETTE THEODOSSAKOS, EHC-Defendant GARY

WOODFIELD, EHC-Defendant STEVEN SAMILOW, EHC-

Defendant DAVID SCHINDLER, EHC-Defendant THOMAS

MEEKS, EHC Defendant CARLTON FIELDS,   EHC-Defendant

ZUCKERMAN SPAEDER LAW FIRM, EHC-Defendant KENNY

NACHWALTER LAW FIRM, EHC-Defendant MICHAEL

NACHWALTER, EHC-Defendant WILLIAM HART, EHC-

Defendant AMERICAN ARBITRATION ASSOCIATION, EHC-

Defendant PROSKAUER ROSE LAW FIRM, EHC-Defendant

LATHAM & WATKINS, LLP  are attorneys and/or law firms

through their various entities have either defamed and prosecuted meritless claims and/or deliberately obscured facts as well manipulated court proceedings so as to deny the Plaintiff due process or to expose it to unnecessary legal expense and/or public ridicule outside of the Court system and upon an abuse of process within the Court system

189. Each of the above  RICO Enterprises  is an ongoing organization.

190. Each of  the EHC-Defendants participates in the Enterprise as designated above  and is a part of it; however, the EHC-Defendants also have an existence separate and distinct from the Enterprise.

191. The EHC-Defendants maintain an interest in and control of their designated Enterprise and also conduct or participate in conducting the specific Enterprise's affairs through a pattern of racketeering activity as alleged herein.

192. The EHC-Defendants' control and participation in the Enterprise is both  vital and  necessary for the successful operation of the EHC-Defendants schemes.

193. The Enterprise has an ascertainable structure separate and apart from the pattern of racketeering activity in which the EHC-Defendants have and continue to engage.

194. With respect to the activities alleged herein, each of the  EHC-Defendants acted at all times with malice toward the Plaintiff, intent to engage in the

conduct complained of for the benefit of the EHC-Defendants and with knowledge that such conduct was illegal or unlawful. Such conduct was done with actionable wantonness and reckless disregard for the rights of Plaintiff, as well as the laws to which the EHC-Defendants are subject, the same amounting to actionable wantonness.

195. With respect to the activities alleged herein, each EHC-Defendant in committing those activities within the meaning of 18 U.S.C. § 2, was seeking to aid and abet and adding and abetting a transaction to violate 18 U.S.C. § 1962 (a), (b), and (c).

196. Each EHC-Defendant also agreed to the operation of the transaction or artifice to deprive Plaintiff of property interests. In furtherance of these agreements, each EHC-Defendant also agreed to interfere with, obstruct, delay or affect interstate commerce by attempting to obtain and/or actually obtaining property interests to which the EHC-Defendants are not entitled. In fact, EHC-Defendants have taken away Plaintiff's income, Plaintiff CDI control.

197. With respect to the overt acts and activities alleged herein, each EHC-Defendant conspired with the others to violate 18 U.S.C. § 1962 (a), (b), and (c), all in violation of 18 U.S.C. § 1962 (d). Each EHC-Defendant also agreed and conspired with each other EHC-Defendant to participate, directly or indirectly, in interfering with, obstructing, delaying or affecting commerce by attempting to obtain and/or actually obtaining property interests to which the EHC-Defendants are not entitled.

198. The numerous predicate acts of mail and wire fraud, extortion, and other acts described herein are part of separate fraudulent transactions by the EHC-Defendants designed to defraud the Plaintiff of money and property interests under false pretenses. As victims of these unlawful patterns of illegal activity, Plaintiff has suffered and continues to suffer losses as a result of these activities.

199. In carrying out the overt facts and fraudulent transaction described above, the EHC-Defendants engaged in, inter alia, conduct in violation of federal laws, including mail fraud, wire fraud, bribery, and prosecution of frivolous and/or meritless claims against Plaintiff as well as defaming Plaintiff. All of EHC-Defendants actions were designed to bring Plaintiff's to bankruptcy thereby creating an opportunity for the EHC-Defendant's to destroy Plaintiff's advantageous relationship with the Dane Estate and Plaintiff's exclusive license agreement to utilize the works of Les Dane. EHC-Defendants intent was to procure said works for EHC-Defendants own benefit and destroying Plaintiff in the process. EHC-Defendants acts were violations of Title 18 U.S.C. § 201 (relating to bribery) Section 659 relating to theft from interstate shipment, Section 1344 (relating to financial institution fraud), Section 1503 (relating to obstruction of justice), Section 1513 relating to tampering with a witness, Section 1513 relating to retaliation against a witness, Section 1951 relating to interference with commerce, Section 1952 relating to racketeering, Section 1957 relating to engaging in monetary transactions and property derived from specified unlawful activity.

74

200. For the purpose of executing and/or attempting to execute their transaction to defraud and to obtain money by means of false pretenses, representations or promises, the EHC-Defendants, violation of 18 U.S.C. § 1341, placed in post offices and/or authorized repositories for mail matter and things to be sent or delivered by the Postal Service and received matter and things therefrom including but not limited to contracts, instructions, correspondence and others. Including upon information and belief corruption to Court officers, bribery and improper communications to Court officers for the intended and desired affect to influence Court officers to disregard the law to the sole benefit of the EHC-Defendants without conducting a fair and impartial hearing and without conducting a fair and impartial bankruptcy proceeding.

201. For the purpose of executing and/or attempting to execute their transaction to defraud and to obtain money by means of false, pretenses, representations or promises, the EHC-Defendants in violation of 18 U.S.C. § 1343, transmitted and received by wire matter and things there from including but not limited to contracts, instructions, correspondence, funds, and others.

~~202.~~202. In those matters and things sent or delivered by the Postal Service, by wire and through other interstate electronic media, the EHC-Defendants falsely and fraudulently misrepresented and fraudulently suppressed material facts from Plaintiffs as described above, in violation o 18 U.S.C. § 1341 and 1343, including but not limited to the following:  a fraudulent report sent to the California Attorney General by  Norman Taylor and promulgated by the EHC-Defendants as  co-conspirators in conspiracy phases 5-6-7-8 and such

use of wire and bank records upon information and belief to corrupt the system (See Chart p. 28)

203. The EHC-Defendants intentionally and knowingly made these material misrepresentations and intentionally and knowingly suppressed material facts from Plaintiff, for the purpose of deceiving him and thereby obtaining financial gain. The EHC-Defendants either knew or recklessly disregarded that the misrepresentations and omissions described above were material. Plaintiff justifiably relied on the misrepresentations and omissions in carrying out the transactions ).

204. Plaintiff has therefore been injured in his business and property by the EHC-Defendants' overt acts and racketeering activities.

205. As set forth more specifically herein, the EHC-Defendants have engaged in a "pattern of racketeering activity," as defined in 18 U.S.C.. § 1961 (5), by committing and/or conspiring to or aiding and abetting a transaction for at least two such acts of racketeering activity, as described above, within the past ten years. Each such act of racketeering activity was related, had similar purposes, involved the same or similar participants and methods of commission, and had similar results impacting upon similar victims, including Plaintiff.

206. The multiple acts of racketeering activity committed and/or conspired to or aided and abetted by EHC-Defendants, as described herein, were related to each other and amount to and pose a threat of continued racketeering activity, and, therefore, constitute a "patter of racketeering activity," as defined in 18 U.S.C § 1961 (5).

207.  Plaintiff has therefore been injured in their business or property as a result of EHC-Defendants' overt acts and racketeering activities as described above and throughout this Complaint.

208   18 U.S.C. § 1962 (a) provides that, "It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of § 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect interstate or foreign commerce."

209.  The EHC-Defendants' acts alleged herein amount to an overt and fraudulent transaction to acquire an interest in, or the establish or operation of, an Enterprises which is engaged in interstate commerce, using or investing, directly or indirectly, part of the income, or the proceeds or such income, gained from the pattern of racketeering activity alleged herein. The EHC-Defendants' acts amount to an overt and fraudulent scheme to deprive Plaintiff of business or property rights, including money and other property to which Plaintiff is entitled, which EHC-Defendants have used to acquire an interest in and/or to establish the enterprise.

210.  18 U.S.C. § 1962 (b) provides, "It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in control or any enterprise which is engaged in, or the activities of which affect, interstate or foreign

77

commerce." Alpha Enterprise Beta Enterprise and/or Gamma Enterprise and/or Delta Enterprise.

211.  The EHC-Defendants through a pattern of racketeering activity or through collection of an unlawful debt acquired or maintained, directly or indirectly, an interest in or control of Enterprise and/or Alpha Enterprise and/or Beta Enterprise and/or Gamma Enterprise and/or the Delta Enterprise activities of which affect, interstate or foreign commerce by proceeding to attempt collection based upon fraudulent representations and a fraudulently obtained Judgments in the State of California and Florida.

212.   18 U.S.C.A § 1962 (c) provides that it "shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

213.  The EHC-Defendants employed by or associated with the Enterprise and/or Alpha Enterprise and/or Beta Enterprise, or the activities of which affect, interstate or foreign commerce to conduct or participate, directly or indirectly, in the conduct or such Enterprise's affairs through a pattern of racketeering activity by SOLICITING CDI CLIENTS AND AFFILIATED COMPANIES in separate and distinct locations including Colorado, Alaska and  California TO SUE THE PLAINTIFFS through the same attorneys  in Florida.

214. The EHC-Defendants have acted at all times with malice towards Plaintiffs in their efforts to acquire and maintain an interest in one or more Enterprises that affect interstate commerce.

215. EHC-Defendants have caused corruption of the State Court system through improper acts upon EHC-Defendant Judge Richard Eade as alleged above, which he permitted to occur and upon information and belief bribery.

216. EHC-Defendants have caused corruption in the Bankruptcy system through improper acts upon EHC-Defendant Judge John K Olson as alleged above, which he permitted to occur and upon information and belief bribery

217. In carrying out the overt acts, corrupt acts and fraudulent transactions described above, the EHC-Defendants have engaged in conduct in violation of federal laws, including inter alia 18 U.S.C. § 1341 and 1343, 18 U.S.C. § 1341 and 1346, 18 U.S.C. § 1343 and 1346, and 18 U.S.C. § 1961 et seq. as set forth more fully above.

218. Therefore, the EHC-Defendants have engaged in "racketeering activity," as defined in 18 U.S.C. § 1961 (1)

219. As a proximate result of the EHC-Defendants' unlawful patter of illegal conduct as described above, Plaintiff has been injured in their business or property as described above.

220. Plaintiff's damages include but are not limited to:

      i.  Loss of income

     ii.  Loss of reputation

    iii.  Loss of control of the Les Dane book

      iv.  Loss of Customers

      v.  Loss of business

      vi.  Having to file bankruptcy

      vii.  Not having the bankruptcy conducted properly

      viii.  Denial of Due process

      ix.  Loss of Plaintiff CDI

      x.  Legal fees and expenses

      xi.  Other damages and determined through discovery

221. Plaintiff has engaged the undersigned attorney and agreed to pay said attorney a reasonable fee. Plaintiff is entitled to attorney fees under the applicable Rico statutes.

222. Plaintiff seeks treble damages under the applicable Rico statutes against the EHC-Defendants jointly and severally.

WHEREFORE, Plaintiff demands judgment in favor of Plaintiff against each EHC-Defendant named jointly and severally, for actual damages in an amount to be proven at trial, plus treble damages per Rico Statutes, attorneys' fees per Rico Statutes, pre judgment interest and costs.

# COUNT II: FEDERAL RICO CONSPIRACY

Plaintiff repeats and realleges all of the allegations, 1-222 as set forth above and further allege the following:

223. The claim for relief arises under 18 U.S.C. § 1964 (a) and seeks relief from the EHC-Defendants' activities herein for violations of 18 U.S.C. § 1962 (d) for their conspiring to violate 18 U.S.C. § 1962 (a), (b), and (c).

224. 18 U.S.C.A § 1962 (d) provides, "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (1), (b), or (c) of this section."

225. The success of EHC-Defendants' schemes depends on the EHC-Defendants' joining together. Acting jointly, EHC-Defendants have and have had greater power, have been able to exert greater influence, have been able to successfully engage in the activities set forth herein, and have and have had greater ability to conceal their activities.

226. EHC-Defendants have violated § 1962 (d) by conspiring to violate 18 U.S.C. § 1962 (b). The object of this conspiracy has been and is attempted defamation as alleged in Count III below and financial ruin upon Plaintiff.

227. Each of the EHC-Defendants have violated § 1962 (d) by conspiring to violate 18 U.S.C § 1962 (a). The object of this conspiracy has been to acquire, maintain, directly and indirectly any interest or control any enterprise which is engaged in, or the activities of which affect interstate or foreign commerce by virtue or EHC-Defendant's attempts to destroy Plaintiff's exclusive power of attorney and control over the license agreement with the Dane Estate.

228. EHC-Defendants have also violated § 1962 (d) by conspiring to violate 18 U.S.C. § 1962 (c). The object of this conspiracy has been the defamation of the destruction of Plaintiff.

229. The EHC-Defendants have engaged in numerous overt and predicate fraudulent racketeering acts in furtherance of the conspiracy including systemic

fraudulent practices designed to defraud Plaintiff of money and other property interests.

230. The nature of the above described acts, material misrepresentations and omissions in furtherance of the conspiracy gives rise to an inference that the EHC-Defendants not only agreed to the objective of an 18 U.S.C. § 1962 (d) violation by conspiring to violate 18 U.S.C. § 1962 (a), (b) and (c) but they were aware that there ongoing fraudulent acts have been and are part of an overall patter of racketeering activity.

231. As a direct and proximate result of the EHC-Defendants' overt acts and predicate acts in furtherance of violating 18 U.S.C. § 1962 (d) by conspiring to violate 18 U.S.C. § 1962 (a), (b) and (c) Plaintiff has been and are continuing to injured in their business or property as set forth more fully above.

232. The EHC-Defendants have sought to and have engaged in the commission of and continue to commit over acts and the above-described unlawful racketeering predicate acts that have and continue to generate income or proceeds received by EHC-Defendants from such pattern of racketeering activity.

233. As a proximate result of EHC-Defendants' conduct as described above, Plaintiff have been injured in their business or property including but not limited to:

    a. Loss of income

    b. Loss of reputation

    c. Loss of control of the Les Dane book

       d.  Loss of Customers

       e.  Loss of business

       f.  Having to file bankruptcy

       g.  Denied a right to proceed in bankruptcy

       h.  Denial of Due Process

       i.  Loss Of Plaintiff CDI

       j.  Legal expenses and costs

       k.  Other damages and determined through discovery

WHEREFORE, Plaintiff demand judgment in favor of Plaintiff against each EHC-Defendant named jointly and severally, for actual damages in an amount to be proven at trial, treble damages per Rico statutes, <u>attorneys' fees per Rico Statutes, pre judgment interest and costs</u>.

# COUNT III:  DEFAMATION

Plaintiff re-alleges the allegations contained in paragraphs 1-181 above as though they are herein set forth.

234.   This is a cause of action for defamation of libel per se.

235.   Each of the EHC-Defendants made false and unprivileged publication[s] by letter, by internet posting and otherwise about  Plaintiff  to third parties. Attached hereto  To the extent that the Plaintiff is "private individuals," the EHC-Defendant publishers acted negligently.  To the extent that the Plaintiff is a  public figure,  the EHC-Defendant publishers acted intentionally and with willful disregard.

236.   These publications exposed  Plaintiff  to distrust, hatred, contempt, ridicule or obloquy, which caused Plaintiff to be avoided.

237.   These publications exposed  Plaintiff  to distrust, hatred, contempt, ridicule or obloquy, which  tended  to injure and did injure Plaintiff  in his   occupation, business or employment.

238.   To the extent the natural and proximate consequence of these publications necessarily caused injury to Plaintiff  in his  respective  personal, social, official or business relations of life, wrong and injuries are presumed or implied and such publication is actionable per se.

239.  As a proximate result of EHC-Defendants' conduct as described above, Plaintiff has been injured in their business or property including but not limited to:

      a. Loss of income

      b.   Loss of reputation

      c. Loss of control  of the Les Dane book

      d.   Loss of Customers

      e.   Loss of business

      f.   Having to file bankruptcy

      g.   Denied the right to proceed in bankruptcy

      h.   Denied Due Process

      i.   Loss of Plaintiff CDI

      j.   Legal expenses and costs

      k.   Other damages and determined through discovery

WHEREFORE, Plaintiff demands judgment in favor of Plaintiff against each EHC-Defendant named herein jointly and severally, for actual damages in an amount of $250 million(US) to be proven at trial, plus , and costs.

# COUNT IV:  CONSPIRACY TO DEFAME

Plaintiff realleges the allegations contained in paragraphs 1-181 and 234-239 as though they are herein set forth and would allege.

240. This is a cause of action for conspiracy to defame and libel.

241. The EHC-Defendants agreed  to publish and cause to be published false statements about Plaintiff.   The EHC-Defendants  defamed and libeled Plaintiff. by  stating  and/or inferring that Plaintiff perpetrated  to do an unlawful act or to do a lawful act by unlawful means,

242. The EHC-Defendants committed the  following respective overt acts in pursuance of the conspiracy:

    A.     Numerous acts of libel on the internet [See exhibits]

    B.     Multiple contacts with clients of Plaintiffs  falsely accusing Plaintiffs of violations of California  Seller Assisted Marketing Plan

243. As a proximate result of EHC-Defendants' conduct as described above, Plaintiffs have been injured in their business or property including but not limited to:

    a.  Loss of income

    b. Loss of reputation

    c. Loss of control of the Les Dane book

    d.  Loss of Customers

    e.  Loss of business

    f.   Having to file bankruptcy

    g.   Loss of Plaintiff CDI

    h.   Legal expenses and costs

i. Other damages and determined through discovery

    244.  To the extent that a EHC-Defendant   is an agent, officer or employee of a corporation with whom he or she conspired, the EHC-Defendant, agent, officer employee had a personal  stake in the activities that is separate and distinct from the EHC-Defendant/corporation's interest.

WHEREFORE Plaintiff prays for the entry of this Honorable Court for judgment jointly and severally against each EHC-Defendant herein and damages in excess of the minimum jurisdictional limits of this Court plus court costs, s and such other and further relief as this Court may deem just and proper.

# COUNT V:  INDEPENDENT TORT OF CONSPIRACY

Plaintiff re-alleges his allegations contained in paragraphs 1-244 above as though they are herein set forth.

245.   This is a cause of action for the independent tort of conspiracy.

246.  The EHC-Defendants/Scientologists and their business entities act through force of numbers of individuals and entities acting in unison. The  EHC-Defendants have established their separate Enterprises as more particularly shown on Page 31 Chart and as alleged in Count I as to each Enterprise.

247. The Defendants/Scientologists/conspirators have and exert a peculiar power of coercion possessed by the conspirators by virtue of their combination, which power an individual would not possess.

248 The EHC-Defendants/Scientologists harbor a malicious motive TO DESTROY PLAINTIFF by the use of the Enterprises and by the Defamation set forth above.

249. The EHC-Defendants/Scientologists (The International Scientology Economic Hate Crime Syndicate ) wield economic influence over their members and their former members.

250. The EHC-Defendants/Scientologists(The International Scientology Economic Hate Crime Syndicate ) keep large war chests to fight those who dare to challenge them, including Plaintiff and others.

251. The EHC-Defendants and each of them conspired together to harm the Plaintiff by depriving the Plaintiff of his ability to earn a living by the RICO actions alleged above and the defamations actions alleged above to benefit each other at the expense of the Plaintiff.

252 EHC-Defendants have further conspired to corrupt the Court system by influencing and corrupting both EHC-Defendant Judge Eade, EHC-Defendant Judge Olson and EHC-Defendant Marika Tolz to deny Plaintiff any due process rights or the right to a fair and neutral legal proceeding. EHC-Defendants upon information and belief have communicated with, bribed, influenced, directed, the Court officers to disregard their official duties and be directed by EHC-Defendants through the Enterprises described above to take away Plaintiff CDI and its assets from the control of the Plaintiff, to the benefit of EHC-Defendants without any due process and without a disclosure of the corruption.

253. As a proximate result of EHC-Defendants' conduct as described above, Plaintiff has been injured in their business or property including but not limited to:

    a.  Loss of income

    b.  Loss of reputation

    c.  Loss of control of the Les Dane book

    d.  Loss of Customers

    e.  Loss of business

    f.  Having to file bankruptcy

    g.  Loss of Plaintiff CDI

    h.  Denied due process

    i.  Having no bankruptcy proceedings

    j.  Legal expenses and costs

    k.  Other damages and determined through discovery

WHEREFORE Plaintiff prays for the entry of this Honorable Court for judgment and damages in excess of the minimum jurisdictional limits of this Court against all EHC-Defendants named, jointly and severally, plus court costs, and such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

On all triable issues above, Plaintiffs demand a jury trial.

I HEREBY CERTIFY ON THIS 24 DAY OF OCTOBER 2008 THAT A COPY OF THIS AMENDED COMPLAINT WAS SERVED UPON ALL SERVED PARTIES BY ELECTRONIC NOTICE.

Law Offices of Charles D. Franken PA
8181 West Broward Blvd Suite 360
Plantation, Florida 33324
Telephone 954 476-7200
E Mail  Frankencdf@aol.com

By: CHARLES D. FRANKEN /S/
CHARLES D. FRANKEN   224251