UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-CV-61109-ZLOCH/SNOW

PETER LETTERESE, Individually,

    Plaintiffs,

v.

THE CHURCH OF SCIENTOLOGY INTERNATIONAL,
INC. (CSI); SCIENTOLOGY OFFICE OF SPECIAL
AFFAIRS INTERNATIONAL; TOM CRUISE;
SIMEON DANIEL BRIER; ROBERT
BRUCE AMIDON; JOHN ARRASTIA; EDWARDS,
ANGELL PALMER & DODGE, LLP; SCOTT BRODY;
DAVID CORNELL; DANIEL D. DASHMAN; LISA
DASHMAN; WILLIAM HART; MIKE ELLIS;
HOWARD FARRAN, ANNE MARIE GRIFFIN; STEVEN
SAMILOW; WILLIAM RICHARD HOWARD;
EUGENE M. INGRAM; SCOTT INKS; HELENA
KEMPNER KOBRIN; MOXON & KOBRIN; DAVID
LUBOW a/k/a DAVID LEBEAU; MICHAEL MAROON;
WARREN MCSHANE; THOMAS MEEKS; CARLTON
FIELDS PA; DAVID MISCAVAGE; MICHAEL
NACHWALTER; KENNY NACHWALTER PA;
MICHAEL MIDDLETON; KENDRICK LICHTY
MOXON; AVA PAQUETTE; DOUGLAS NESS;
FLORA NESS; CRAIG J. RYAN;MARC SCHWARTZ;
NORMAN F. TAYLOR; ANTOINETTE
THEODOSSAKOS; GARY WOODFIELD; BRIDGE
PUBLICATIONS; MARILYN PISANI; CHURCH OF
SCIENTOLOGY FLAG SERVICE ORGANIZATION,
INC.; CHURCH OF SCIENTOLOGY
INTERNATIONAL, INC.; CHURCH OF
SCIENTOLOGY, MISSION OF FT. LAUDERDALE,
INC.; CHURCH OF SCIENTOLOGY OF FLORIDA,
INC.; CHURCH OF SPIRITUAL TECHNOLOGY, INC.;
DENTALTOWN.COM LLC; ECONOMIC RESEARCH
GROUP FLORIDA; ECONOMIC RESEARCH GROUP
INC. NY; STEVEN SAMILOW; DAVID SCHINDLER;
JIM SCHULTZ; GARY SOTER; AMERICAN
ARBITRATION ASSOCIATION; INSTANT DATA
RESEARCH, INC.; SCIENTOLOGY MISSIONS
INTERNATIONAL, INC.; WORLD INSTITUTE OF
SCIENTOLOGY ENTERPRISES, INC.;
PROSKAUER ROSE; ZUCKERMAN
SPAEDER, LATHAM & WATKINS, LLP, JOHN
GENOVESE; BARRY GRUHER; GENOVESE,
JOBLOVE & BATTISTA PA; MARIKA TOLZ;
ALAN PERLMAN; J ADORNO & YOSS PA;
HONORABLE JUDGE JOHN K. OLSON;
HONORABLE JUDGE RICHARD EADE,

    Defendants.

PMB 359376.2

*Peter Letterese v. The Church of Scientology International, Inc. (CSI), et al.*
Case No. 08-CV-61109-ZLOCH/SNOW
Defendants' Motion for Sanctions and Incorporated Memorandum of Law

## DEFENDANTS' MOTION FOR SANCTIONS
## AND INCORPORATED MEMORANDUM OF LAW

Defendants Simeon Daniel Brier ("Brier") and Edwards Angell Palmer & Dodge LLP (EAPD) (collectively, "Defendants"), by and through their undersigned counsel, move this Court, pursuant to Federal Rule of Civil Procedure 11(c), for the imposition of sanctions against Plaintiff, Peter Letterese, individually ("Letterese") and Plaintiff's counsel, Charles D. Franken, Esq. ("Franken"), and Plaintiff's law firm, Law Offices of Charles D. Franken ("Law Offices"). As set forth below, Plaintiff and counsel for Plaintiff have asserted claims against Defendants that are unsupported by existing law, are frivolous, and lack any evidentiary support. In accordance with Rule 11(c)(2), Plaintiff's counsel received a copy of this motion more than 21 days prior to its filing and has failed to withdraw the claim.[1]

### Motion for Sanctions

According to Plaintiff, this action seeking $250 million in damages, stems from a purported "International Scientology Crime Syndicate" and its alleged co-conspirators. Plaintiff's 89-page Amended Complaint is replete with wild allegations regarding the "mobbing" activities of the "RICO Alpha, Beta, Gamma & Delta Enterprises," which are comprised of parties including The Church of Scientology International, Tom Cruise, and Defendants, among many others. Although it is difficult to sort through Plaintiff's ramblings, the heart of Plaintiff's "10 phase" conspiracy theory appears to be that the "International Scientology Crime Syndicate" developed an elaborate "plot" to obtain the intellectual property rights to a book regarding sales techniques written in 1971 by Leslie Achilles Dane, owned by Plaintiff. When Plaintiff, who

---

[1] Since receipt, Plaintiff has filed an Amended Complaint, which asserts the same claims against Brier and EAPD, still violating Rule 11(c)(2) as continuing to be unsupported by existing law, frivolous, and lacking in any evidentiary support.

Case 0:08-cv-61109-WJZ   Document 42   Entered on FLSD Docket 10/28/2008   Page 3 of 10

*Peter Letterese v. The Church of Scientology International, Inc. (CSI), et al.*
Case No. 08-CV-61109-ZLOCH/SNOW
Defendants' Motion for Sanctions and Incorporated Memorandum of Law

allegedly represents the Dane Estate, refused to give up the rights to the book, Plaintiff alleges that the "International Scientology Crime Syndicate" embarked upon a multi-million dollar campaign to destroy Plaintiff's economic viability and reputation.

It is unclear how the instant defendants, EAPD and Brier, fit into the conspiracy. Plaintiff alleges that Defendants are part of the "Delta Enterprise," which consists of attorneys and/or law firms who defamed and/or prosecuted meritless claims against Plaintiff. EAPD, through its attorney Brier, brought litigation against Plaintiff stemming from Plaintiff's contracts with co-defendants whom EAPD and Brier represented, Drs. Brody, Schwartz, and Ness. Defendants merely acted as counsel and/or law firm for their clients, seeking to recover damages against Plaintiff for breach of contract and related claims. Obviously, there were no ulterior or hidden motives to filing the lawsuits. In paragraph 143 of the Amended Complaint, Plaintiffs *admit* that the lawsuits filed by Defendants on behalf of Plaintiffs' former clients, Drs. Brody, Schwartz, and Ness, were **"not related to THE BOOK or to the operations of Scientology. . .**", which form the gravamen of Plaintiffs' claims against the Church of Scientology and related Defendants. Nonetheless, and in spite of this telling acknowledgment, Plaintiffs rely on a "Forensic Probability Analysis" which, according to Plaintiffs, suggest that the *probability* that Defendants' actions were independent from the overall conspiracy was "less than one in one trillion!" Amended Complaint, ¶¶ 11-14. However, Plaintiffs provide no logical basis for this contention.

Representing nothing more than a baseless conspiracy theory founded on a "probability analysis", Plaintiffs' claims are patently frivolous, lacking any evidentiary support, and are therefore sanctionable. See Fed. R. Civ. P. 11(c). In fact, by Plaintiffs' own admission, the lawsuits filed by Defendants were **"not related to THE BOOK or to the operations of**

Case 0:08-cv-61109-WJZ   Document 42   Entered on FLSD Docket 10/28/2008   Page 4 of 10

*Peter Letterese v. The Church of Scientology International, Inc. (CSI), et al.*
Case No. 08-CV-61109-ZLOCH/SNOW
Defendants' Motion for Sanctions and Incorporated Memorandum of Law

**Scientology...**" Amended Complaint, ¶ 143. Such a statement negates the entire argument made by Plaintiffs as to Defendants' participation or conspiracy with the other defendants.

### Memorandum of Law

Plaintiff and Plaintiff's counsel were served with this motion for sanctions more than 21 days before it was filed, but nonetheless failed to withdraw the challenged pleading.[2] Plaintiff and Plaintiff's counsel thus caused their claims to remain pending against Defendants despite the nonexistence of any evidentiary support for such claims. Accordingly, Defendants respectfully request that this Court sanction Plaintiff, Franken, and Franken's Law Offices in an amount equal to the total legal fees and costs incurred by Defendants in preparing this motion for sanctions, and otherwise in defending this action.

Plaintiff has recently filed for bankruptcy in this district under Chapter 13 of the Bankruptcy Code [Case No. 08-19642-RBR]. Plaintiff has obtained leave of the bankruptcy court to retain counsel to prosecute this action. The pendency of the bankruptcy proceedings does not affect a stay of any kind on Rule 11 proceedings. See Alpern v. Lieb, 11 F.3d 689, 690 (7th Cir. 1993) ("A litigant should not be allowed to delay the imposition of sanctions indefinitely by the expedient of declaring bankruptcy."); Berg v. Good Samaritan Hosp., 198 B.R. 557, 562 (BAP 9th Cir. 1996) (adopting the reasoning of *Alpern*).

Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part:

(b) Representations to the Court. By presenting to the court . . . a pleading, . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
. . .

---

[2] Since receipt, Plaintiff has filed an Amended Complaint, which asserts the same claims against Brier and EAPD, still violating Rule 11(c)(2) as continuing to be unsupported by existing law, frivolous, and lacking in any evidentiary support.

Case 0:08-cv-61109-WJZ   Document 42   Entered on FLSD Docket 10/28/2008   Page 5 of 10

*Peter Letterese v. The Church of Scientology International, Inc. (CSI), et al.*
Case No. 08-CV-61109-ZLOCH/SNOW
Defendants' Motion for Sanctions and Incorporated Memorandum of Law

> (3) the factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;
>
> . . .

(2008).

Rule 11 further provides that, upon finding a violation, this Court may impose sanctions, including an award to the prevailing party of the reasonable expenses, including attorney's fees, incurred for the motion. See Fed. R. Civ. P. 11(c)(2). Additionally, the sanction awarded should be of a nature sufficient to deter Plaintiff from filing such baseless actions in the future. See Fed. R. Civ. P. 11(c)(4). In light of the fact that this Amended Complaint is only one of *two* filed before this district in the last two months, the amount necessary to deter may be significant.

In determining whether the assertion of a claim violates Rule 11, courts apply an objective standard of reasonableness under the circumstances; subjective bad faith is not required. See e.g. Didie v. Howes, 988 F. 2d 1097, 1104 (11th Cir. 1993). Rule 11 is violated where a party files a pleading that has no reasonable factual basis. See id.

### Plaintiff's Amended Complaint lacks any factual and/or legal support and was brought for an Improper Purpose:

The Eleventh Circuit has described three independently sufficient types of conduct warranting the imposition of sanctions:

> (1) when a party files a pleading that has *no reasonable factual basis*;
>
> (2) when the party files a pleading that is based on a legal theory that has *no reasonable chance of success* and that *cannot be advanced as a reasonable argument* to change existing law; and
>
> (3) when the party files a pleading in *bad faith* for an *improper purpose*.

Didie v. Howes, 988 F. 2d 1097, 1104 (11th Cir. 1993) (emphasis added).

Case 0:08-cv-61109-WJZ   Document 42   Entered on FLSD Docket 10/28/2008   Page 6 of 10

*Peter Letterese v. The Church of Scientology International, Inc. (CSI), et al.*
Case No. 08-CV-61109-ZLOCH/SNOW
Defendants' Motion for Sanctions and Incorporated Memorandum of Law

There can be no dispute that the claims asserted against Defendants in this case are groundless and run afoul of the Rule 11 standard. The claims asserted by Plaintiff have no basis in fact whatsoever. In fact, Plaintiff's own Amended Complaint admits that mere *probability* forms the basis for assuming that Defendants' action are related to the Scientology conspiracy theory.

Even if Plaintiff and Plaintiff's counsel argue that they were unaware of these deficiencies when they drafted the Amended Complaint, they nonetheless became aware of these fatal deficiencies when counsel for Defendants so notified them upon service of this motion. Plaintiff's counsel undeniably had actual notice of the frivolous nature of the claims, yet he failed to withdraw the Amended Complaint. Rule 11 imposes on attorneys "a continuing obligation to ensure that the proceedings do not continue without a reasonable basis in law and fact." Cruz v. Savage, 896 F. 2d 626, 630 (1st Cir. 1990); Thomas v. Capital Security Services, Inc., 836 F.2d 866, 874 n. 9 (5th Cir.1988) (same); Kale v. Combined Ins. Co. of N. Am., 861 F. 2d 746, 758 (1st Cir. 1998) (same). Plaintiff's counsel failed to do so, and has thus violated subsection 3 of Rule 11(b).

Furthermore, Plaintiff clearly only seeks to harass and annoy the instant Defendants since their Amended Complaint attacks Brier and EAPD based only on the representation of their clients. To permit Plaintiff to bring such an action without sanction would provide a chilling effect among future clients in their ability to hire the counsel of their choice. Accordingly, Plaintiff's improper purpose and potential resulting chilling effect, warrant the imposition of sanctions under Rule 11.

Case 0:08-cv-61109-WJZ   Document 42   Entered on FLSD Docket 10/28/2008   Page 7 of 10

*Peter Letterese v. The Church of Scientology International, Inc. (CSI), et al.*
Case No. 08-CV-61109-ZLOCH/SNOW
Defendants' Motion for Sanctions and Incorporated Memorandum of Law

**Clear Violation of the *Rooker-Feldman* doctrine:**

Despite the fact that this Court obviously lacks subject-matter jurisdiction to hear their action based on the *Rooker-Feldman* doctrine, Plaintiff and Plaintiff's counsel filed their Amended Complaint anyway. *See Bates v. Harvey*, 518 F.3d 1233, 1240 (11th Cir. 2008) (explaining that the *Rooker-Feldman* doctrine affects a federal court's subject-matter jurisdiction). The *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (holding that lower federal courts could not entertain a proceeding to review substantive constitutional questions decided in a state court judgment); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (holding that Article III of the Constitution mandates that a claim of right denied by a judicial order of a state court may only be reviewed by the Supreme Court when federal questions are raised).

Plaintiff clearly attempts to violate the *Rooker-Feldman* doctrine as they are obviously "state-court losers" seeking review by this Court. Plaintiff's Amended Complaint blatantly seeks this Court's review of state court rulings and pending proceedings, where those state courts have already rejected Plaintiff's frivolous arguments. Accordingly, this Court lacks subject-matter jurisdiction in this action and Plaintiff and Plaintiff's counsel should be sanctioned for filing their Amended Complaint, since doing so constituted a clear violation of the *Rooker-Feldman* doctrine.

Case 0:08-cv-61109-WJZ   Document 42   Entered on FLSD Docket 10/28/2008   Page 8 of 10

*Peter Letterese v. The Church of Scientology International, Inc. (CSI), et al.*
Case No. 08-CV-61109-ZLOCH/SNOW
Defendants' Motion for Sanctions and Incorporated Memorandum of Law

For the foregoing reasons, Defendants seek to recover all of the legal expenses they have incurred in defending these spurious claims thus far, for any additional attorneys' fees incurred going forward prior to any award by this Court pursuant to this motion, and for any additional amount deemed sufficient to deter Plaintiff and Plaintiff's counsel and others similarly situated from such baseless filings in the future. Defendants will file affidavits in support of the fees incurred at the appropriate time. Defendants request that such fees be paid to them rather than to the Court, given the unfairness of causing it to bear the costs of defending a plainly frivolous case. See Silva v. Witschen, 19 F. 3d 725, 729, n. 5 (1st Cir. 1994) ("[I]t would be a gross injustice to deprive defendants-appellants of compensation for the costs caused by [sanctioned attorney's] reckless disregard for the requirements of Rule 11 despite the [defendant's] advance warning."); Rule 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.").

### Conclusion

The foregoing demonstrates that the Plaintiff's action is meritless. Accordingly, Defendants respectfully request that the Court order as follows:

(a) grant Defendants' Sanctions Motion;

(b) order Plaintiff, Plaintiff's counsel, and Plaintiff's counsel's law firm to pay the Defendants' reasonable attorneys' fees and costs incurred; and

(c) grant such other relief as this Court deems just and proper.

WHEREFORE, Defendants, Simeon Daniel Brier and Edwards Angell Palmer & Dodge LLP, respectfully request that this Court enter an order granting their motion for sanctions, imposing sanctions against Plaintiff, Plaintiff's counsel, and Plaintiff's counsel's law firm for

Case 0:08-cv-61109-WJZ   Document 42   Entered on FLSD Docket 10/28/2008   Page 9 of 10

*Peter Letterese v. The Church of Scientology International, Inc. (CSI), et al.*
Case No. 08-CV-61109-ZLOCH/SNOW
Defendants' Motion for Sanctions and Incorporated Memorandum of Law

Defendants' reasonable attorneys' fees and costs incurred, along with such other relief as this Court deems just and proper.

Respectfully submitted,

**EDWARDS ANGELL PALMER & DODGE LLP**
*Attorneys for Defendants, EDWARDS ANGELL PALMER & DODGE LLP, and SIMEON D. BRIER*
1 North Clematis Street, Suite 400
West Palm Beach, FL 33401
(561) 833-7700 Telephone
(561) 655-8719 Facsimile
sbrier@eapdlaw.com

By: ___s/Simeon D. Brier___
Simeon D. Brier
Fla. Bar No. 525782

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this 28th day of October, 2008, on all counsel of record or *pro se* parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically filed Notices of Electronic Filing.

___s/Simeon D. Brier___
Simeon D. Brier

*Peter Letterese v. The Church of Scientology International, Inc. (CSI), et al.*
Case No. 08-CV-61109-ZLOCH/SNOW
Defendants' Motion for Sanctions and Incorporated Memorandum of Law

# SERVICE LIST

**Charles David Franken**
8181 West Broward Boulevard
Suite 360
Plantation, FL 33324
954-476-7200
Fax: 954 424-0297
*Attorneys for Plaintiffs*
**(Via Notice of Electronic Filing)**

**Helena K. Kobrin**
Moxon & Kobrin
3055 Wilshire Blvd., Suite 900
Los Angeles, CA 90010
213-487-4468
Fax: 213-487-5385
*Attorneys for CSI and BPI*
**(Via Notice of Electronic Filing)**

**John H. Genovese**
Genovese Joblove & Battista
Bank of America Tower at International Place
100 Southeast Second Street, 44th Floor
Miami, FL 33131
*Attorneys for the Chapter 7 Trustee*
**(Via Notice of Electronic Filing)**

**Thomas Meeks, Esq.**
**Matthew Davidson, Esq.**
Carlton Fields, P.A.
4000 International Place
100 S.E. 2nd Street
Miami, FL 33131
305-530-0050
Fax: 305-530-0055
*Attorneys for CSI and BPI*
**(Via Notice of Electronic Filing)**